**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-cr-80160-DIMITROULEAS/MATTHEWMAN**

**UNITED STATES OF AMERICA**

v.

**CLAUDIA PATRICIA DIAZ GUILLEN,**

**Defendant.**
_____/



**UNOPPOSED MOTION FOR A LIMITED PROTECTIVE**
**ORDER REGULATING DISCLOSURE OF *JENCKS*/SECTION 3500 MATERIAL**
**AND SENSITIVE INFORMATION CONTAINED THEREIN**

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America files this motion for a protective order regulating disclosure of the *Jencks*/Section 3500 material in this case and certain sensitive information contained therein (the "Pre-Trial Detention Hearing Discovery"). The United States has conferred with counsel for the defendant, who has confirmed that she has no objection to the relief sought herein.

On December 15, 2020, a federal grand jury returned a superseding indictment charging the Defendant, Claudia Patricia Diaz Guillen, with one count of conspiracy to commit money laundering and two substantive counts of money laundering (DE 44). The Defendant was provisionally arrested in Spain in late December 2020, released on bond during her extradition proceedings, and was eventually extradited to the United States on May 12, 2022. On May 13, 2022, the Defendant made her initial appearance before the Court (DE 53). On May 17, 2022, the Court held the first part of the Defendant's pre-trial detention hearing (DE 57). At the pre-trial detention hearing, counsel for the defendant made an *ore tenus* motion for the *Jencks*/Section 3500 material of the Homeland Security Investigations special agent that was available for cross-

examination. This includes grand jury testimony which contains sensitive information concerning government witnesses and the evidence in the criminal case against the Defendant (the "Sensitive Information").

While the Court has not yet issued the Standing Discovery Order, the Government agrees to produce the *Jencks*/Section 3500 material containing the Sensitive Information prior to the cross-examination of the Government's witness at the pre-trial detention hearing. However, the Government seeks protections that will not impede the Defendant's ability to prepare for his defense, but merely will protect against the improper dissemination or use of the Sensitive Information. The Government respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the Sensitive Information in relation to the pre-trial detention hearing. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials.

The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

In light of the foregoing, the United States respectfully requests that the Court enter an order placing the following restrictions on the pre-trial detention discovery materials to be made available to the Defendant in this case:

1. Counsel for the government will provide the *Jencks*/Section 3500 material containing the Sensitive Information to counsel for the Defendant prior to the government's obligation to produce discovery in response to the standing discovery order in paper form;

2. Counsel for the Defendant shall not provide the *Jencks*/Section 3500 material to any person except as specified by the Court, nor make any copies of the *Jencks*/Section 3500 material;

3. *KKL* *MD* Counsel for the Defendant shall not disclose any of the information in the *Jencks*/Section 3500 material to anyone other than the named defendant, attorneys of record for the named defendant and attorneys or staff from that defense counsel's law office in order to prepare for the cross-examination of the government agent at the pre-trial detention hearing;

4. Counsel for the Defendant shall maintain a list of all individuals to which the information *MD KKL* contained in the *Jencks*/Section 3500 material was disclosed; but Not subject to disclosure to government

5. Counsel for the Defendant will return the hard copies of the *Jencks*/Section 3500 material at the conclusion of the pre-trial detention hearing; and

6. Counsel for the government and for the Defendant shall promptly report any known violations of the Court's order to the Court.

The undersigned has conferred with counsel for the Defendant and counsel for the Defendant has no objection to entry of the limited protective order sought.

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Limited Protective Order.

Respectfully submitted,

JUAN ANTONIO GONZLEZ
UNITED STATES ATTORNEY

By: */s/ Kurt K. Lunkenheimer*
Kurt K. Lunkenheimer
Assistant U.S. Attorney
Court ID No. A5501535
99 N.E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9008
Kurt.Lunkenheimer@usdoj.gov