**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-cr-80160-DIMITROULEAS**

**UNITED STATES OF AMERICA**

**v.**

**CLAUDIA PATRICIA DIAZ GUILLEN,**

    **Defendant.**

                                             /

**GOVERNMENT'S RESPONSE IN OPPOSITION TO CLAUDIA DIAZ'S**
**MOTION TO DISMISS COUNTS 2, 9, AND 10 OF THE SUPERSEDING INDICTMENT**
**AND REQUEST FOR AN EXPEDITED HEARING**

The United States, by and through its undersigned attorneys, hereby responds in opposition to defendant Claudia Patricia Diaz Guillen's ("Defendant" or "Diaz") Joint Motion to Dismiss Counts 2, 9, and 10 of the Superseding Indictment and Request for an Expedited Hearing. [DE 77].[1] Defendant argues, *inter alia*, that Counts Two, Nine, and Ten of the Superseding Indictment [DE 44], which allege that she conspired to commit money laundering and that she aided and abetted the laundering of funds into the United States, are legally defective because (1) Defendant was not physically present in the United States when the agreement or transactions charged in Counts Two, Nine, and Ten took place; (2) she did not initiate or receive the transactions charged in Counts Nine and Ten; and (3) Counts Two, Nine, and Ten fail to charge an offense because they fail to state the specific Venezuelan law that the financial transactions promoted. In

---

[1] The Government separately filed a motion to strike Adrian Jose Velasquez Figueroa from the joint motion on fugitive disentitlement grounds [DE 84.] which this Court granted on July 1, 2022. [DE 86.] As such, this response in opposition is limited to Diaz.

1

summary, she asserts that the Superseding Indictment fails to allege facts sufficient to fall within the Money Laundering Control Act's ("MLCA") extraterritoriality provision and fails to properly charge an offense.

Defendant's arguments fail because the government has properly pleaded its allegations; the Superseding Indictment needs nothing more than to track the statutory language and provide a time and date for the defendant's criminal conduct. *See United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020) (noting that the standard for whether an indictment sufficiently alleges a crime is not demanding). Furthermore, the government submits that Defendant's conduct falls squarely within the reach of the express extraterritorial provision of the MLCA. For these and the reasons below, Defendant's motion to dismiss and request for an expedited hearing should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2020, a federal grand jury in the Southern District of Florida returned a Superseding Indictment charging Diaz and her husband, Adrian Jose Velasquez Figueroa ("Velasquez"), each with one count of conspiring to launder money, in violation of 18 U.S.C. § 1956(h), and two substantive counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2. [DE 44.] These charges arose from Velasquez's and Diaz's roles in a bribery and money laundering scheme.[2] In furtherance of the scheme, it is alleged that Velasquez

---

[2] Another co-conspirator, Raul Gorrin Belisario ("Gorrin") was charged in the original Indictment filed on August 17, 2018, with one count of conspiracy to violate the Foreign Corrupt Practices Act ("FCPA"), in violation of Title 18, United States Code, Section 371, one count of conspiring to launder money, in violation of 18 U.S.C. § 1956(h), and nine substantive counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2. [DE 3.]

2

and Diaz sought to unlawfully enrich themselves and their co-conspirators by accepting bribe payments, as Diaz was a Venezuelan government official, to ensure that co-conspirators were able to obtain improper business advantages, including the approval of foreign currency exchange contracts, and then to promote that bribery scheme through financial transactions that occurred, in part, in the United States.

The Superseding Indictment alleges, in part, that from in or around 2008 through in or around 2017, Gorrin, Diaz, Velasquez, and their co-conspirators engaged in a corrupt scheme in connection with foreign currency exchanges conducted for the Venezuelan government.   In total, Gorrin paid hundreds of millions of dollars in bribes to foreign officials, including two consecutive National Treasurers in Venezuela—Alejandro Andrade Cedeno ("Andrade")[3]  and Diaz, in order to secure the rights to engage in over $1 billion in foreign currency exchange transactions that resulted in profits to Gorrin of hundreds of millions of dollars.  The Superseding Indictment further alleges that Gorrin, Diaz, and Velasquez engaged in two substantive counts of money laundering, specifically, wire transfers from Switzerland to the Southern District of Florida involving over $4.2 million.

---

[3] Andrade pleaded guilty to a one count criminal information charging him with conspiracy to commit money laundering on December 22, 2017.  For his conduct, the court entered a money judgment of $1 billion and he was sentenced to 10 years in prison on November 27, 2018. Pursuant to Fed. R. Crim. P. 35, Andrade's sentence was reduced to 42 months, and he was released from prison on February 16, 2022.  *United States v. Andrade*, 17-CR-80242-RLR (S.D. Fla. Dec. 22, 2017)

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 7(c)(1)

An indictment need only be a "plain, concise, and definite written statement of the essential facts constituting the offense charged" and "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). In general, an indictment need contain only those facts and elements of the alleged offense necessary to sufficiently inform the accused of the charge and to safeguard the accused from double jeopardy. *See Hamling v. United States*, 418 U.S. 87, 117 (1974) ("an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which [s]he must defend, and, second, enables [her] to plead an acquittal or conviction in bar of future prosecutions for the same offense").

Federal Rule of Criminal Procedure 12(b)(3)(B) provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). "In judging the sufficiency of the indictment, the court must look to the allegations and, taking the allegations to be true, determine whether a criminal offense has been stated." *United States v. Fitapelli*, 786 F.2d 1461, 1463 (11th Cir. 1986); *see also United States v. Poirier*, 321 F.3d 1024, 1029 (11th Cir. 2003) (noting that when analyzing challenges to the sufficiency of an indictment, "the appropriate test is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards.")(quoting *United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. 1981).

In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes. *See United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). "[A] court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). Under Fed. R. Crim. P. 12(b), an indictment may be dismissed, however, where there is an infirmity of law in the prosecution. *Torkington*, 812 F.2d at 1354 (citing *United States v. Korn*, 557 F.2d 1089, 1090-91 (5th Cir. 1977)). An indictment fails as a matter of law if the defendant's charged conduct, even if true, does not violate the statute or provision cited in the indictment. *United States v. Berdeal*, 595 F. Supp. 2d 1326, 1329 (S.D. Fla. 2009).

**ARGUMENT**

**Defendant's Motion to Dismiss Counts Two, Nine and Ten Should be Denied**

Defendant's arguments regarding Counts Two, Nine, and Ten should be rejected. Defendant claims that the money laundering counts (both substantive and conspiracy) fall outside the MLCA's extraterritoriality provision and fail to state an offense because: (1) Defendant did not commit any money-laundering conduct in the United States [DE 77 at 9-15.]; (2) Defendant did not enter into a conspiratorial agreement in the United States [DE 77 at 11-13.]; (3) Defendant did not participate in the transfers charged in Counts Nine and Ten [DE 77 at 15-16.]; and (4) Defendant did not receive proper notice of one of two specified unlawful activities underlying the money laundering charges. [DE 77 at 17-18.] Defendant bases her arguments, in part, on an incorrect interpretation of Section 1956(f), reading it to require—contrary to its plain language—that Defendant be physically present in the United States when the transactions charged in Counts

Nine and Ten were made, or that she made them.   Likewise, Section 1956(f)'s extraterritorial reach applies to money laundering conspiracies under Section 1956(h), as charged in Count Two, and therefore Defendant need not have traveled to the United States.   Defendant also ignores facts and charges pled in the Superseding Indictment, including that Defendant both *caused, and aided and abetted,* the making of the wire transfers in violation of 18 U.S.C. § 2.   Finally, Defendant is not charged with an offense against a foreign nation or the underlying specified unlawful activity. She is charged with conspiring to launder money in order to promote such specified unlawful activity.   As such, the Superseding Indictment, as drafted, provides sufficient notice of the specified unlawful activity.

    A.    <u>Counts Nine and Ten Properly Charged Money Laundering Transactions Falling Within the Extraterritoriality Provision of the Money Laundering Control Act, 18 U.S.C. § 1956(f)</u>

According to Defendant, Counts Nine and Ten fail because the Superseding Indictment does not allege that Diaz committed any money-laundering conduct in the United States and therefore, the Superseding Indictment impermissibly charges an extraterritorial offense.   [DE 77 at 3, 9-10.]   More specifically, she complains that the Superseding Indictment does not allege that she was involved in "any conduct in the United States" at the time of the transactions listed in Counts Nine and Ten and that the alleged transfers of money were not "transferred, transported, or transmitted" by Defendant. [DE 77 at 3-4.]

These arguments fail for a number of reasons, but first among them is the plain language of the statute.   The extraterritorial jurisdiction provision of the money laundering statute, 18 U.S.C. § 1956(f), provides:

There is extraterritorial jurisdiction over the conduct prohibited by this section if—

6

> (1) the conduct is by a United States citizen or, *in the case of a non-United States citizen, the conduct occurs in part in the United States*; and
>
> (2) the transaction or series of related transactions involves funds or monetary instruments of a value exceeding $10,000."

18 U.S.C. § 1956(f) (emphasis added). In interpreting Section 1956(f), Defendant both ignores the plain language of the statute as written, and she grafts new language onto the statute. Ultimately, Defendant's rebuilt version of the statute renders it meaningless.

First, Defendant fails to acknowledge that the statute only requires that "part" of the money laundering "conduct" occur in the United States, rather than all of the conduct. In making this distinction, the statute implicitly acknowledges that the prohibited money laundering conduct is not just one act, such as only the sending or receipt of a wire in the United States. The statute defines the terms "conducts," "transaction," and "financial transaction." 18 U.S.C. 1956(c)(2)-(4). Those definitions establish that the verb "conducts" as used in subsections (a)(1) and (a)(3) extends to "initiating, concluding, or participating in initiating, or concluding" the relevant transaction. 18 U.S.C. 1956(c)(2). The term "conducts" involves multiple parts, some of which may be occurring in the United States and some not. For instance, in a cross-border wire transfer, the sending of the wire may be occurring in the United States, but obviously the receipt of the wire would be happening somewhere else, so that the prohibited conduct, the wire transfer, is happening "in part in the United States" and in part elsewhere. Defendant would focus solely on the portion of the money laundering conduct occurring in the United States, as if that encompassed the entirety of the money laundering conduct, and claim that what she did outside the United States, therefore,

7

does not fall within the statute. This view directly conflicts with the statute's acknowledgement that "part" of the money-laundering "conduct" is happening outside the United States.

Defendant's contention that she must be physically present in the United States at the time of the money laundering conduct and that she personally perform that conduct in the United States would add two entirely new requirements to the plain language of Section 1956(f). Nowhere in Section 1956(f) does it state that Defendant must herself be present in the United States and that she personally be the one to send or receive the funds in the United States. The statute also does not state that it must be Diaz's own bank account that sends or receives the funds, as she suggests. (*See* DE 77 at 14-15 (arguing that it was Gorrin's accounts that sent and received the funds and not Diaz's)).

Consistent with the plain language of the statute, courts interpreting Section 1956(f) have not required a defendant to be physically present in the United States, requiring only that some part of the *conduct* occur here. The requirements for extraterritorial jurisdiction are met when part of *a transaction* constituting the charged conduct occurs in the United States. *See United States v. Garcia*, 533 F. App'x 967, 982 (11th Cir. 2013) (holding that requirements of extraterritorial jurisdiction met for foreign defendant where evidence shows transaction was initiated in United States); *United States v. Firtash*, 392 F. Supp. 3d 872, 886 (N.D. Ill. 2019) (noting, in a case where certain defendant has not engaged in conduct in the United States, that courts generally hold that a transfer from a foreign account to an account at a financial institution in the United States and a transfer from an account in the United States to a foreign financial institution occur in part in the United States under § 1956(f)) (quoting *United States v. All Assets Held at Bank Julius*, 251 F. Supp. 3d 82, 93 (D.D.C. 2017)). In the Eleventh Circuit's decision

8

in *Garcia*, for example, the defendant, who was charged with money laundering and drug trafficking but not alleged to have engaged in any conduct in the United States, argued that jurisdiction under the MLCA should not extend to conduct that took place "largely outside the United States." The court, in rejecting that argument, noted that the requirements for extraterritorial jurisdiction were met where cash shipments originated in the United States. *Garcia*, 533 F. App'x at 982.

On their face, Counts Nine and Ten allege conduct that took place "in the Southern District of Florida and elsewhere," [DE 44 ¶ 32.], thereby adequately notifying Defendant of the location of the conduct that provides extraterritorial jurisdiction. *Garcia*, 553 F. App'x at 982 (explaining that there is extraterritorial jurisdiction even where most of the laundering activity occurred outside of the United States because 18 U.S.C. § 1956(f) requires only that part of the conduct occur within the United States); *United States v. Bodmer*, 342 F. Supp. 2d 176, 191 (S.D.N.Y. 2004) (the clear intent of 18 U.S.C. § 1956(f) is to include foreigners within the scope of the money laundering statute); *United States v. Stein*, No. 93-cr-0375, 1994 WL 285020, at *4-5 (E.D. La. June 23, 1994) (holding that 18 U.S.C. § 1956(f) confers jurisdiction over a foreign person who remains abroad but causes the transfer of money from the U.S. to the U.K.); *United States v. Approx. $25,829,681.80 in Funds*, No. 98 Civ. 2682(LMM), 1999 WL 1080370, *3–4 (S.D.N.Y. Nov. 30, 1999) (same) (where wire transfer was from Netherlands to United States).

If Defendant's interpretation of Section 1956(f) were accepted, conferring jurisdiction only over defendants who are physically present in the United States for some portion of the offense, then the extraterritorial reach of the statute would be read out of existence. A defendant who commits a portion of the alleged offense while physically present in the United States is not acting

"extraterritorially."  This absurd result demonstrates that Defendant's interpretation of Section 1956(f) cannot be correct.

Defendant relies on a recent Southern District of Texas opinion where the district court held that the MLCA does not extend criminal liability to a foreign national located outside the United States.  *See United States v. Daisy T. Rafoi-Bleuler*, 17-cr-0514-7 (S.D. Tex. Nov. 12, 2021).  The district court in *Rafoi-Bleuler* cited no support for that construction which, as argued above, clearly contravenes the statute's plain text.  The Government has appealed the district court's decision in *Rafoi-Bleuler*, which is currently pending before the Fifth Circuit.  Respectfully, this Court should decline to follow the Southern District of Texas opinion in *Rafoi-Bleuler*—a legally erroneous, outlier opinion from a district court in another circuit.

B.  <u>Defendant Caused and Aided and Abetted a Wire Transfer</u>

In addition to both ignoring and altering the plain language of the statute, Defendant ignores the facts and charges pleaded on the face of the Superseding Indictment.  The Superseding Indictment charges Defendant with violating Section 1956(a)(2)(A) and Section 2, the aiding and abetting statute.  Defendant claims that the substantive money laundering allegations in the Superseding Indictment are deficient because Defendant did not commit "any conduct in connection with [the transfers] (*e.g.*, received the wires, initiated the wires, or caused the wires)."  [DE 77 at 13.]  Counts Nine and Ten allege, *inter alia*, that Defendant "knowingly… *aided and abetted, and caused*" the laundering of monetary instruments "with the intent to promote the carrying on of specified unlawful activity."  [DE 44 ¶ 32.] (emphasis added).  This charging language is consistent with the text of 18 U.S.C. § 2, which states that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands,

induces or procures its commission, is punishable as a principal" and "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C. § 2(a) and (b). Defendant's effort to read 18 U.S.C. § 2 out of the Superseding Indictment is misplaced and unsupported by law. In *United States v. Cavalier*, the Fifth Circuit rejected the same argument Defendant seeks to make here:

> "Cavalier also argues that § 1956(a)(1)(A)(i) applies only to one who conducts or attempts to conduct a financial transaction involving proceeds, and not one who causes to be conducted such a transaction. Because Cavalier fails to read § 1956 in the context of § 2(b), we reject this argument.

*United States v. Cavalier*, 17 F.3d 90 n.2 (5th Cir. 1994) (citation omitted). Diaz has failed to cite any law to the contrary. The court should deny Defendant's motion to dismiss Counts Nine and Ten.

    C.    <u>Defendant Is Properly Charged with Conspiracy to Commit Money Laundering</u>

Defendant further argues that Count Two (money laundering conspiracy) should be dismissed because she was not present in the United States to be able to enter into an agreement to join the conspiracy and for failure to state an offense. [DE 77 at 11.][4] These arguments are entirely unavailing.

Count Two alleges a money laundering conspiracy taking place, in part, in the Southern District of Florida, giving Defendant appropriate notice of the charges. (*See, e.g.*, DE 77 ¶ 30

---

[4] Defendant also argues that co-defendant "Gorrin's exculpatory pronouncements on Twitter account undermine . . . Count Two." [DE 77 at 13.] As discussed above, in ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes. *Critzer*, 951 F.2d at 307. Defendant's attempt to bring in factual arguments outside the four corners of the indictment should be given no weight.

11

("From in or around 2008 and continuing until at least 2017. . . in the Southern District of Florida and elsewhere. . . . ")).

Defendant's motion to dismiss should be denied because it is well-settled that a defendant need not travel to the United States to be convicted of conspiring to launder money. *See United States v. Sadighi*, Nos. 98-50442 and 98-50468, 1999 WL 980661, at *3 (9th Cir. Oct. 26, 1999) (unpublished) (holding that the government has the power to prosecute every member of a money laundering conspiracy that takes place in United States territory, including those who never entered the United States) (citing *United States v. Correa-Negron*, 462 F.2d 613, 614 (9th Cir. 1972)). As the Fourth Circuit recently held, Section 1956(f)'s extraterritorial reach applies to money laundering conspiracies under Section 1956(h). *United States v. Ojedokun*, 16 F.4th 1091, 1103-1108 (4th Cir. 2021). In that case, the Fourth Circuit rejected the argument that Section 1956(f) "cannot apply" where the defendant's "actions occurred entirely overseas and [the defendant] did not enter the United States at any time during the conspiracy." *Id.* at 1106. Rather, as the Fourth Circuit explained, "by making an agreement with at least one resident of the United States and engaging in a conspiracy extensively carried out in this country, [the defendant] took part in a course of conduct relevant to the § 1956(h) charge that transpired within the United States, placing his actions squarely within the confines of § 1956(f)(1)." *Id.* at 1108. The relevant conduct in this case likewise took place "in part" in the United States, and Gorrin is identified as a resident of the United States [DE 44 ¶ 2.], and therefore, Diaz can be held liable for money laundering conspiracy based on the Superseding Indictment's allegations.[5]

---

[5] Defendant also relies on the *Rafoi-Bleuler* opinion as a basis for dismissing the money laundering conspiracy charge. [DE 77 at 11.] But the district court in *Rafoi-Bleuler* failed to provide a basis

12

D.  Defendant is Not Charged with a Violation of a Specified Unlawful Activity and the Superseding Indictment is Sufficiently Detailed

Defendant finally argues that Counts Two, Nine, and Ten should be dismissed because the government "failed to provide any notice whatsoever of the Venezuelan laws, statutes, or rules that Defendants supposedly violated" when listing the specified unlawful activity promoted by the financial transactions. [DE 77 at 17]. As such, Defendant concludes that government failed to state an offense against a foreign nation and "invites speculation as to a fundamental part of the charged offense conduct." [DE 77 at 17.] This argument is meritless.

As an initial matter, Defendant's motion to dismiss the charges on this ground must be denied because she raises no challenge to the sufficiency of the first specified unlawful activity identified in the Superseding Indictment, that is a violation of the FCPA under Title 15, United States Code, Sections 78dd-2 and 78dd-3. [DE 44 ¶¶ 30, 32.] There can be no question that this reference is sufficiently detailed to put Defendant on notice of the specified unlawful activity she is charged with conspiring to promote.

Furthermore, Defendant's challenge to the second specified unlawful activity also fails. First, Diaz is not charged with an offense against a foreign nation or the underlying specified unlawful activity. She is charged with conspiring to launder money, in violation of 18 U.S.C. § 1956(h), and two substantive counts of money laundering, in violation of 18 U.S.C. §§

---

for dismissing the money laundering conspiracy charge. Given the clear case law to the contrary in multiple circuits, the Government submits a dismissal based on Section 1956(f) would be in error and the Court should decline to create such a precedent here where a contrary one already exists. Because Diaz, like Rafoi, entered into an agreement with at least one resident of the United States and many overt acts in furtherance of the conspiracy took place here, Section 1956(f) is satisfied for the conspiracy charge as well. *See Ojedokun*, 16 F.4th at 1108.

1956(a)(2)(A) and 2. Because liability attaches under Section 1956(a)(2)(A) for transporting, transmitting, or transferring funds overseas, even if those funds were lawfully derived, if the intent was to promote the carrying on of specified unlawful activity, the government clearly identified the specified unlawful activities it alleged were being promoted in the Superseding Indictment, to include an offense against a foreign nation under 18 U.S.C. § 1956(c)(7)(B)(iv). [DE 44¶¶ 30, 32.] To the extent Defendant suggests more detail was required in the Superseding Indictment, defendant's argument is unsupported and contrary to case law. *See United States v. Lazarenko*, 564 F.3d 1026, 1033-34 (9th Cir. 2009) (noting that the government is not required to plead a specific violation of foreign law in an indictment and that the violation of Ukrainian law is the specified unlawful activity). In that case, the Government's Indictment specifically identified "extortion as specified in 18 U.S.C. § 1956(c)(7)(B)(ii)" as the specified unlawful activity. *See United States v. Lazarenko*, No. 3:00-cr-00284-CRB (N.D. Cal. May 18, 2000) (DE 1 at 2 and 6). The Ninth Circuit rejected the defendant's attempt "to import an additional element into" the money laundering charges and argue "that the Ukrainian law at issue is also . . . essential . . . ." *Id*. at 1033. Rather, as the Ninth Circuit explained, "[n]othing in our case law supports requiring the government to plead a *specific* violation of foreign law in an indictment" and "[h]ere, the violation of Ukrainian law is the specified unlawful activity." *Id*. at 1033-34. (emphasis added); *accord United States v. Smith*, 44 F.3d 1259, 1264, 1265 (4th Cir. 1995) (holding that the government was not required to allege facts supporting the specified unlawful activity; rather, the term 'specified unlawful activity' is a defined term referring to a list of offenses which qualify as unlawful activity for purposes of stating a money laundering offense).

Further, and as discussed above, when analyzing challenges to the sufficiency of an indictment, the appropriate test is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards. *Poirier*, 321 F.3d at 1029. "While the government will have to show at trial that the proceeds were obtained 'with the intent to promote the carrying on of' a [specified unlawful activity], that showing is a matter of proof, not of the indictment's sufficiency." *United States v. Bitzur*, No. 96 Cr. 572 (LLS), 1996 WL 665621, at *3 (S.D.N.Y. Nov.18, 1996) (holding that an indictment alleging money laundering charges was sufficient even though it did not contain specific facts delineating the specified unlawful activity); *see also United States v. Raniere*, 384 F. Supp. 3d 282 (E.D.N.Y. 2019) (indictment alleging wire transfers were intended to promote visa fraud in violation of 18 U.S.C. § 1546 was sufficient to identify specified unlawful activity; indictment need not describe elements or other details of specified unlawful activity).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant's Motion to Dismiss Counts 2, 9, and 10 of the Superseding Indictment and Request for an Expedited Hearing be denied.

Respectfully Submitted,

| | |
|---|---|
| LORINDA I. LARYEA<br>ACTING CHIEF, FRAUD SECTION | JUAN ANTONIO GONZALEZ<br>UNITED STATES ATTORNEY |
| By: */s/ Paul A. Hayden*<br>PAUL A. HAYDEN<br>Trial Attorney<br>Fraud Section, Criminal Division<br>U.S. Department of Justice<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>Telephone: 202-353-9370<br>Email: paul.hayden2@usdoj.gov | By: */s/ Kurt K. Lunkenheimer*<br>KURT K. LUNKENHEIMER<br>Assistant United States Attorney<br>Court ID No. A5501535<br>U.S. Attorney's Office - SDFL<br>99 N.E. 4th Street, Suite 600<br>Miami, FL 33132-2111<br>Telephone: (305) 961-9008<br>Email: Kurt.Lunkenheimer@usdoj.gov |