UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-80160-DIMITROULEAS

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN,

**Defendant.**
_____/

## PROTECTIVE ORDER

**THIS CAUSE** came before the Court upon the Government's Motion for Protective Order Regulating Disclosure Of Discovery And Sensitive Information Contained Therein [DE 98]. Having considered the Government's Motion, and being otherwise fully advised in this premises, it is hereby **ORDERED** and **ADJUDGED** that the Government's Motion is GRANTED. Pursuant to Fed. R. Crim. P.16(d), it is further ordered that:

1. The discovery material includes documents and reports related to additional targets of ongoing law enforcement investigations, two co-defendants, cooperating witnesses, Mutual Legal Assistance Treaty ("MLAT") requests, MLAT responses, communications concerning the MLAT requests and responses, and personal identifiable information ("PII"), such as names, addresses, social security numbers, bank account and routing numbers, dates of birth, and email addresses (the "Sensitive Information").

2. Counsel for the government and for the Defendant shall not provide discovery material containing Sensitive Information to any person except as specified in the Court's order or by prior approval of the Court.

3. The Defendant shall possess the discovery material containing Sensitive Information only as necessary for counsel to prepare the case.

4. Employees of the government or defense counsel may possess the discovery material containing Sensitive Information, but only as necessary to prepare the case. The defense shall not show or disseminate any of the discovery material containing Sensitive Information to anyone outside of the Legal Defense Team. The Legal Defense Team includes defense counsel (defined as counsel of record for Claudia Diaz in this case, including any post-conviction or appellate counsel) and any U.S.-based and foreign investigators, U.S.-based paralegals, U.S.-based support staff, and expert witnesses who are working for defense counsel in connection with this case. The Legal Defense Team does not include counsel for fugitive co-defendants that are currently not before this Court.

5. The defense and the defendant shall not disclose, whether orally or in writing, to anyone not covered by the Court's order any discovery material containing Sensitive Information relating to a potential cooperating witness, confidential informant or on-going investigation, including co-defendants or their counsel;

6. The defense shall not show or disseminate any of the discovery material containing Sensitive Information to any foreign (non-U.S.) attorneys or other foreign individuals;

7. The defense shall not transmit any discovery material containing Sensitive Information outside of the United States without separate prior Court approval;

8. To the extent it is necessary for the defendant to possess any discovery material containing Sensitive Information to assist in her defense, the defendant agrees not to show or disseminate any of the discovery material containing Sensitive Information to anyone else;

9. The defendant and legal defense team may solely use the discovery material containing Sensitive Information in connection with the defense against the prosecution of the defendant or in related U.S. proceedings concerning the defendant or her property.

10. No discovery material containing Sensitive Information may be disclosed to any persons other than Defendant, the Legal Defense Team, or the person to whom the Sensitive Information directly pertains or his/her counsel, without prior Court approval.

11. The government will be responsible for designating discovery materials containing Sensitive Information as Confidential. The government agrees not to designate discovery materials containing Sensitive Information as Confidential unless such a designation is required. The government further agrees to make every effort to provide discovery in a manner that will allow for most discovery to be produced without such designation.

12. The Order will not apply to material that:

    a. Are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials or hearings;

    b. Were derived directly from Defendant or that pertain solely to Defendant. Examples of such materials include Defendant's own financial records, telephone records, electronic communications, or documents in her possession prior to her initial appearance in this criminal case; and

    c. Materials that the defense obtains by means other than the discovery production by the Government.

13. Nothing in the Order modifies the government's obligations at any stage of discovery in this case pursuant to Federal Rules of Criminal Procedure 16 and 26.2, Local Criminal

Rule 5.1, 18 U.S.C. 3500 (Jencks Act), and the government's general obligation to produce exculpatory and impeachment information in criminal cases.

14. Defense counsel must provide a copy of the Order, and review the terms of the Order with, members of the Legal Defense Team, Defendant and any other person, before providing them access to discovery materials containing Sensitive Information.

15. The Order will not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability or admissibility of any material.

16. Third parties contracted by the government or the defense to provide expert analysis or testimony may possess the discovery material containing Sensitive Information, but only as necessary to prepare the case;

17. Counsel for the Defendant shall ensure that the Defendant and any third party that obtains access to the discovery material containing Sensitive Information are provided a copy of the Court's order. No third party that obtains access to or possession of the discovery material containing Sensitive Information shall retain such access or possession unless authorized by the Court's order. Any third party that obtains access to or possession of the discovery material containing Sensitive Information shall promptly destroy or return the materials once the third party no longer requires access to or possession of the discovery material containing Sensitive Information to assist in the preparation of the case;

18. Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the government and the Defendant shall destroy or cause to be destroyed all copies of the discovery material containing Sensitive Information, except that they may maintain copies in their closed case files following their ordinary procedures; and

19. Counsel for the government and for the Defendant shall promptly report any known violations of the Court's order to the Court.

**DONE** and **ORDERED** in Miami, Florida, on July 27, 2022.

_____
HON. WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

Cc: counsel of record