EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  18-cr-80160-DIMITROULEAS

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN,

Defendant.

_____/

### CLAUDIA PATRICIA DIAZ GULLEN'S OPPOSITION TO GOVERNMENT'S REQUEST FOR PROTECTIVE ORDER

The government's proposed protective order is overly broad, substantially burdensome, and unfairly limits Ms. Diaz Guillen's ability to adequately prepare and present a defense.  Additionally, the effect of the proposed order creates an intrusion on the defense because it seeks to dictate the defense team, among other intrusions. The proposed protective order is more limiting than orders regularly proposed and entered in health care cases where there are specific statutes related to the sensitive and confidential nature of health information.  Here, there is no such sensitive information.

### ARGUMENT

The Federal Rules of Criminal Procedure permit the Court "for good cause, [to] deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "The burden of showing 'good cause' is on the

party seeking the order, and among the considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger of perjury or witness intimidation, and the protection of information vital to national security." *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015); *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019) (internal citations omitted) (Good cause requires a "particularized, specific showing.") Here, no good cause exists for a protective order.

The government claims that sensitive information has been shared in discovery such as MLAT requests, personal identifying information, information related to co-defendants, and information related to targets of ongoing government investigations. To date, the government has produced over 500,000 pages of discovery. The discovery consists mostly of bank records, records regarding boat purchases, emails, and business records related to one co-defendant[1]. There is nothing sensitive about this information. This is the type of documentation that is regularly produced in criminal cases during the discovery process and that does not require any type of protection from dissemination.

The real purpose of the government's motion is to limit and control the members of the defense and to prohibit the operation of a joint defense team, amongst charged defendants, including Ms. Diaz Guillen's husband, Adrian

---

[1] Interestingly, information or documents related to Ms. Diaz Guillen are largely absent from the discovery to date.

Velasquez.   The government's motion concedes that it is seeking improper dissemination of discovery to the "two fugitives" in the case.   *See* Motion for Protective Order, [D.E. 98] at 2.   It is unclear, and the government does not explain, why sharing information with co-defendants, including Ms. Diaz Guillen's husband, would in any way be improper.   The government cannot provide an explanation because its motivations are wholly improper and inconsistent with the law.

The attorney-client relationship is a sacred one in the eyes of the law. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1991). The joint defense relationship is akin to an attorney client relationship.  Courts have held that the attorney-client privilege gives rise to a concomitant "joint defense privilege" which "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *United States v. Almeida*, 341 F. 3d 1318 (11th Cir. 2003) citing *Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989). As the Second Circuit observed, "The need to protect the free flow of information from client to attorney logically exists whenever multiple clients share a common interest about a legal matter." *Id*. 1324.   The Eleventh Circuit agreed.  *Id.*

The Department of Justice, United States Attorney's Manual also recognizes the right for parties to engage in joint defense agreements.  Specifically, Section 9-28.730 of the Manual provides that "mere participation by a corporation in a joint

defense agreement does not render the corporation ineligible to receive cooperation credit, and ***prosecutors may not request*** that a corporation refrain from entering into such agreements. (Emphasis added).

Here, a joint defense is particularly important to Ms. Diaz Guillen and an inability to engage in a joint defense would cripple her ability to prepare for trial. Particularly, the government's theory is that Ms. Diaz Guillen "benefitted" from monies transferred directly to her husband, co-defendant Adrian Velasquez. There is no allegation that Ms. Diaz Guillen was a party to the transactions. As such, the only way Ms. Diaz Guillen can properly defend herself is for undersigned counsel to discuss these transactions with her husband's attorney. Moreover, as a practical matter, it is simply absurd for the government to seek to prohibit communications between a husband and wife accused jointly in a Superseding Indictment. The government's attempts to control and dictate the joint defense team are improper.

Additionally, the government's motion for protective order also infringes and attempts to control Ms. Diaz Guillen's defense team in violation of the Sixth Amendment. Specifically, the proposed order seeks to limit disclosure of discovery materials to U.S. based lawyers and prohibits the dissemination to foreign lawyers. Again, this is an improper limitation and/or request. The materials in this case largely relate to foreign bank transactions, including countries Venezuela and Switzerland. The case also involves violations of foreign law. If Ms. Diaz Guillen wishes to hire a foreign lawyer to participate on the defense team to assist in

translating documents and advise on foreign banking law and procedure, the proposed order prohibits Ms. Diaz Guillen and her "U.S. based lawyers" from sharing documents or discussing the discovery. This is wholly improper. Ms. Diaz Guillen has every right to understand the underlying conduct and use this knowledge to present a defense.

The proposed order also limits Ms. Diaz Guillen's ability to prepare defense witnesses to testify at trial. First, the proposed order prohibits Ms. Diaz Guillen's attorneys from showing defense witnesses documents produced in discovery. Interestingly, the government does not have a similar limitation. Second, Ms. Diaz Guillen's attorneys are prohibiting from transmitting materials from discovery outside of the United States. This case involves conduct that almost exclusively took place outside of the United States. Defense witnesses are all outside of the United States. The proposed order as written completely handicaps Ms. Diaz Guillen from preparing an adequate defense.

The effect of the proposed order is that the government retains sole control over the narrative of the defendant's conduct, retains sole control over the documents in the case, retains sole control over how the defense prepares for trial and who can act as a witness, and Ms. Diaz Guillen is left to proceed to trial with a blindfold and her arms tied behind her back. Ms. Diaz Guillen's Sixth Amendment right to prepare for trial is already severely hampered by her detention, the added restrictions and limitations that would result from the proposed order are simply unconstitutional.

Moreover, the government does not make a sufficient argument to justify the protective order. The materials produced in discovery to date consists of bank records, emails exchanged between co-defendant Gorrin and others in his office and outside of his office, MLAT requests to foreign governments that largely mirror the allegations in the Superseding Indictment, and tolling orders. There is nothing that justifies secrecy. The bank account numbers can be redacted. The government has stated that it needs to protect their cooperators. This claim is belied by the government's very own, very public press releases, which regularly tout their war on the corruption in Venezuela, their arrests, their investigations, and those cooperating with the government. Particularly, it was widely reported following the ***government's public statements*** that Alejandro Andrade was the star witness in this case[2]. It is not a secret that needs to be guarded.

There might be limited pieces of discovery that the government holds which might meet the standard for a particularized, specific need for a protective order. For example, if the government is seeking to protect the identity of a particular witness to protect their witness from physical or economic harm by members of the public. Or, if the discovery were to contain information related to an ongoing criminal investigation, those materials might require extra care and could be the subject of a

---

[2] For example, *see* Musgrave, Jane, ***Venezuelan from Wellington gets 10 years in billion dollar scheme***, Palm Beach Post, available at https://eu.palmbeachpost.com/story/news/crime/2018/11/27/alejandro-andrade-apologetic-venezuelan-who-lived-in-wellington-gets-10-years/7978051007/.

protective order[3].   However, the government's proposed order does not seek to protect particularized sensitive information it seeks a blanket order that is overly broad, unduly restrictive, and designed to prohibit the presentation of a defense case.

## CONCLUSION

Ms. Diaz Guillen asks for the government's proposed protective order to be denied.  Ms. Diaz Guillen attaches a more narrowly tailored protective order as Exhibit A.  If the Court decides that a protective order is warranted here, Ms. Diaz Guillen requests that the order proposed at Exhibit A be entered.

Dated: July 28, 2022.

Respectfully submitted,

TACHE, BRONIS AND DESCALZO, P.A.
150 S.E. Second Avenue, Suite 600
Miami, Florida 33131
Telephone:   (305) 537-9565
Facsimile:     (305) 537-9567

By: */s/ Marissel Descalzo*
Marissel Descalzo, Esq.
Florida Bar No. 669318
mdescalzo@tachebronis.com
service@tachebronis.com
*Counsel for Claudia Diaz Guillen*

## CERTIFICATE OF SERVICE

---

[3] However, this is unlikely because the events giving rise to the Indictment and Superseding Indictment all took place between 2011 and 2013, which means the statute of limitations has expired.

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to all attorneys who have made an appearance on this 28th day of July, 2022.

By: */s/ Marissel Descalzo*
        Marissel Descalzo, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  18-cr-80160-DIMITROULEAS

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN,

Defendant.
_____/

## **PROTECTIVE ORDER**

THIS CAUSE is before the Court on the United States request to enter a Protective Order, the defense's request for a narrowly tailored protective Order, and the Court having considered the Government's Motion and Ms. Diaz Guillen's opposition, and being fully advised in this premises, pursuant to Fed. R. Crim. P. 16(d) it is hereby ORDERED and ADJUDGED:

1. The government will be required to specifically identify and mark any information it deems Sensitive.  All materials in discovery cannot receive this designation.

2. The government agrees not to designate materials as Sensitive Information unless such a designation is required.  The government further agrees to make every effort to provide discovery in a manner that will allow for most discovery to be produced without such designation.

3. The defense shall not show or disseminate any of the Sensitive Information to anyone outside of the Legal Defense Team. The "legal defense team"

includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case.

4. The defendant and legal defense team may solely use the Sensitive Information in connection with these proceedings or arising from these proceedings.

5. No Sensitive Information may be disclosed to any persons other than Defendant, the legal defense team, or the person to whom the Sensitive Information directly pertains or his/her counsel, without prior Court approval.

6. This Order will not apply to materials that:

   a. Are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials or hearings;

   b. Were derived directly from Defendant or that pertain solely to Defendant. Examples of such materials include Defendant's own financial records, telephone records, electronic communications; and

   c. Materials that the defense obtains by means other than discovery.

7. Nothing in the Order modifies the government's obligations at any stage of discovery in this case pursuant to Federal Rules of Criminal Procedure 16 and 26.2, Local Criminal Rule 5.1, 18 U.S.C. 3500 (Jencks Act), and the

government's general obligation to produce exculpatory and impeachment information in criminal cases.

8.  Defense counsel must provide a copy of the Order, and review the terms of the Order with, members of the legal defense team, Defendant and any other person, before providing them access to Sensitive Information.

9.  This Order will not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability or admissibility of any material.

10. Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the government and the Defendant shall destroy or cause to be destroyed all copies of the material responsive to the Standing Discovery Order, except that they may maintain copies in their closed case files following their ordinary procedures; and

11. Counsel for the government and for the Defendant shall promptly report any known violations of the Court's order to the Court.

DONE AND ORDERED in Chambers at _____,

Florida, this ___ day of _____, 2022

_____
HON. WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record