UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-80160-DIMITROULEAS

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN,

    Defendant.
_____/

# MOTION FOR BILL OF PARTICULARS

TACHE, BRONIS AND DESCALZO, P.A.
150 S.E. Second Avenue, Suite 600
Miami, Florida 33131
Telephone:  (305) 537-9565
Facsimile:  (305) 537-9567

By: */s/ Marissel Descalzo*
    Marissel Descalzo, Esq.
    Florida Bar No. 669318
    mdescalzo@tachebronis.com
    service@tachebronis.com
    *Counsel for Claudia Diaz Guillen*

## INTRODUCTION

Following this Court's finding that the superseding indictment "barely, is barely sufficient at this particular time" and this Court's invitation to file a bill of particulars, Ms. Diaz Guillen moves this Court for a bill of particulars. *See also* Dkt. No. 97, July 12, 2022 Hearing on Motion to Dismiss, Transcript at 10:22-25 and at 9:1-3 ("And if I deny this motion, you're going to file a motion for statement of particulars and I may very well order the government to say more.").[1] *See also* Fed. R. Crim. P. 7(f). Mrs. Diaz Guillen specifically requests that the government submit a bill of particulars as follows:

(1) Identify any conduct committed by Mrs. Diaz Guillen which demonstrates that Ms. Diaz Guillen caused the wires identified as Transfers 1-4.[2]

(2) Identify any acts which demonstrate that Ms. Diaz Guillen aided and abetted in the transmission, transportation, or transfer of wires identified as Transfers 1-4.

(3) Identify the specific benefit Ms. Diaz Guillen or her husband, Mr. Figueroa Velazquez, received from the wires identified as Transfers 1-4.

(4) Identify by date, time, location, and transaction identification number the specific foreign currency exchange transactions that Mrs. Diaz Guillen

---

[1] The hearing transcript is attached hereto as **Exhibit 1.**

[2] *See* Dkt. No. 77 at 8 and *supra* (identifying Transfers 1-4).

authorized for co-defendant Raul Gorrin or his companies at a favorable rate as alleged in Counts 1-2 of the Superseding Indictment.

(5) Identify by date, time, and location the alleged bribes paid by Raul Gorrin to Ms. Diaz Guillen to obtain the supposed favorable rates, *i.e.* the alleged "improper advantage" (Superseding Indictment at 3-4) and identify each foreign currency exchange transaction to which each alleged bribe to Mrs. Diaz Guillen was paid.

(6) Identify, by date, time, and location the alleged bribes, expenses, or things of value paid by Gorrin to Mrs. Diaz Guillen and/or Mr. Figueroa Velazquez to promote the supposed illegal bribery scheme and/or to "obtain and retain business for Raul Gorrin." (Superseding Indictment at 4-11, 13-15).

(7) Identify the Venezuelan criminal law(s) that was supposedly violated and which gave rise to the allegations in Counts 2, 9, and 10 that Mrs. Diaz Guillen promoted violations of a specified unlawful activity pursuant to 18 U.S.C. Section 1956 (c)(7)(B)(iv), to wit violations of Venezuelan criminal law, in violation of 18 U.S.C Sections 1956(h) and 1956(a)(2)(A).

**LEGAL STANDARD FOR GRANTING MRS. DIAZ GUILLEN'S A BILL OF PARTICULARS**

A defendant's right to particularization of vague allegations is grounded in Rules 7(c) and 7(f) of the Federal Rules of Criminal Procedure. Rule 7(c)(1) states

that an "indictment ... shall be a plain, concise and definite written statement of *the essential facts* constituting the offense charged." (Emphasis added.) The rule codifies the requirement of the Sixth Amendment that "in all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." *See generally Russell v. United States*, 369 U.S. 749, 770-71 (1962) ("where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute")*.; see also United States v. Cruikshank,* 92 U.S. (2 Otto) 542, 558, 23 L.Ed. 588 (1876) ( an indictment is subject to dismissal unless it "inform[s] the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction . . ..").

A bill of particulars serves to "[1] inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense… [2] minimize surprise at trial… and [3] to enable him to plead double jeopardy in the event of a later prosecution for the same offense."

*United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting *United States v. Cole,* 755 F.2d 748, 760 (11th Cir.1985)); *see also United States v. Horton*, 526 F.2d 884, 887 (5th Cir. 1976) (citing *United States v. Bearden*, 423 F.2d 805 (5th Cir. 1970)). A bill of particulars "supplements an indictment by providing the defendant with information necessary for trial preparation." *Id*. *See also United*

4

*States v. Ganim*, 225 F. Supp.2d 145, 156 (D. Conn. 2002). "The purpose of a bill of particulars is to amplify the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) *cert denied,* 519 U.S. 857 (1996). A bill of particulars may be granted on a showing "that without the requested particular, his own investigation could not glean the facts or theory which would preclude prejudicial surprise or allow meaningful opportunities for defense preparation to meet the government's evidence and theories." *United States v. Thevis*, 474 F. Supp. 117, 124 (N.D. Ga. 1979).

## ARGUMENT

The charges against Ms. Diaz Guillen in the superseding indictment are vague. This Court agrees and previously highlighted that the "indictment barely, is barely sufficient." *See* Dkt. No. 97, July 12, 2022 Hearing on Motion to Dismiss, Transcript at 10:22-25. Nothing has changed since that time, and therefore, Mrs. Diaz Guillen is entitled to the requested bill of particulars. *See United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978) (cleaned up) ("While the bare allegation in the indictment of the communication of "information" is sufficient to withstand a motion to dismiss, it does not appear to meet fully the Government's obligation to permit defendant to prepare a defense. In such a situation, a bill of particulars is an appropriate method

of seeking such information. The function of a bill of particulars is to "cure omissions of details that might enable the defendant to prepare his defense. . . . ").

The Superseding Indictment alleges that from 2011 until early 2013, while Ms. Diaz Guillen was the treasurer of Venezuela under Hugo Chavez, Raul Gorrin paid for watches, horses,[3] yachts, private jets, homes, and a designer fashion line, for the benefit of Mr. Figueroa and/or Ms. Diaz Guillen, "to secure an improper advantage in obtaining and retaining the rights to conduct foreign currency exchange transactions at favorable rate." *See* Superseding Indictment at 3-4, and 6. The only allegations which describe any conduct or transactions in the United States are:

- On October 29, 2012, Mr. Gorrin caused a wire transfer from a ***Swiss bank account*** controlled by Gorrin to a ***South Florida bank account*** of a yacht company for the benefit of Mr. Figuero and Mrs. Diaz*. See* Superseding Indictment, at 11. ("**Transfer 1**")

- On November 13, 2012, Mr. Gorrin caused a wire transfer from a ***Swiss bank account*** controlled by the father (JB) of the owner of a yacht company to a ***South Florida bank account*** of a yacht company in connection with purchase of a yacht for the benefit of Mr. Figuero and Mrs. Diaz*. See* Superseding Indictment, at 11. ("**Transfer 2**")

-  On March 15, 2013, Mr. Gorrin caused a wire transfer from ***a Swiss bank account*** controlled by Gorrin ***to a South Florida bank account*** of a yacht company in connection with purchase of a yacht for the benefit of Mr. Figuero and Mrs. Diaz*. See* Superseding Indictment, at 13. ("**Transfer 3**")

---

[3] Each of the payments for horses were made for the benefit of Alejandro Andrade's son, Emanuel Andrade, as set forth in the Superseding Indictment. *See* Superseding Indictment at 11. Indeed, Mr. Andrade's son is a professional equestrian and the FBI seized his horses. *See* https://www.chronofhorse.com/article/emanuel-andrades-horses-seized-by-fbi

- On May 17, 2013, Mr. Gorrin caused a wire transfer from a **Swiss bank account** controlled by Gorrin **to a South Florida bank account** maintained by a fashion company owned by and for the benefit of Mrs. Diaz and Mrs. Figueroa. *See* Superseding Indictment, at 13. ("**Transfer 4**").

Such allegations form the basis for Counts Two (a conspiracy to transport, transmit, or transfer monetary instruments from outside of the United States to a place in the United States) in violation of 18 U.S.C. Section 1956(h) and Counts Nine through Ten which allege substantive violation of 18 U.S.C. Section 1956 (a)(2)(A). *See* Superseding Indictment. Count Nine is premised entirely on **Transfer 3**. *Id.* Likewise Count Ten is premised entirely on **Transfer 4.** *Id.*

Yet**,** absent from the Superseding Indictment are critical facts and details which are necessary to apprise Mrs. Diaz Guillen of the charges against her to enable her to present a defense at trial and to avoid any surprise at trial.

*First*, there are no allegations -- other than conclusory statements which are contradicted by the allegations that Gorrin caused those wire transfers[4] -- that Ms. Diaz Guillen caused the identified wires to be effectuated or how she aided and abetted in the transmittal of these wires.

*Second*, Superseding Indictment fails to allege any factual information describing how Ms. Diaz Guillen or Mr. Figueroa Velazquez benefitted from the wire transfers. It is undeniable that the wires were received by bank accounts which

---

[4] *See* Superseding Indictment, Dkt. No. 44 at 11 and 14; *see* Dkt. No. 77 at 12 (noting this deficiency).

neither of them control. Likewise, the Superseding Indictment fails to allege any specific facts or details related to any of the supposed underlying bribes received by Mrs. Diaz Guillen that violated either the FCPA or a yet-to-be-specified Venezuelan criminal statute and which form the sole basis for the money laundering charges in Counts 2, 9, and 10 in the Superseding Indictment.

***Third***, the Superseding Indictment fails to identify the Venezuelan criminal statute that was allegedly violated. This inescapable deficiency in pleading any Venezuelan or foreign law whatsoever in the Superseding Indictment is strikingly similar to the deficiencies found by this Circuit and the Supreme Court in smuggling indictments which failed to allege the specific law that was "contrary to the law." For example, in *Keck v. United States,* 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505 (1899), the Supreme Court held that an indictment charging the defendant with the importation of diamonds contrary to law was insufficient:

> The allegations of the count were obviously too general, and did not sufficiently inform the defendant of the nature of the accusation against him. The words, "contrary to law," contained in the statute, clearly relate to legal provisions not found in Section 3082 itself; but we look in vain in the count for any indication of what was relied on as violative of the statutory regulations concerning the importation of merchandise. The generic expression "import and bring into the United States," did not convey the necessary information, because importing merchandise is not per se contrary to law, and could only become so when done in violation of specific statutory requirements.

*Keck,* at 437, 19 S.Ct. at 455; *see also Babb v. United States,* 218 F.2d 538, 541 (5th Cir. 1955) (holding that the "indictment should have alleged some fact or facts showing that the cattle in question were imported or brought in contrary to some law; and that it is not enough to say that they were imported or brought in `contrary to law'"). In none of these cases did the indictment specify the statute defendant's actions were contrary to, or the actions defendant had taken that were sufficient to constitute a violation of law); *Steiner v. United States,* 229 F.2d 745, 748 (9th Cir. 1956) (holding indictments to be defective, because they "failed to state what law . . . the importation [of psittacine birds] was contrary to, or in what respect such importation was contrary to law").

The absence of the Venezuelan criminal statute that was allegedly violated from the Superseding Indictment can lead to only one reasonable conclusion – that the grand jurors never were instructed on Venezuelan law, never considered Venezuelan law, and were never provided a copy of the Venezuelan Criminal statutes(s) that form the basis for each of the money laundering charges (Counts 2, 9, and 10) against Mrs. Diaz Guillen in this case. Accordingly, a dismissal of this charge is the appropriate remedy given that, at this late date less than 70 days from trial, the government still has not provided Mrs. Diaz Guillen with notice of the law she supposedly violated and which law was the supposed linchpin of the bribery promotion scheme alleged in the Superseding Indictment. *Stirone v. United States*,

9

361 U.S. 212, 215-16 (1960) ("Ever since *Ex parte Bain*, 121 U.S. 1. was decided in 1887 it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself."). In the alternative, a bill of particulars must be provided to Mrs. Diaz Guillen.

**Fourth**, and equally as critical, the Superseding Indictment states that "to secure an improper advantage in obtaining and retaining the rights to conduct foreign currency exchange transactions at favorable rate," but it fails to allege any factual information describing how Ms. Diaz Guillen was involved in this conduct, fails to identify the foreign currency exchange transactions that were supposedly secured at a favorable rate by Gorrin, and fails to allege any identifiable bribe "for the benefit of" Mrs. Diaz Guillen in connection with these so called improper foreign exchange transactions. Thus, Ms. Diaz Guillen is left to guess as to which transactions are at issue and how she was allegedly involved in those transactions.[5]

---

[5] *See e.g., See United States v. Davis*, Criminal Action No. H-14-171S-12, at *7 (S.D. Tex. Nov. 25, 2014) ("Davis's motion for a bill of particulars is GRANTED to the extent she requests the names of the Medicare beneficiaries whose claims were tainted by any alleged illegal kickbacks."); *United States v. Ryan*, Criminal Action No. 20-65 Section "L"(4), at *4 (E.D. La. May 20, 2021) ("[T]he Court will grant Defendants Burnell and Beebe's request for the government to identify the specific statements within the loan packages which are alleged false and the material omissions, if any. In a bank fraud case of this complexity with such voluminous discovery, this is necessary for Defendants to adequately prepare their defenses and alleviates the potential for surprise at trial."); *United States v. Carriles,* No. EP–07–CR–87–KC, 2010 WL 300357, at *1–2 (W.D. Tex. Jan. 20, 2010) (ordering the government to furnish a bill of particulars with information identifying the allegedly false statements that could have occurred at any time during an approximately three-and-half-month period) (internal quotation marks and citation omitted *See also United States v. Nekritin*, 2011 WL 1674799, at *8 (E.D.N.Y. May 3, 2011) (ordering a bill of particulars and noting that, "[t]o the extent that the health care fraud conspiracy count is based on alleged false claims or on the solicitation of Medicare and Medicaid beneficiaries independent

The government insists that the answers to these questions are contained in the over 500,000 documents produced to date. Yet, it is it is insufficient for the government to reference the voluminous discovery as a proxy for either establishing the requisite jurisdictional nexus in this case or for placing Mrs. Diaz Guillen on proper notice of the charges against her. *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) ("It is not sufficient for the government to respond to a motion for a bill of particulars by pointing to the voluminous discovery already provided or by relying on a governmental open file policy."); *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987) ("The Government [does] not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided" as to which documents are relevant to the charged conduct); *United States v. Vaid*, No. 16-cr-00763 (LGS), at *21 (S.D.N.Y. Sept. 5, 2017) ("Giving Defendants data and documents for over 500,000 claims but not specifying which ones it will seek to prove at trial were fraudulent does not enable Defendants to prepare for trial or prevent surprise.").

---

from the claims and beneficiaries specified in counts two through eight of the Superseding Indictment, the court orders that the government provide defendants with a bill of particulars containing this information"); *United v. Kanekar*, 2020 WL 730353, at *7 (E.D.N.Y. Feb. 12, 2020) (granting bill of particular in health care fraud conspiracy); *United States v. Elizabeth Holmes, et al.* Criminal No. 18-cr-000258 (N.D. Cal. 2018) (ECF 330) (in a single-defendant trial with voluminous discovery, granting a bill of particulars obligating the government to identify the specific misrepresentations underlying the doctor-patient fraud alleged in the larger Theranos conspiracy and the names of any coconspirators supporting count one).

Moreover, the productions to date create more questions as to what conduct was committed by Ms. Diaz Guillen, which led to this Superseding Indictment. The documents amount to nothing more than a random assortment of Swiss bank records showing transfers that occurred outside the United States. The documents also show transfers to United States bank accounts controlled by a design company, Patric Love, and a yacht brokerage company, InterGlobal Yachts, that neither Ms. Diaz Guillen nor Mr. Figueroa Velazquez controlled. This is insufficient to place Mrs. Diaz on notice of the charges against her to enable her to formulate a meaningful defense at trial and to avoid surprise at trial. *United States v. Johnson*, 575 F.2d 1347, 1356 (5th Cir. 1978) ("'The purposes of a Bill of Particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare his defense, and to avoid or minimize the danger of surprise at trial.").[6]

## CONCLUSION

For these reasons, Ms. Diaz Guillen moves this Court to grant this motion and order the government to immediately provide the requested particulars in order for Ms. Diaz Guillen to effectively prepare for trial scheduled for October 17, 2022.

---

[6] In fact, Transfer 2 is particularly confusing because it involved a transfer from a Swiss bank account at CBH bank controlled by the father of owner of InterGlobal Yachts to InterGlobal Yachts in Florida. It is indisputable that neither Mrs. Diaz Guillen nor Mr. Figueroa Velazquez had any control over those companies.

Respectfully submitted,

TACHE, BRONIS AND DESCALZO, P.A.
150 S.E. Second Avenue, Suite 600
Miami, Florida 33131
Telephone:   (305) 537-9565
Facsimile:   (305) 537-9567

By: */s/ Marissel Descalzo*
     Marissel Descalzo, Esq.
     Florida Bar No. 669318
     mdescalzo@tachebronis.com
     service@tachebronis.com
     *Counsel for Claudia Diaz Guillen*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to all attorneys who have made an appearance on this 9th day of August, 2022.

By: */s/ Marissel Descalzo*
     Marissel Descalzo, Esq.