UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-80160-DIMITROULEAS

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN,

Defendant.
_____/



## PROTECTIVE ORDER

The United States of America, having applied to this Court for a protective order regulating disclosure of "sensitive information" contained in Discovery and Reciprocal Discovery, and the Court finding good cause:

**IT IS HEREBY ORDERED** that the government's Motion for Protective Order Regulating Disclosure of Sensitive Information in Discovery and Reciprocal Discovery is **GRANTED**;

Pursuant to Rule 49.1(a) of the Federal Rules of Criminal Procedure, "sensitive information" is defined as "an individual's social-security number, taxpayer-identification number, or birth date, the name of a witness, personal identification documents such as driver's license or passport, a financial-account number, or addresses associated with an individual . . . ." Fed. R. Crim. P. 49.1. "Sensitive Information" is also defined as names of undisclosed targets of other government criminal investigations and records or documents pertaining to those targets. A witnesses or co-defendant's own records are not considered

"Sensitive Information." Interview reports are considered sensitive, but the contents of a report can be shared with potential witnesses as required to prepare the defense case.

**IT IS FURTHER ORDERED** that the government is authorized to disclose the Discovery in its possession, which the government believes is necessary to comply with the discovery obligations imposed by this Court;

**IT IS FURTHER ORDERED** that counsel of record for the defendant and counsel of record for the government shall hold sensitive information in the Discovery and Reciprocal Discovery produced pursuant to this Order in strict confidence. Therefore, defense counsel shall restrict access to sensitive information in the Discovery, and shall disclose sensitive information in the Discovery to the defendant, office staff, investigators, and to potential fact or expert witnesses or consultants only to the extent that defense counsel believes is necessary to assist in the defense of the defendant in this matter. Government counsel shall restrict access to sensitive information in the Reciprocal Discovery, and shall disclose the sensitive information in the Reciprocal Discovery to office staff, investigators, and to potential fact or expert witnesses or consultants only to the extent that government counsel believes is necessary to assist in the prosecution of the defendant in this matter. Sensitive Information may not be dessiminated to co-defendant members of the joint defense and their counsel and investigators, while co-defendant has a fugitive status, or other individuals identified by the government that fit this category. However, the sensitive

information can be verbally discussed with fugitive co-defendants and their counsel and documents can be shown to co-defendants and their counsel as long as Sensitive Information is redacted. Foreign based witnesses are not permitted to retain physical copies of discovery.

**IT IS FURTHER ORDERED** that counsel of record for the defendant and counsel of record for the government shall give written notice (e.g., email) to any person to whom sensitive information in the Discovery and Reciprocal Discovery is disclosed that such information should be held in strict confidence and that further disclosure or dissemination is prohibited without counsel's express consent; and

**IT IS FURTHER ORDERED** that counsel of record for the defendant and the government shall have each person to whom sensitive information is disclosed acknowledge receipt of the written notice. Counsel shall keep a copy of each written notice to identify the individuals who received the sensitive information in the Discovery or Reciprocal Discovery and the date on which such information was first disclosed.

**IT IS FURTHER ORDERED** that the Order will not apply to material that is part of a public record or becomes part of a public record; derived directly from Defendant or pertain solely to the Defendant; or materials that the defense obtains by means other than he discovery production by the Government.

**IT IS FURTHER ORDERED** that upon conclusion of the above-captioned case and all appeals, if any, any copies of the sensitive information in

the Discovery or Reciprocal Discovery disclosed pursuant to the terms of this Order shall be returned to defense or government counsel and shall either be destroyed or returned to the party who produced the information, except that there shall be no requirement to return or destroy any sensitive information that is incorporated as part of attorney work-product or made public at trial or any court proceeding .

Counsel for the government and for the Defendant shall promptly report any known violations of the Court's order to the Court.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 22nd day of August, 2022

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record