UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  18-cr-80160-DIMITROULEAS

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN,

Defendant.
_____/

## REPLY IN SUPPORT OF MOTION TO REOPEN DETENTION HEARING

Because threats to Ms. Diaz Guillen have not been enough to coerce her to cooperate, plead guilty, and abandon her constitutional rights - including her rights to a jury trial and a speedy trial - the government has resorted to threatening members of her defense team with criminal liability and insinuating that Mr. Gorrin is paying for Ms. Diaz Guillen's legal fees without one bit of evidence.  The government has resorted to desperate measures because it has no evidence to prosecute Ms. Diaz Guillen, to show she is a flight risk, or to refute Ms. Diaz Guillen's credible allegations that the current conditions in the Bureau of Prisons ("BOP") are undermining her Sixth Amendment rights.

### Revocation of the Detention Order is the Appropriate Remedy

This Court ordered the government to file a response to the Motion to Reopen the Revocation Hearing (the "Motion") [D.E. 114].  This Court further ordered the

government to submit "any legal argument and factual evidence, proffers, affidavits, or declarations which address Defendant's claim that she cannot effectively prepare for trial while incarcerated." *Id*. The government proffers a hearsay statement from a U.S. Marshal and a BOP representative that have no evidentiary value and fail to accurately describe the current conditions within the BOP. Undersigned counsel can personally attest to the logistical hurdles defense counsel regularly face attempting to access incarcerated defendants in the post-pandemic BOP.

The BOP is not sufficiently protecting Ms. Diaz Guillen's Sixth Amendment rights. The hurdles Ms. Diaz Guillen is facing in interfacing with counsel are unacceptable and are hindering counsel's ability to effectively represent her.

Despite the government's claims to the contrary, FDC Miami is not the best place for an incarcerated defendant. Arguably, it is the *worst* place right now. The government's assertion that seven (7) hour legal visits are being arranged is false. Visits are currently being scheduled in one-hour increments. The process for securing a legal visit is cumbersome and inefficient. First, counsel must send a request to FDC's legal liaison. The liaison must then approve the request for visitation and schedule a date. Counsel is not consulted regarding available dates for visitation. Thus, if counsel must appear in court or has another professional conflict at the unilaterally scheduled time, undersigned counsel must request another time or visit. If the new time is not convenient, the cycle begins again. The process is further aggravated by regular delays in responses from FDC's legal liaison.

Unfortunately, undersigned counsel does not have the same access to BOP personnel that the government does and has been inable to obtain a declaration or affidavit from FDC Miami.  However, undersigned counsel has amassed several emails, motions, and even a Complaint that shed light on the current conditions at FDC-Miami and confirm the inaccuracies in the government's representations.  For instance, the government claims that visitation at FDC Miami is available seven days a week, [D.E. 118] at 7.  At FDC Miami, visitation is only permitted five days a week from 7am to 2pm.  *See* FDC Miami Covid Action Plan attached hereto as Exhibit 1.  The government's claims that hard drives are permitted at the facility are also not true.  *See* Email correspondence with FDC Miami Legal Liaison regarding electronic discovery attached hereto as Exhibit 2.  The other issue not raised by the government in its opposition is that FDC-Miami routinely closes for visitation without warning.  *See* Email from Federal Public Defender on August 24, 2022 attached hereto as Exhibit 3.  These issues are not problems of convenience for undersigned counsel.  These issues culminate to deprive Ms. Diaz Guillen of her Sixth Amendment right to effective assistance of counsel and impede preparation for her quickly approaching trial.

The issues accessing Ms. Diaz Guillen are not limited to FDC-Miami.  While the Motion to Reopen the Detention Hearing ("Motion") addressed most of these issues in detail, the government categorized them as one instance.  There are a plethora of issues at the Broward and Palm Beach jails.  For instance, undersigned

3

counsel learned recently that the Palm Beach Jail copies all of Ms. Diaz Guillen's legal mail and retains the original, a blatant violation of the attorney client privilege. Undersigned counsel has no idea where the original legal materials are stored and whether they are provided to the government and finds this practice extremely concerning. Additionally, discovery can only be mailed to Ms. Diaz Guillen in paper form at Palm Beach Jail, where she is located now. While the Palm Beach Jail claims that it will permit Ms. Diaz Guillen to receive a CD with discovery, there is no computer in Ms. Diaz Guillen's unit to review discovery. Additionally, phone calls with counsel are recorded. And while there is a video call system, the system is often inoperable. Undersigned counsel created a log of Sixth Amendment violations occurring since the date of filing the Motion. The log is attached hereto as Exhibit 4.

The detained defendants in the Southern District of Florida are not the only ones facing access to counsel and discovery issues in the wake of the COVID-19 pandemic. These issues are widespread across the country. In fact, the Federal Public Defender of New York filed a civil lawsuit against the BOP in hopes of correcting the access to counsel issues. *See* Complaint attached hereto as Exhibit 5. More recently, New York Candidates for Congress have appealed to the Department of Justice and BOP to change the current conditions. *See* Letter to United States Attorney Garland attached hereto as Exhibit 6.

Unfortunately, Ms. Diaz Guillen does not have the luxury of time to file a civil action.  Ms. Diaz Guillen is set for trial on October 17, 2022, and she must prepare now.  She must have access to counsel now.  She must have access to her discovery now.  She should be granted pre-trial release now!

### OFAC Sideshow

The government's argument regarding an "OFAC issue" related to Ms. Diaz Guillen's release pending trial demonstrates that the government does not have a good handle on the OFAC regulations. Interestingly, the government had zero concerns about OFAC violations when it offered Ms. Diaz Guillen bond in exchange for cooperation.  Nor did it have any concerns about Ms. Diaz Guillen's risk of flight or her supposed "undisclosed wealth" if Ms. Diaz Guillen agreed to cooperate.

Ms. Diaz Guillen and undersigned counsel have acted and will continue to act in a good faith.  If the Court wishes to entertain an *ex parte in camera* hearing for undersigned counsel to discuss Ms. Diaz Guillen's ability to pay for a hotel and monitoring services if released, undersigned counsel would happily oblige.  The government, however, is not entitled to this attorney client privileged information. This is not the first-time government counsel has tried to "peek under the defense tent." The government has repeatedly questioned the identity of the members of Ms. Diaz Guillen's joint defense team and what activity the members of the joint defense team are engaged in.  One example of such a direct inquiry as to attorney client privileged matter is attached hereto as Exhibit 7.

Next, the government, without any factual basis, has asserted in a publicly filed pleading that undersigned counsel is at risk for "criminal liability." This is a government manufactured narrative and wholly inappropriate. The government never attempted to confirm the accuracy of this manufactured allegation. The government did not advise undersigned counsel that it would put this manufactured allegation in a publicly filed pleading. The government also affirmed in its publicly filed pleading that it has investigated undersigned counsel and made inquiries with OFAC. *See* [D.E. 118] at 10. The government is fishing for information in hopes of discrediting undersigned counsel to divert the Court's attention from the lack of evidence in this case.

The government also seeks to inquire into who is paying Ms. Diaz Guillen's legal fees. *See id*. This is privileged and another attempt by the government to "peek under the defense tent."

The government's threats against undersigned counsel personally are also an attempt to chill Ms. Diaz Guillen's Sixth Amendment right to counsel of choice by intimidating counsel and undermining the attorney client relationship. Again, this is not the first time the government has attempted to interfere with Ms. Diaz Guillen's right to counsel of choice. Earlier in this case, the government forced a *Garcia* hearing and alleged a potential conflict between Ms. Diaz Guillen and undersigned counsel's former client, Mr. Jimenez Aray. The government pressed this issue despite having knowledge that Ms. Diaz Guillen and Mr. Jimenez Aray were willing

to execute conflict waivers and that there was absolute no good faith basis for identifying Mr. Jimenez Aray as a witness against Ms. Diaz Guillen.

There is no question that undersigned counsel is acting in a good faith manner. Again, undersigned counsel would be more than willing to provide in an *ex parte in camera* hearing a complete and transparent report of all financial arrangements, including fees paid and payors to date, and answer any questions the Court may have.

### Conclusion

The government's conduct here can only be described as unhinged and desperate. The government came up short in its effort to discredit Ms. Diaz Guillen's legitimate, documented incidences of restricted access to counsel and to the discovery in her own case. It has now resorted to unjustified threats and intimidation tactics.

The government has failed to provide any evidence to dispute Ms. Diaz Guillen's assertion that her Sixth Amendment rights are being violated because she and her counsel cannot effectively prepare for trial. As such, the solution is to immediately release Ms. Diaz Guillen pursuant to the conditions outlined in the Motion or any other reasonable combination of conditions.

Respectfully submitted,

TACHE, BRONIS AND DESCALZO, P.A.
150 S.E. Second Avenue, Suite 600
Miami, Florida 33131

Telephone:   (305) 537-9565
Facsimile:   (305) 537-9567

By: */s/ Marissel Descalzo*
       Marissel Descalzo, Esq.
       Florida Bar No. 669318
       mdescalzo@tachebronis.com
       service@tachebronis.com
       *Counsel for Claudia Diaz Guillen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to all attorneys who have made an appearance on this 25th day of August, 2022.

By: */s/ Marissel Descalzo*
       Marissel Descalzo, Esq.