UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-80160-DIMITROULEAS

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN,

      Defendant.
_____/

**CLAUDIA PATRICIA DIAZ GULLEN'S MOTION TO COMPEL GOVERNMENT TO COMPLY WITH THE STANDING DISCOVERY ORDER [D.E. 65] AND RULE 16**

    The government is engaging in a pattern and practice of delay by its failure to comply with discovery obligations. Here, the government has failed to timely produce Rule 16 discovery material. Given the pending trial date October 17, 2022, and Ms. Diaz Guillen's desire to exercise her right to a Speedy Trial, this Court's intervention is required.

## Introduction

    On May 24, 2022, Ms. Diaz Guillen was arraigned, and a standing discovery order was entered. [D.E. 65]. Local Rule 88.10 (o)(2), Southern District of Florida, require that discovery for trial be produced fourteen (14) days following entry of the Standing Discovery Order. On June 7, 2022, the government filed its Response to

the Standing Discovery Order. [D.E. 75]. To date, the government has not made a complete production.

### Timeline of Demands for Discovery

- As early as June 20, 2022, undersigned counsel made a detailed request for certain materials regarding MLAT requests that were absent from the response to the standing discovery order.

- On June 28, 2022, undersigned once again followed up with the government about requested materials. *See* Email Correspondence between the Parties attached hereto as Exhibit 1. The government responded that in addition to seeking to unseal the documents, a protective order was required. *See id.*

- On July 15, 2022, the government sent over the protective order. The parties spent almost two weeks attempting to negotiate an agreeable protective order.

- On July 19, 2022, the government turned over certain materials, but other materials were absent. The government advised these materials were not turned over because not specifically requested. *See* Email Correspondence between the Parties attached hereto as Exhibit 2. Undersigned counsel responded by providing the government a broader, but still detailed request of materials requested. *See id.* The government advised it would have to seek a motion to unseal the additional requested documents. *Id.* It is still unclear why the government did not seek to unseal the entirety of the records the first

time around. Ms. Diaz Guillen has never hidden her intention to file a Motion to Dismiss based on Statute of Limitations.

- On August 4, 2022, undersigned counsel followed up on her request for documents only to learn that the government would not turn over certain documents until the protective order was in place. *See* Email correspondence between the Parties at Exhibit 3.

- On August 15, 2022, in the government's Opposition to Motion for Bill of Particulars, the government stated that it was not in a position to produce anymore discovery until a protective order was in place. [D.E. 112] at 3.

- On August 18, 2022, the government stated it was not in a position to turn over anymore discovery until a protective order was in place. *See* Email Correspondence between the Parties attached hereto as Exhibit 4. Undersigned counsel inquired as to whether the productions would be ready immediately following the hearing on the protective order. *See id*. The government advised it was working on the productions and "hope to be in a position to begin to produce next week." *Id*.

- On August 22, 2022, at the hearing on the Motion for Protective Order, the government advised the Court and undersigned counsel that it was in a position to turn over 11 gigabytes of discovery immediately following the entry of a protective order. At the hearing, the government also promised to

   turn over the names of three (3) undisclosed targets and the names of government witnesses to ensure that undersigned counsel is able to comply with the Protective Order.

- On August 22, 2022, the Court entered a Protective Order. [D.E. 117].

- On August 23, 2023, undersigned counsel inquired into the status of the pending discovery, the names of the three (3) undisclosed witnesses, the government witness list, and made a *Brady* demand. *See* Email Correspondence between the Parties attached hereto as Exhibit 5. The government responded that the process was delayed because it had to mark materials as Sensitive pursuant to the Protective Order. *Id.* It is unclear why materials must be marked, when at the hearing, the government proffered that it would mark the sensitive materials on the discovery log. The government offered to provide the materials immediately, if counsel agreed not to share. *Id.* Upon inquiry, undersigned counsel was advised that the materials would not be ready to produce with "sensitive designation" until next week. *See id.*

## Argument

Rule 16 was also designed "to promote greater pretrial discovery." Fed.R.Crim.P. 16 Notes (1975 Enactment). "[B]roader discovery by both the defense and the prosecution... contribute[s] to the fair and efficient administration of criminal justice... by minimizing the undesirable effect of surprise

at trial, and by otherwise contributing to an accurate determination of the issue of guilt or innocence...." *Id.* Disclosure also facilitate[s] the raising of objections to admissibility prior to trial." Fed.R.Crim.P. 16 Notes (1974 Amend.). Therefore, the Government's obligations to disclose under Rule 16 must be interpreted broadly in furtherance of Defendants' right to due process and right to prepare an effective defense under the Fifth and Sixth Amendments of the United States Constitution, as well as to assist this Court in fairly and efficiently conducting this proceeding. As the United States Supreme Court has held regarding discovery in criminal "[f]or production purposes, it need only appear that the evidence is relevant, competent, and outside of any exclusionary rule..." *Gordon v. United States,* 344 U.S. 414, 420, 73 S.Ct. 369 (1953) (emphasis added).

Here, the requested materials are necessary in order for undersigned counsel to properly determine whether the statute of limitations was properly tolled in this matter. Particularly, the last alleged transfer to Ms. Diaz Guillen takes place on May 2013. The statute of limitations on the charges here are five years. The Superseding Indictment was brought December 2020. From the face of the Superseding Indictment, it appears the government blew the statute of limitations. As a result, this matter is of great importance to Ms. Diaz Guillen and she would like to file a motion to dismiss in advance of trial, if counsel is right regarding the statute of limitations.

Additionally, given the government's concerns regarding the protective order and the discovery in this case. It is imperative that she have the names of the three (3) undisclosed targets and the list of government witnesses. It is impossible for undersigned counsel to comply with the Protective Order without this information.

Ms. Diaz Guillen intends to exercise her right to a Speedy Trial. Any delay in turning over discovery interferes with this right.

Finally, this case was originally indicted August 2018 and Ms. Diaz Guillen was indicted December 2020. There is no reason why the discovery is not immediately available to produce in an organized fashion.

WHEREFORE, Ms. Diaz Guillen request that the Court order the government to turn over any discovery in its possession, custody or control, including any items held back pending the protective order and any items required by Rule 16.

## **RULE 88.9 CERTIFICATION**

Undersigned understands that the government counsel opposes relief requested.

Dated: August 25, 2022.

                                         Respectfully submitted,

                                         TACHE, BRONIS AND DESCALZO, P.A.
                                         150 S.E. Second Avenue, Suite 600
                                         Miami, Florida 33131
                                         Telephone:   (305) 537-9565
                                         Facsimile:    (305) 537-9567

By: */s/ Marissel Descalzo*
Marissel Descalzo, Esq.
Florida Bar No. 669318
mdescalzo@tachebronis.com
service@tachebronis.com
*Counsel for Claudia Diaz Guillen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to all attorneys who have made an appearance on this 25th day of August, 2022.

By: */s/ Marissel Descalzo*
Marissel Descalzo, Esq.