UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-80160-DIMITROULEAS/MATTHEWMAN

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN,

    **Defendant.**
_____/

## GOVERNMENT'S RESPONSE TO THE COURT'S ORDER DOCKET ENTRY 130

The United States of America respectfully submits this response to the Court's Order, Docket Entry 130, directing the parties to address the issue of whether this Court can proceed under Federal Rule of Criminal Procedure 44(c) with a *Garcia* hearing in light of the fact that defendant Claudia Patricia Diaz Guillen's ("Diaz" or "Defendant") co-defendant husband, Adrian Jose Velasquez Figuero("Velasquez"), is a fugitive who is currently in Spain fighting extradition to the United States in this case, or whether this Court must wait to hold any *Garcia* hearing until such time as fugitive co-defendant Velasquez is personally present before this Court. The Court also directed the parties to address whether an affidavit or declaration from fugitive co-defendant Velasquez evidencing any waiver of conflict would satisfy this Court's obligation under Rule 44(c)(2).

The government respectfully submits that the Court cannot proceed with a *Garcia* hearing as long as Velasquez remains a fugitive. The fugitive disentitlement doctrine precludes his participation in such a hearing. This position is consistent with government's previous argument [DE 84] and the Court's previous order [DE 86] striking Velasquez from participating on the grounds of the fugitive disentitlement doctrine, as discussed further below. Even if the Court were

inclined to allow him to "appear" via affidavit, there is no way, without Velasquez being present at the hearing, that the Court can properly "inquire about the propriety of joint representation" and "*personally* advise each defendant [in this case, Diaz and Velasquez] of the right to the effective assistance of counsel, including separate representation." Fed. R. Crim. P 44(c)(emphasis added).

### **The Court Cannot Conduct a Rule 44(c)/*Garcia* Hearing as Velasquez is a Fugitive**

Velasquez is a fugitive from justice in that he has constructively fled the Southern District of Florida to avoid facing the criminal charges against him. *United States v. Shalhoub*, 855 F.3d 1255, 1263 (11th Cir. 2017) (holding that a defendant "constructively fled" because he "knew of the indictment and 'refused to surrender himself to th[e] jurisdiction of the court'" (quoting *United States v. Barnette*, 129 F.3d 1179, 1184 (11th Cir. 1997)); *see also Barnette*, 129 F.3d at 1184 ("[I]ntent to flee from prosecution or arrest may be inferred from a person's failure to surrender to authorities." (quoting *In re Assets of Martin*, 1 F.3d 1351, 1356 (3d Cir. 1993)); *see also Schuster v. United States*, 765 F.2d 1047 (11th Cir. 1985) (holding that a defendant under indictment who "chose to resist extradition" to the United States "established her status as a fugitive from this nation's criminal process"). *Id.* at 1050.  In fact, as noted above, this Court has stricken Velasquez from participating in these criminal proceedings already based on his status as a fugitive. [DE 86.] In accordance with the law and with the Court's prior ruling, Velasquez should not be allowed to avail himself of the benefits of this Court, without likewise submitting to its burdens. *Barnette*, 129 F.3d at 1183; *see also Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001) (applying fugitive disentitlement doctrine because "it would be inequitable to allow [the fugitive] to use the resources of the courts only if the outcome is a benefit to her").

"[The fugitive disentitlement] doctrine accounts for 'the difficulty of enforcement against

2

one not willing to subject himself to the court's authority, the inequity of allowing [a] "fugitive" to use the resources of the courts only if the outcome is an aid to him,' and 'the need to avoid prejudice to the nonfugitive party.'" *Shalhoub*, 855 F.3d at 1259 (quoting *Barnette*, 129 F.3d at 1183). "It also 'discourage[s] . . . flights from justice,' and protects the dignity of the courts." *Id.* (quoting *Ortega–Rodriguez*, 507 U.S. at 241–42). Allowing Velasquez to participate in a Rule 44/*Garcia* hearing at which he is not present would be tantamount to allowing him to use the resources of the Court to aid him, and potentially prejudice him and Defendant Diaz, his wife. For example, Velasquez's attorney's joint representation of Defendant could prejudice Diaz in Velasquez's favor by unduly influencing her to take or not take certain actions before or during trial that benefit Velasquez, but prejudice the Defendant Diaz, or vice versa, influence Defendant to take or not take certain actions before or during trial that benefit Defendant, but prejudice Velasquez. *Shalhoub*, 855 F.3d at 1259. Without Velasquez's presence, there is no way for the Court to properly conduct a Rule 44/*Garcia* inquiry and ensure that "there is good cause to believe that no conflict of interest is likely to arise." Fed. R. Crim. P 44(c). As such, the government respectfully submits that the Court must wait until Velasquez is present before the Court to conduct a proper Rule 44/*Garcia* hearing.

### An Affidavit, Declaration, or Signed Waiver From Velasquez is Insufficient Substitute For a Rule 44/*Garcia* Hearing

Velasquez's appearance via affidavit, declaration, or signed waiver is essentially an end run around the fugitive disentitlement doctrine as discussed above. In addition, it is ineffective and insufficient substitute because the Court cannot personally be assured that Velasquez understands the nature and consequences of joint representation and the rights that he is waiving and the consequences of such waiver. Fed. R. Crim. P. 44(c); *Id.* Advisory Committee Notes (1979

Amendment); *United States v. Osborne*, 402 F.3d 626, 632 (6th Cir. 2005). The Court of Appeals for the District Court of Colombia in *United States v. Campbell*, outlined the problem that would arise here if the Court were to allow the Rule 44/*Garcia* hearing to proceed purely by the submission of an affidavit or waiver by Velasquez:

> The judge's responsibility is not necessarily discharged by simply accepting the codefendants' designation of a single attorney to represent them both. An individual defendant is rarely sophisticated enough to evaluate the potential conflicts, and when two defendants appear with a single attorney it cannot be determined, absent inquiry by the trial judge, whether the attorney has made such an appraisal or has advised his clients of the risks. Considerations of efficient judicial administration as well as important rights of defendants are served when the trial judge makes the affirmative determination that codefendants have intelligently chosen to be represented by the same attorney and that their decision was not governed by poverty and lack of information on the availability of assigned counsel.

352 F. 2d 359, 360 (D.C. Cir. 1965). A submission of an affidavit, declaration, or signed waiver, even accompanied by testimony for conflicted counsel, could not properly assure the Court that Velasquez intelligently and freely chose to be represented by the same attorney as the Defendant. Moreover, "absent inquiry by the trial judge," the Court cannot ensure that Velasquez is properly advised of the conflicts that are present in such a joint representation—as well as conflicts that could arise in the future. *Id*. An affidavit, declaration, or signed waiver, without the presence of fugitive co-defendant Velasquez before the Court is simply not an adequate substitute to holding a proper Rule 44/*Garcia* hearing, which as discussed above, requires the Court to personally advise Velasquez.

### Conclusion

As such, the government believes that the Court cannot conduct a proper Rule 44/*Garcia* hearing as long as Velasquez remains a fugitive as the fugitive disentitlement doctrine bars his

participation in such a hearing.  In addition, proceeding by affidavit, declaration, or signed waiver is also precluded by the fugitive disentitlement doctrine and further, for the reasons discussed above, is an inadequate substitute for a proper Rule 44/*Garcia* hearing which requires Velasquez to be personally advised by the Court.  Counsel for Velasquez should be disqualified from representing Defendant Diaz until such time as fugitive co-defendant Velasquez has made an appearance before this Court and a proper Rule 44/*Garcia* hearing can be held.

Respectfully submitted,

| | |
|---|---|
| LORINDA I. LARYEA<br>ACTING CHIEF, FRAUD SECTION | JUAN ANTONIO GONZLEZ<br>UNITED STATES ATTORNEY |
| By: */s/ Paul A. Hayden*<br>Paul A. Hayden<br>Trial Attorney<br>Criminal Division, Fraud Section<br>U.S. Department of Justice<br>1400 New York Ave. NW<br>Washington, DC 20005<br>TEL (202) 353-9370<br>Paul.hayden2@usdoj.gov | By: */s/ Kurt K. Lunkenheimer*<br>Kurt K. Lunkenheimer<br>Assistant U.S. Attorney<br>Court ID No. A5501535<br>99 N.E. 4th Street<br>Miami, Florida 33132-2111<br>TEL (305) 961-9008<br>Kurt.Lunkenheimer@usdoj.gov |