UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-CR-80160-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLAUDIA PATRICIA DIAZ GUILLEN,

    Defendant.
_____/

### ORDER DENYING DEFENDANT CLAUDIA PATRICIA DIAZ GUILLEN'S MOTION TO REOPEN PRETRIAL DETENTION HEARING AND REVOKE DETENTION ORDER [DE 111]

**THIS CAUSE** is before the Court upon: (1) Defendant Claudia Patricia Diaz Guillen's ("Defendant") Motion to Reopen Pretrial Detention Hearing and Revoke Detention Order ("Motion to Reopen") [DE 111]; (2) the Government's Response in Opposition [DE 118]; and (3) Defendant's Reply [DE 119]. The Court held an in-person hearing on the Motion to Reopen,[1] on August 30, 2022. Defendant, her counsel, and Government counsel were all present at the hearing.

### I.    BACKGROUND

The Government initially moved for pretrial detention of Defendant on the basis that she presents a serious risk of flight or nonappearance. The Undersigned held a two-day detention hearing on May 17, 2022, and May 24, 2022.[2] At the conclusion of the detention hearing, the Court

---

[1] The Court also heard argument concerning Defendant's Motion to Compel Government to Comply with the Standing Discovery Order and Rule 16 [DE 120], and additionally addressed the Notice of Appearance by Andrew S. Feldman, Esq., as co-counsel for Defendant, which resulted in the Government filing an Unopposed Motion for a *Garcia* Hearing [DE 124]. The Court issued two Interim Orders [DEs 129 and 130] on those motions, respectively.

[2] The Court conducted the initial Government proffer portion of the detention hearing but continued the detention

1

orally announced that it was detaining Defendant on the basis that she is a substantial or serious risk of flight or nonappearance. *See* DE 65. The Court further found that there was no condition or combination of conditions of release that would reasonably assure the Defendant's presence in Court. The Court subsequently entered a written Pretrial Detention Order [DE 73] to further explain its rationale for detaining Defendant.

## II.   MOTION, RESPONSE, REPLY, AND HEARING

A. Defendant's Motion [DE 111]

In Defendant's Motion [DE 111], defense counsel argues that her inability to sufficiently confer with Defendant due to post-COVID 19 conditions in jails and prisons is causing issues with Defendant's Sixth Amendment right to effective counsel. [DE 111 at 1–6]. In this regard, defense counsel notes that "[r]eviewing discovery in the current environment at the Bureau of Prisons is close to impossible" in light of the current custodial conditions and the quarantine process in place following the COVID-19 pandemic. *Id.* at 3–7. Citing the volume of discovery and the complexity of the case, defense counsel argues that Defendant's release is necessary to allow Defendant to adequately prepare for trial. *Id.* at 2, 8–10. Moreover, defense counsel cites § 18 U.S.C. 3142(i), noting that courts have granted pretrial release because of circumstances caused by the COVID-19 pandemic. *Id.* at 8–10. And lastly, defense counsel argues that the Government is aware that Defendant is not a flight risk in light of the Government's alleged concession that Defendant "has little, if any, information about the monies that are the subject of the Superseding Indictment," and in light of the Government's "repeated[] offer[s] to agree to bond if [Defendant] cooperates." *Id.*

---

hearing due to potential *Garcia* and *Jencks* issues. Thereafter, following a May 24, 2022 *Garcia* hearing, the Court conducted the remainder of the detention hearing. [DE 73 at 1].

at 10–11.

      B.   <u>The Government's Response in Opposition [DE 118]</u>

In the Government's Response in Opposition [DE 118], the Government argues that nothing has changed since the Court determined that Defendant presents a substantial or serious risk of flight or nonappearance. [DE 118 at 1]. The Government argues that "[i]f Defendant's transfers and detention facility safety protocols are interfering with Defendant's [opportunity for private consultation with counsel], accommodations can be made to ensure private consultation with counsel while Defendant remains detained." *Id.* at 1–2. Further, while the Government acknowledges that "certain health safety measures are still in place at the facilities where Defendant has been housed," the Government contends that "none of those protocols prevent[] Defendant's private consultation with counsel" or prevent Defendant from reviewing discovery. *Id.* at 6–7. To this end, although the Government notes that that discovery is "voluminous" in this case, the Government maintains that "there is nothing unique about this case and the discovery here that would support Defendant's temporary release pending trial."[3] *Id.* at 8.

      C.   <u>Defendant's Reply [DE 119]</u>

In Defendant's Reply [DE 119], defense counsel argues that revocation of the detention order is proper. [DE 119 at 1]. According to defense counsel, "the [Bureau of Prisons] is not sufficiently protecting [Defendant's] Sixth Amendment rights," as "[t]he hurdles [Defendant] is facing in interfacing with counsel are unacceptable and are hindering counsel's ability to

---

[3] The Government also advances argument concerning a potential Office of Foreign Asset Control ("OFAC") issue if Defendant is released. However, the parties did not focus on this issue during the August 30, 2022 in-person hearing. The Government simply stated that it was uncertain how Defendant could afford bail conditions because of the OFAC sanctions.

effectively represent her." *Id.* at 2. In support, defense counsel outlines the specific issues she has encountered in meeting with Defendant and providing discovery. *Id.* at 2–5.

    D.  August 30, 2022 Motion Hearing

During the August 30, 2022 hearing, defense counsel repeated her arguments from the Motion, arguing that—despite whatever efforts the Government described as being reasonable to remedy conferral issues—the actual situation on scene at jails and prisons in this district is an entirely different matter. However, defense counsel also raised one new issue. Specifically, defense counsel proffered the suitability of a residential re-entry facility in Miami for Defendant's pretrial release. Defense counsel argued that, due to the difficulties in meeting with Defendant, the Court should allow Defendant's release to Riverside House along with all necessary conditions of release. In support, defense counsel argued that in a prior criminal case in this district, *United States v. Un*, Case No. 19-cr-20101-Moreno/McAliley, the defendant—whom she alleged to be a United Kingdom citizen facing felony drug charges—was permitted pretrial release at Riverside House.

The Government, in turn, again argued that there were no issues with Defendant receiving discovery, noting that it would make all necessary accommodations wherever Defendant wants to be housed while she is awaiting her October 17, 2022 speedy trial. The Government further rebutted the specific instances that defense counsel described as precluding effective assistance of counsel.

With respect to defense counsel's contention that Riverside House was an appropriate facility to house Defendant pretrial, the Government stated it was the first it had heard of the request. Nonetheless, the Government stated it did not believe it would support Defendant's release

to Riverside House. This was because, according to the Government, wherever Defendant is incarcerated, she is allowed discovery and is allowed to adequately prepare for trial. Thus, the Government argued that Defendant's temporary (or permanent) release was unwarranted.

### III.   LEGAL STANDARD

The policy underlying the Bail Reform Act "is to permit release under the least restrictive condition compatible with assuring the future appearance of the defendant." *United States v. Price*, 773 F.2d 1526, 1527 (11th Cir. 1985) (per curiam). When the United States seeks to detain a criminal defendant pending trial based on his or her status as a flight risk, it must prove by a preponderance of the evidence that no condition or set of conditions will reasonably assure his or her presence at trial. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

As to the Defendant's Motion, the last sentence of 18 U.S.C. § 3142(f) states as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Accordingly, on a motion to reconsider or reopen a detention hearing, Defendant is required to establish that (1) information exists that was not known to Defendant at the time of the initial detention hearing; and (2) that such information has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. *United States v. Haynes*, No. 19-cr-80045, 2019 WL 5538300, at *1 (S.D. Fla. Oct. 28, 2019); *United States v. Ramos*, No. 14-80052-CR, 2014 WL 1515264, at *2 (S.D. Fla. Apr. 7, 2014); *United States v. Gallo,* No. 12-20630-CR, 2014

WL 1230717, at *3 (S.D. Fla. Mar. 25, 2014).

Moreover, pursuant to 18 U.S.C. 3142(i), a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." While there is limited authority governing the conditions necessitating temporary release for defense preparation, "[c]ourts considering whether pretrial release is 'necessary' under § 3142(i) have considered: (1) the time and opportunity the defendant had to prepare for the trial and participate in his [or her] defense, (2) the complexity of the case and volume of information, and (3) the expense and inconvenience associated with preparing while incarcerated." *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) (citing *United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *6–7 (W.D. La. Jan. 18, 2013); *United States v. Dupree*, 833 F. Supp. 2d 241, 249 (E.D.N.Y. 2011); *United States v. Persico*, No. S 84 Cr. 809, 1986 WL 3793, at *2 (S.D.N.Y. Mar. 27, 1986)). However, the complexity of a case and volume of information at issue, standing alone, "are not sufficiently compelling to find that [a defendant's] release is 'necessary' for the preparation of his [or her] defense." *United States v. Dupree*, 833 F. Supp. 2d 241, 248 (E.D.N.Y. 2011).

Additionally, as previously stated by this Court, "while some courts have allowed temporary release in certain compelling cases [in connection with COVID-19], a growing number of courts have rejected these types of generalized and speculative arguments . . . because they apply 'equally to anyone in custody or, for that matter, at the halfway house or anywhere else in this community or any other,' and because 'the Court cannot release every detainee at risk of being

[affected by conditions caused by COVID-19] because the Court would then be obligated to release every detainee." *United States v. Martinez*, No. 20-80031-CR, 2020 WL 2517016, at *4 (S.D. Fla. May 14, 2020). It is the defendant that bears the burden of establishing circumstances warranting temporary release pursuant to section 3142(i). *Bothra*, 2020 WL 2611545, at *2.

## IV. LEGAL ANALYSIS

The Court has carefully considered the Motion [DE 111], the Response in Opposition [DE 118], Defendant's Reply [DE 119], and argument of counsel presented during the August 30, 2022 hearing. Because Defendant's Motion can be construed as both a motion to reopen the detention hearing and a motion for temporary release, the Court will address both aspects.

First, the Court finds that defense counsel's alleged issues in sufficiently conferring with Defendant following her pretrial detention is "information . . . that was not known to Defendant at the time of the initial detention hearing." 18 U.S.C. § 3142(f). However, the Court finds that those alleged difficulties can be remedied while Defendant is detained. Moreover, such information does not change this Court's view as to whether there exist conditions of release that will reasonably assure the appearance of Defendant as required. *See Haynes*, 2019 WL 553800, at *1; *Ramos*, 2014 WL 1515264, at *2 (S.D. Fla. Apr. 7, 2014); *Gallo*, 2014 WL 1230717, at *3.

As correctly noted by the Government, the Court previously informed Defendant that she could move for release if her circumstances changed. In this regard, the Court stated that, for example, if Defendant's husband was extradited to the United States, and/or if her children relocated to the United States, the Court would consider such as *potentially* affecting Defendant's ties to the United States and, therefore, her risk of flight or non-appearance. Such circumstances have not changed. The post-COVID 19 conditions in jails and prisons and the resulting difficulties

in preparing for trial simply have no bearing on any condition of release that will ensure Defendant's appearance at trial. *See Haynes*, 2019 WL 553800, at *1; *Ramos*, 2014 WL 1515264, at *2 (S.D. Fla. Apr. 7, 2014); *Gallo*, 2014 WL 1230717, at *3.

Next, the Court finds that the suitability of Riverside House and the *Un* case constitutes new information that was unknown to Defendant at the time of her detention hearing that would possibly have a material bearing on "whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 2142(f). But, with that being said, the Court finds that the Government has still established by a preponderance of the evidence that no condition or set of conditions will reasonably assure Defendant's presence at trial. *See Medina*, 775 F.2d at 1402.

One reason for this finding is because the Court has carefully reviewed the case file for *United States v. Un*, Southern District of Florida Case No. 19-cr-20101, in detail, and finds it to be entirely inapposite. In that case, while the Government and the defendant agreed to a $25,000 personal surety bond and placement of defendant Un at Riverside House, there were significant mental health issues with defendant Un that are not present here.[4] Further—and most importantly—although defense counsel Ms. Descalzo proffered that defendant Un was a United Kingdom citizen, and therefore similarly situated to Defendant Diaz Guillen (who is Venezuelan citizen), the Undersigned's review of the *Un* docket determined that defendant Un was, in fact, a United States citizen.[5] The record of that case clearly reflects that Un was not and is not a foreign

---

[4] *See* DEs 15 (the Bond Conditions) and 21 (the Order for Mental Health Examination to Determine Competency) of Case No. 19-cr-20101.
[5] The defendant Un's United States Passport was listed as a trial exhibit. [DE 55 at 2]. Moreover, the sealed PSI reflects that defendant Un is a United States citizen. [DE 65 at 3].

national like Defendant Diaz Guillen. Thus, *Un* is wholly unlike the instant case and is simply not relevant nor persuasive in regard to the instant case.

Moreover, as confirmed to the Undersigned by the U.S. Probation Office, the Riverside House facility is a Residential Re-Entry Center and is simply not a secure facility. Any defendant housed there can easily walk away from that facility. In light of the numerous serious risk of flight factors applicable to Defendant Diaz Guillen, including but not limited to the fact that she is a citizen of Venezuela, that no extradition treaty exists between Venezuela and the United States, that Diaz Guillen has no ties to the United States, that her entire family resides outside the United States, and the serious nature of the pending charges, release of Ms. Diaz Guillen to the Riverside House facility is entirely inappropriate.

Third, the Court finds that defense counsel's alleged issues in conferring with Defendant do not establish a need or compelling reason to release Defendant to prepare for her October 17, 2022 trial date. 18 U.S.C. § 3142(i). Indeed, the Court is not persuaded that defense counsel has exhausted all efforts to sufficiently meet with Defendant. While the Court takes very seriously its obligation to ensure that a pretrial detainee such as Ms. Diaz Guillen be afforded a reasonable opportunity for private consultation with counsel, § 18 U.S.C. 3142(i)(3), and that she be able to effectively prepare her case for trial, the Court finds that pretrial detention in this case will not prevent such.

Specifically, defense counsel was unaware that she could contact the United States Marshals Service to facilitate meeting with Defendant and reviewing discovery in the event of any difficulty. At the hearing, the Court provided defense counsel with the contact information for the supervisory Deputy U.S. Marshal in the event of any difficulties. Moreover, it was represented to

9

the Court by the U.S. Marshal's Office that Defendant will be kept in the Palm Beach County Jail pending trial, which defense counsel noted was Defendant's preferred location of incarceration (assuming the Court did not release Defendant or permit her to stay at Riverside House). And, the Government noted that it had reached out to Palm Beach County Jail and would be making further accommodations as needed to ensure sufficient conferral between defense counsel and Defendant.[6] The Court also provided defense counsel with the email contact information for the supervisor at the Palm Beach County Jail to further assist with any visitation issues. Thus, the Court finds that Defendant has not satisfied her burden of demonstrating that temporary release is necessary to prepare her defense, or that her release is necessary for any other compelling reason. 18 U.S.C. 3142(i). While defense counsel cites to the volume of discovery and the complexity of the case, those reasons are not sufficient, standing alone, to permit temporary release. *See Dupree*, 833 F. Supp. 2d at 248. Many cases in this district involving pretrial detainees are complex and have a large volume of discovery and nonetheless proceed to resolution by trial or plea in a fair and effective manner.

Lastly, to the extent defense counsel argues that the Government is aware Defendant is not a risk of flight because Defendant "has little, if any, information about the monies that are the subject of the Superseding Indictment" and because the Government has "repeatedly offered to agree to bond if [Defendant] cooperates," the Court finds such argument non-persuasive. The

---

[6] The Court also notes that it previously made arrangements for defense counsel Ms. Descalzo to meet with her client at the Marshal's lock-up in the West Palm Beach Courthouse for several hours on the day of the court hearing in this case, allowing her to bring into that location her computer and electronic discovery to review with Defendant. [DE 122]. The Court will make the same arrangements for all future West Palm Beach Courthouse hearings, including the next scheduled hearing on September 22, 2022. This is in addition to defense counsel's ability to meet with Defendant at the Palm Beach County Jail and review all discovery, including electronic discovery, at that facility.

argument concerning Defendant's knowledge of the monies was a major focal point of Defendant's initial detention hearing. While defense counsel now argues that the Government has "conceded" that Defendant has "little, if any" knowledge of the monies that are the subject of the Superseding Indictment, the Government raised additional concerns about Office of Foreign Asset Control issues in its Response, DE 118 at 9–11, to underscore that, contrary to Defendant's assertions that she does not have money nor the means to flee, there are issues which would tend to demonstrate otherwise. Specifically, the Government points to questions surrounding payment of Defendant's pretrial release conditions and the funding of her defense. [DE 118 at 10]. And, with respect to the Government purportedly offering to agree to bond if Defendant pleads guilty and cooperates, the Court declines to interject itself into any alleged plea discussions. This is not a factor which affects the Court's pretrial detention decision.

Accordingly, for all of the reasons set forth at the pretrial detention hearing as well as in this Court's Pretrial Detention Order [DE 73] and as set forth in this Order, Defendant's Motion [DE 111] must be denied.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Reopen Pretrial Detention Hearing and Revoke Detention Order [DE 111] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 9th day of September, 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge