UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-80160-DIMITROULEAS

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN,

    Defendant.
_____/

**MOTION TO DISMISS ALLEGATIONS IN COUNTS TWO, NINE AND TEN THAT UNSPECIFIED VENEZUELAN CRIMINAL LAWS CONSTITUTED SPECIFIED UNLAWFUL ACTIVITY PURSUANT TO 18 U.S.C. SECTION 1956(C)(7)(B)(IV)**

*/s/Marissel Descalzo*
**TACHE BRONIS AND DESCALZO, P.A**
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Office: (305) 537-9565
Florida Bar No. 669318
Email: mdescalzo@tachebronis.com

*/s/Andrew S. Feldman*
**FELDMAN FIRM PLLC**
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Direct: (305) 714-9474
Florida Bar No. 60325
Email: afeldman@feldmanpllc.com

*Attorneys for Claudia Diaz Guillen*

## INTRODUCTION

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) and (iv) and the presentment clause of the Fifth Amendment of the U.S. Constitution Mrs. Claudia Diaz Guillen respectfully requests that this court dismiss the allegations in Counts 2, 9, and 10 of the SSI that Mrs. Diaz Guillen (i) agreed to *or* (ii) aided and abetted in transferring, transporting or transmitting the proceeds of an unspecified Venezuelan criminal law involving bribery of a public official or theft, embezzlement, or misappropriation of public funds by or for the benefit of the public official to promote the carrying on of those violations of unspecified Venezuelan criminal laws. The government seeks to constructively amend or broaden Counts 2, 9, and 10 Superseding Indictment (SSI) through notice provisions in the federal rules of criminal procedure in direct contravention of the Due Process clause and the Presentment Clause of the Fifth Amendment. As such, any allegations related to Venezuelan laws in Counts 2, 9, and 10 must be dismissed with prejudice.

Mrs. Diaz Guillen first raised this issue with the Court in the Motion to Dismiss. Dkt. No. 77. Mrs. Diaz Guillen then raised this issue in the Motion for Bill of Particulars. Dkt. Nos. 110, 115. This Court denied each motion but ordered the Government to provide Rule 26.1 notice to Mrs. Diaz Guillen of the Venezuelan laws that form the only basis – other than violations of the FCPA -- for the allegations in Counts Two, Nine, and Ten of the SSI that Mrs. Diaz Guillen

2

conspired with others or aided and abetted others to transfer, transmit, or transport monies which were proceeds of *specified unlawful activity* -- that is, crime(s) against a foreign nation involving bribery of a public official or theft, embezzlement, or misappropriation of public funds by or for the benefit of the public official -- to promote and carry on that precise specified unlawful activity (*i.e.* a crime against a foreign nation involving bribery of a public official or theft, embezzlement, or misappropriation of public funds by or for the benefit of the public official). Dkt. No. 121. The government then provided Rule 26.1 notice of various Venezuelan laws. Dkt. Nos. 132 and 140. In that Rule 26.1 Notice, the government stated:

> The government provides notice that it intends to offer evidence during trial that in violation of 18 U.S.C. §§ 1956(h), 1956(a)(2)(A), and 2, as charged in the Superseding Indictment [DE 44], the defendant conspired to launder money and laundered money to promote the carrying on of specified unlawful activity that included offenses against a foreign nation involving bribery of a public official and the misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official in violation of Venezuela's 2003 Law Against Corruption, Official Gazette No. 5.637E, and/or the Penal Code of Venezuela, Official Gazette No. 5.768E of April 13, 2005. Copies of the original statutes with unofficial translations are attached as Exhibits 1 and 2, respectively.

Dkt. No. 132. The Notice, however, only encouraged more guessing. It provided Mrs. Diaz Guillen with a Notice which included the Spanish versions of 92 distinct Articles of Venezuelan criminal laws and 16 distinct Articles of those Venezuelan laws translated into English. Dkt. No. 132.

Nowhere in the Notice did the government apprise Mrs. Diaz Guillen of *which specific law* in Venezuela was supposedly violated and which law or laws constitutes the alleged specified unlawful activity alleged in the SSI. Instead, the government noticed more than 90 criminal provisions in Spanish and more than a dozen criminal provisions in English.

On September 27, 2022, 20 days before trial and for the very first time, in a Rule 16(a)(1)(G) notice the government narrowed the landscape of potential Venezuelan criminal laws that might constitute the specified unlawful activity under Section 1956(c)(7)(B)(iv), as charged in Counts Two, Nine and, Ten of the SSI, from ***Ninety-Two*** to ***Thirteen different individual provisions*** - 7 contained in the Anti-Corruption Law of Venezuela (2003) and 6 contained in the Penal Code of Venezuela.

As set forth below, regardless of whether the government has provided adequate notice required by the Rules (which Mrs. Diaz Guillen disputes), the allegations in Counts 2, 9, and 10 in the SSI related to unspecified Venezuelan criminal laws supposedly involving bribery of a public official or theft, embezzlement, or misappropriation of public funds by or for the benefit of the public official must be dismissed. Such retroactive notice broadens and amends the allegations in the SSI in violation of the presentment clause of the Fifth Amendment and such notice cannot act as a proxy for a grand jury finding that a certain

4

Venezuelan law or laws constituted specified unlawful activity as charged in Counts 2, 9, and 10 of the SSI.

## ARGUMENT

The allegations in Counts 2, 9, and 10 of the Superseding Indictment related to unspecified Venezuelan laws must be dismissed. The government has completely circumvented the constitutional requirement under the Fifth Amendment of presentment in this case by employing a charge first decide which laws later protocol for providing Mrs. Diaz Guillen with notice of what criminal law in Venezuela amounts to the one of the two specified unlawful activities that supposedly formed the basis for the return of Counts 2, 9, and 10 in the Superseding Indictment.

The Presentment Clause of the Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. "Accordingly, "after an indictment has been returned[,] its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States,* 361 U.S. 212, 215-16, (1960) ("Ever since *Ex parte Bain*, 121 U.S. 1. was decided in 1887 it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself.") (citing *Ex Parte Bain,* 121 U.S. 1, (1887)).

Furthermore, a fundamental principle stemming from the Fifth Amendment is that a defendant can be convicted only for a crime charged in the indictment. *United States v. Figueroa*, 666 F.2d 1375, 1379 (11th Cir.1982). An indictment is constructively amended "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Keller*, 916 F.2d 628, 634 (11th Cir.1990) (reversing conviction based on finding that government constructively amended the indictment).

In *Keck v. United States,* 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505 (1899), the Supreme Court held that an indictment charging the defendant with the importation of diamonds contrary to law was insufficient:

> The allegations of the count were obviously too general, and did not sufficiently inform the defendant of the nature of the accusation against him. The words, "contrary to law," contained in the statute, clearly relate to legal provisions not found in Section 3082 itself; but we look in vain in the count for any indication of what was relied on as violative of the statutory regulations concerning the importation of merchandise. The generic expression "import and bring into the United States," did not convey the necessary information, because importing merchandise is not per se contrary to law, and could only become so when done in violation of specific statutory requirements.

*Keck,* at 437, 19 S.Ct. at 455; *see also Babb v. United States,* 218 F.2d 538, 541 (5th Cir. 1955) (holding that the "indictment should have alleged some fact or facts showing that the cattle in question were imported or brought in contrary to some

6

law; and that it is not enough to say that they were imported or brought in `contrary to law'"). In none of these cases did the indictment specify the statute defendant's actions were contrary to, or the actions defendant had taken that were sufficient to constitute a violation of law.) *See Steiner v. United States,* 229 F.2d 745, 748 (9th Cir. 1956) (holding indictments to be defective, because they "failed to state what law . . . the importation [of psittacine birds] was contrary to, or in what respect such importation was contrary to law").

      Here, similar to the smuggling statute cases where the government failed to identify the law of laws that were "contrary to the law" in the indictment, the SSI failed to identify any Venezuelan law that was supposedly violated. Which begs the question how could the grand jury reach a probable cause finding that any of the monies alleged in Counts 9, and 10 of the SSI were proceeds of a Venezuelan criminal law involving bribery of a public official or theft, embezzlement, or misappropriation of public funds by or for the benefit of the public official that were transported, transmitted, or transferred to promote the carrying on of violations of Venezuelan criminal laws involving bribery of a public official or theft, embezzlement, or misappropriation of public funds by or for the benefit of the public official without hearing a single word about Venezuelan law? Similarly, how could the grand jurors reach a probable cause finding with respect to Count 2 in the SSI that Mrs. Diaz Guillen agreed with Raul Gorrin and/or her husband Adrian

Velazquez Figueroa to transfer, transmit, or transport proceeds of a Venezuelan criminal law involving bribery of a public official or theft, embezzlement, or misappropriation of public funds by or for the benefit of the public official to promote the carrying on of violations of Venezuelan criminal laws involving bribery of a public official or theft, embezzlement, or misappropriation of public funds by or for the benefit of the public official without hearing a single word about Venezuelan law? The answer is straightforward: they could not.

To remedy this untreatable constitutional problem, the government provided notice under Rule 26.1 of more than 20 possible foreign laws. And, now it has provided notice through expert disclosure of 13 possible foreign laws under Rule 16. Yet, the government cannot use the notice provisions of the federal rules of criminal procedure to constructively amend the Superseding Indictment in direct contravention of the Fifth Amendment requirement of presentment. Nor were such rules of procedure – especially Rule 26.1 --- designed to permit federal prosecutors to amend or broaden an indictment and to cherry pick – years after an indictment is returned -- which foreign criminal law the jurors should evaluate in rendering a verdict under the money laundering statutes.

Compounding this constitutional problem further, the government seeks to introduce an expert to explain how each of those 13 Venezuelan criminal laws might constitute a crime against a foreign nation involving bribery of a public official or

8

theft, embezzlement, or misappropriation of public funds by or for the benefit of the public official. *See* 18 U.S.C. Section 1956(c)(7)(B)(iv). The time for that foreign legal expert to testify was during the grand jury proceedings which resulted in the Superseding Indictment not weeks before trial at a Rule 104 hearing in front of your Honor.

## CONCLUSION

This court should dismiss each of the allegations in Counts 2, 9, and 10 related to the unspecified Venezuelan laws which supposedly constitute offenses against foreign nations involving bribery of a public official or theft, embezzlement, or misappropriation of public funds by or for the benefit of the public official pursuant to Section 1956(c)(7)(B)(iv) with prejudice. The government may proceed on its theory that the specified unlawful activity in Counts 2, 9, and 10 was a violation of the FCPA.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to all attorneys who are authorized to receive service.

*/s/ Andrew S. Feldman*