FILED by **YH** D.C.

Oct 30, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20217-CR-ALTONAGA/TORRES

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(2)(A)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA,

vs.

CLAUDIA PATRICIA DIAZ GUILLEN and
ADRIAN JOSE VELASQUEZ FIGUEROA,

Defendants.
_____/

### INFORMATION

The United States charges that:

### Introduction

At all times relevant to this Information, unless otherwise specified:

1. Defendant, **CLAUDIA PATRICIA DIAZ GUILLEN**, was a citizen and national of Venezuela. From in or around 2011 through in or around 2013, **CLAUDIA PATRICIA DIAZ GUILLEN** served as the National Treasurer of Venezuela, with decision-making authority and influence within the Oficina Nacional del Tesoro (the "Venezuelan National Treasury"). **CLAUDIA PATRICIA DIAZ GUILLEN** was a "foreign official" as that term is used in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Sections 78dd-2(h)(2)(A) and 78dd-3(f)(2)(A).

2. Defendant, **ADRIAN JOSE VELASQUEZ FIGUEROA**, was the spouse of **CLAUDIA PATRICIA DIAZ GUILLEN** and a citizen and national of Venezuela.

3. Raul Gorrin Belisario was a citizen and national of Venezuela, who at various periods of the conspiracy was a resident of the United States, having maintained a residence in Coral Gables,

Florida. Raul Gorrin Belisario was a "domestic concern" as that term is used in the FCPA, Title 15, United States Code, Sections 78dd-2(a) and 78dd-2(h)(1).

4. "Company 1" was a company incorporated and registered in Panama, and was beneficially controlled by Raul Gorrin Belisario.

5. "Company 2" was a company incorporated and registered in Panama, and was beneficially controlled by Raul Gorrin Belisario.

6. "Company 3" was a company incorporated and registered in Panama, and was beneficially controlled by Raul Gorrin Belisario.

7. Alejandro Andrade Cedeno was a citizen and national of Venezuela. From in or around 2007 through in or around 2010, Alejandro Andrade Cedeno served as the National Treasurer of Venezuela, with decision-making authority and influence within the Venezuelan National Treasury.

## COUNT 1
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

8. Paragraphs 1 through 7 of this Information are realleged and incorporated by reference as though fully set forth herein.

9. From in or around 2008, through in or around 2017, in Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**CLAUDIA PATRICIA DIAZ GUILLEN**
**and ADRIAN JOSE VELASQUEZ FIGUEROA,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the United States to violate Title 18, United States Code, Section 1956(a)(2)(A), that is, to knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified

2

unlawful activity, that is, (a) a violation of the FCPA under Title 15, United States Code, Sections 78dd-2 and 78dd-3, and (b) an offense against a foreign nation involving bribery of a public official and the misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official, in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit, **CLAUDIA PATRICIA DIAZ GUILLEN** and **ADRIAN JOSE VELASQUEZ FIGUEROA** agreed with Raul Gorrin Belisario and others, to transport, transmit, transfer, and cause to be transported, transmitted, and transferred funds from Switzerland to the United States, in order to promote a bribery scheme to offer, promise, authorize, and pay money and other things of value to foreign officials in Venezuela, including Alejandro Andrade Cedeno and **CLAUDIA PATRICIA DIAZ GUILLEN**, to obtain and retain business for, and direct business to, Raul Gorrin Belisario.

All in violation of Title 18, United States Code, Section 1956(h).

### Manner and Means of the Conspiracy

10. The manner and means by which **CLAUDIA PATRICIA DIAZ GUILLEN**, **ADRIAN JOSE VELASQUEZ FIGUEROA**, and other co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

    a. Raul Gorrin Belisario, together with others, while in the Southern District of Florida and elsewhere, discussed in person making bribe payments to foreign officials in Venezuela, including Alejandro Andrade Cedeno and **CLAUDIA PATRICIA DIAZ GUILLEN**, to secure their assistance in awarding contracts to Raul Gorrin Belisario.

    b. Raul Gorrin Belisario, together with others, while in the Southern District of Florida and elsewhere, did offer, promise, authorize, pay, and agree to pay bribes, directly and indirectly, to and for the benefit of foreign officials in Venezuela, including Alejandro Andrade Cedeno and **CLAUDIA PATRICIA DIAZ GUILLEN**, to secure their assistance in awarding business and providing business advantages to Raul Gorrin Belisario.

3

c. Raul Gorrin Belisario, together with others, while in the Southern District of Florida and elsewhere, used Company 1, Company 2, and Company 3 bank accounts, and his own personal bank account at HSBC Private Bank (Suisse) SA, as a conduit for the payment of bribes to foreign officials in Venezuela, including Alejandro Andrade Cedeno and **CLAUDIA PATRICIA DIAZ GUILLEN**, to promote the illegal bribery scheme.

d. Raul Gorrin Belisario, **CLAUDIA PATRICIA DIAZ GUILLEN,** and **ADRIAN JOSE VELASQUEZ FIGUEROA,** together with others, while in the Southern District of Florida and elsewhere, did cause to be wired certain funds from the bank accounts of Company 1, Company 2, and Company 3, as well as Raul Gorrin Belisario's own personal bank account at HSBC Private Bank (Suisse) SA, in Switzerland, in order to promote the illegal bribery scheme.

e. Raul Gorrin Belisario, **CLAUDIA PATRICIA DIAZ GUILLEN,** and **ADRIAN JOSE VELASQUEZ FIGUEROA,** together with others, did cause bribes to be paid for the benefit of **CLAUDIA PATRICIA DIAZ GUILLEN**, including through her spouse, **ADRIAN JOSE VELASQUEZ FIGUEROA**, in order to promote the illegal bribery scheme.

f. **CLAUDIA PATRICIA DIAZ GUILLEN** and **ADRIAN JOSE VELASQUEZ FIGUEROA,** together and with others, including Raul Gorrin Belisario, caused payments to be to be made to third-party vendors to cover expenses for various luxury items on behalf of **CLAUDIA PATRICIA DIAZ GUILLEN** and **ADRIAN JOSE VELASQUEZ FIGUEROA** in the Southern District of Florida and elsewhere, in order to promote the illegal bribery scheme.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 2-3
### Laundering of Monetary Instruments
### (18 U.S.C. §§ 1956(a)(2)(A) and 2)

11. Paragraphs 1 through 7 and 10 of this Information are realleged and incorporated by reference as though fully set forth herein.

4

12. On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, **CLAUDIA PATRICIA DIAZ GUILLEN** and **ADRIAN JOSE VELASQUEZ FIGUEROA**, knowingly transported, transmitted, and transferred, and aided and abetted, and caused, the transport, transmission, and transfer of, and attempted to transport, transmit, and transfer, a monetary instrument and funds to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is, (a) a violation of the FCPA under Title 15, United States Code, Sections 78dd-2 and 78dd-3, and (b) an offense against a foreign nation, specifically Venezuela, involving bribery of a public official and the misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official, in violation of Title 18, United States Code, Section 1956(a)(2)(A), as set forth in each count:

| Count | Approximate Date | Defendant (s) | Financial Transaction |
|---|---|---|---|
| 2 | March 15, 2013 | CLAUDIA PATRICIA DIAZ GUILLEN and ADRIAN JOSE VELASQUEZ FIGUEROA | Wire transfer in the amount of approximately $281,051 from an account in Switzerland to an account located in the United States, specifically in Southern District of Florida. |
| 3 | May 17, 2013 | CLAUDIA PATRICIA DIAZ GUILLEN and ADRIAN JOSE VELASQUEZ FIGUEROA | Wire transfer in the amount of approximately $4,000,000 from an account in Switzerland to an account located in the United States, specifically in the Southern District of Florida. |

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## FORFEITURE
## (18 U.S.C. § 982(a)(1))

1. The allegations contained in this Information are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **CLAUDIA PATRICIA DIAZ GUILLEN** and **ADRIAN JOSE VELASQUEZ FIGUEROA,** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Information, **CLAUDIA PATRICIA DIAZ GUILLEN** and **ADRIAN JOSE VELASQUEZ FIGUEROA** shall forfeit to the United States any property, real or personal, involved in such offense, and/or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. If any property subject to forfeiture, as a result of any act or omission of the defendants,

   (a) cannot be located upon the exercise of due diligence,

   (b) has been transferred or sold to, or deposited with, a third party,

   (c) has been placed beyond the jurisdiction of the Court,

   (d) has been substantially diminished in value, or

   (e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(1) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

By: _____
Kurt Lunkenheimer
Assistant United States Attorney

DANIEL S. KAHN, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By: _____
Vanessa Sisti, Assistant Chief
Paul A. Hayden, Trial Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN, and
ADRIAN JOSE VELASQUEZ FIGUEROA,

_____ Defendants. _____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

| | | | |
|---|---|---|---|
| New defendant(s) | Yes ___ | No ___ | |
| Number of new defendants | ___ | | |
| Total number of counts | ___ | | |

**Court Division:** (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect   Spanish

4. This case will take  8-10  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days   ___
   - II   6 to 10 days  ✓
   - III  11 to 20 days ___
   - IV   21 to 60 days ___
   - V    61 days and over ___

   (Check only one)
   - Petty   ___
   - Minor   ___
   - Misdem. ___
   - Felony  ✓

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes ___   No ✓

_____
KURT K. LUNKENHEIMER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court ID No. A5501535    REV 6/5/2020

*Penalty Sheet(s) attached

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>CLAUDIA PATRICIA DIAZ GUILLEN</u>

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

*Max. Penalty: 20 years' imprisonment

Counts #: 2-3

Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)

*Max. Penalty: 20 years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name: ADRIAN JOSE VELASQUEZ FIGUEROA

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

*Max. Penalty: 20 years' imprisonment

Counts #: 2-3

Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)

*Max. Penalty: 20 years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Claudia Patricia Diaz Guillen | ) | |
| | ) | |
| *Defendant* | ) | |

**WAIVER OF AN INDICTMENT**

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Adrian Jose Velasquez Figueroa | ) | |
| | ) | |
| *Defendant* | ) | |

**WAIVER OF AN INDICTMENT**

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*