UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-80160-DIMITROULEAS

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN,

      Defendant.
_____/

## MOTION TO EXCUDE 404(B) EVIDENCE AND GOVERNMENT WITNESS M.C.

The government has noticed a new, independent, uncharged conspiracy with different co-conspirators, as evidence that is inextricably intertwined with the evidence regarding the charged offense. This evidence is inadmissible.

I.    **Introduction**

The government is seeking to introduce the testimony of government witness M.C. M.C. has no knowledge of the charged conspiracy other than inadmissible gossip that he "heard Mr. Velasquez Figueroa had a deal with Raul Gorrin". M.C. has never even met co-conspirator Alejandro Andrade. He claims co-conspirator Raul Gorrin kidnapped him but knows little else about him. M.C. cut all ties with Mr. Velasquez Figueroa in March 2012. M.C.'s concedes in government interview

memoranda that he had very limited contact with Ms. Diaz Guillen. M.C.'s sole purpose as a witness is to introduce evidence that between late 2010 and March 2012 he allegedly paid bribes in exchange for Ms. Diaz Guillen and Mr. Velasquez Figueroa "awarding to him and his entities the foreign exchange contracts and actually paid the bribes to Ms. Diaz Guillen through Velasquez and entities he controlled." [D.E. 148] at 5. The government claims that this type of testimony is intrinsic and required to explain Ms. Diaz Guillen's "knowing" participation in a conspiracy and to establish her "state of mind," which is difficult to prove.

Not only does witness M.C.'s testimony lack any foundational basis, the testimony is sought as a work-around to show Ms. Diaz Guillen's propensity to engage in bad conduct. The central purpose of Rule 404(b) is to exclude evidence designed to establish a person's propensity to commit the charged crime. *See* FRE 404(b)(1). Because the government has only one witness to testify to the alleged conspiracy, and that witness – A.A. - has significant credibility issues, the government is attempting to bolster their evidence with the testimony of a second witness with no knowledge of the charged crimes. This should not be permitted.

## II.     Rule 404(b) Evidence should be excluded

This Court should exclude any of the supposed other bad act evidence that the does not satisfy the baseline test set forth in Federal Rule of Evidence 404(b). *United States v. Stubbs,* 944 F.2d 828, 836 (11th Cir.1991) (the evidence must be relevant

to an issue other than defendant's character; the probative value must not be substantially outweighed by its undue prejudice; and the government must offer sufficient proof so that the jury could find that defendant committed the act."); *see also United States v. Hogan,* 986 F.2d 1364. 1374 (11th Cir. 1993).

In the instant case, the proffered evidence falls far short of meeting this test. Instead, it is plain that such evidence is nothing more than improper propensity evidence masquerading as subsequent bad acts evidence. *See, United States v. Cortijo-Diaz,* 875 F.2d 13, 15 (1st Cir. 1989) ("[W]e cannot over-emphasize the central principle for which this rule stands ... evidence of other acts is *not admissible* to prove propensity ....") (emphasis in original)). In fact, the evidence is clearly offered for no other reason other than to infer that Ms. Diaz Guillen had the propensity to commit the charged offense. Propensity is, however, a prohibited reason for admitting Rule 404(b) evidence. *Cortijo-Diaz,* 875 F.2d at 15.

To avoid exclusion, the Government attempts to re-designate what amounts to obvious propensity evidence by including one conclusory statement, urging your Honor to treat the supposed bad acts evidence as evidence offered to prove knowledge. [D.E. 148] at 5. Yet, Rule 404(b) states that prior acts *"may"* be admissible to prove intent or knowledge. It does not state that it *"is"* automatically admissible. As explained in the Advisory Committee Notes to Rule 404(b), "[n]o mechanical solution is offered." In fact, the Advisory Committee rejected an

automatic plug-in solution in favor of individualized determination by the trial judge. The Court must therefore consider each 404(b) admissibility determination within the facts and circumstances of the case.

More importantly, every piece of evidence is not "inextricably intertwined" with the scheme if it occurred in temporal or physical proximity to the alleged events. The government does not need the proposed evidence to prove the offense charged. It may help, but evidence about a separate conspiracy with separate players and during a different time period cannot be "intrinsic" because the evidence does not provide the jury with essential information to decide whether Ms. Diaz Guillen knowing conspired to commit money laundering. *Cf. United States v. Marti*, 294 F. App'x 439, 446-47 (11th Cir. 2008) (superbills submitted to private insurers were extrinsic evidence, rather than intrinsic evidence, because they were "unnecessary to the jury's understanding of the charged offenses" of Medicaid fraud); *United States v. Hernandez*, 626 App'x 900, 906 (11th Cir. 2015) ("[T]he circumstances of this [sex trafficking] case – which was charged and prosecuted as a single victim crime – mean that evidence showing a similar modus operandi employed against another victim is not inextricably intertwined with the charges, but rather is classic Rule 404(b) evidence of other bad acts.")  Here, evidence of a second alleged conspiracy is not necessary to educate the jury as to whether the charged conspiracy occurred.  It will only serve to inflame and prejudice the jury.  The government

should be required to prove the case they charged with evidence related to the charged case.

Additionally, permitting the government to introduce evidence regarding a second uncharged conspiracy will lead the trial to devolve into a second mini-trial. Particularly, Ms. Diaz Guillen will have to undertake extensive cross-examination on this unrelated, uncharged, alleged conspiracy, followed by detailed testimony and additional witnesses during any defense case to rebut this highly prejudicial evidence. All of this would consume substantial trial time, which is unnecessary. If the government wished to insert a second conspiracy in this trial, it could have charged it. It did not. Rule 403's "major function of excluding matter of scant or cumulative probative force, dragged in . . . for the sake of its prejudicial effect . . . is required here." *See United States v.Utter*, 97 F.3d 509, 514-15 (11th Cir. 1996) (quotation marks and citations omitted).

Moreover, the Court should exclude M.C. and the testimony regarding an alleged second conspiracy as unfairly prejudicial. Courts have discretion to exclude otherwise relevant evidence "if its probative value is substantially outweighed by . . . danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" occurs when there is "undue tendency to suggest decision on an improper basis, commonly, though, not necessarily, an emotional one." *Id* . R.

403, Advisory Committee's Notes. Any probative value of the second alleged conspiracy is outweighed by the prejudice. The government seeks to cure the prejudice by offering that the Court issue a limiting instruction. A limiting instruction will not cure the severe impact that an entire new conspiracy injected into this trial will have on the jury.

The evidence sought to be introduced here has absolutely no connection to the charged conspiracy. By attempting to insert this conduct (and essentially a new criminal uncharged conspiracy which Ms. Diaz Guillen must be permitted to defend) the Government stretches the temporal limitations envisioned by 404(b) beyond their limit. By their plain terms, intent, motive, knowledge, preparation, plan, and opportunity all encompass evidence of *prior* conduct which makes it more probable than not that a defendant intended to, knew about, planned, prepared for, had the opportunity to commit, or was motivated to commit the charged conduct. Thus, evidence of this alleged and the uncharged second alleged conspiracy has no bearing whatsoever on whether Ms. Diaz Guillen intended to, planned, had knowledge of, prepared for, or possessed the opportunity to commit the charged conduct.

Finally, fairness dictates that this Court should exclude the subsequent bad acts evidence where, as here, the government can do without it. *United States v. Jones,* 28 F.3d 1574 (11th Cir. 1994), *modified on other grounds,* 74 F.3d 275 (11th

Cir. 1996); *United States v. Pollack,* 926 F2d 1044 (11th Cir. 1991; *United States v. Hernandez,* 896 F.2d 513 (11th Cir. 1990).

### III. M.C. Testimony Should Be Excluded under Rule 403 as Misleading Testimony Lacking any Evidentiary Foundation
### IV.

M.C. interview memoranda are littered with conclusionary statements, gossip, and inadmissible hearsay. M.C. admits that he destroyed all evidence of dealings with Ms. Diaz Guillen's husband in March 2012. There are no emails or text messages validating the nature of the relationship. The materials in discovery related to M.C. consist of bank records and documentation opening up bank accounts for an entity owned by M.C. and later by M.C. and Ms. Diaz Guillen's husband. Ms. Diaz Guillen is notably absent from ***all*** of these records. There is not a single piece of evidence connecting Ms. Diaz Guillen and M.C. There is not a single piece of evidence showing that M.C. ever transacted with the Venezuelan National Bank during Ms. Diaz Guillen's tenure or any other time. Instead, M.C. makes unsubstantiated conclusory statements that "Ms. Diaz Guillen knew" "Ms. Diaz Guillen knew for sure", but there is nothing to support these statements. While it is customary to police these types of issues during trial, M.C. presents a particularly concerning scenario because all his statements lack foundation and/or violate the Federal Rules of Evidence. Not to mention, all his testimony is hugely speculative and violated the premise of Rule 403. As such, M.C. should be excluded as a trial witness.

WHEREFORE, Ms. Diaz Guillen moves this Court for an Order exclude government witness M.C., the proffered 404(b) evidence, and any evidence of an alleged second conspiracy.

                Respectfully submitted,

                TACHE, BRONIS AND DESCALZO, P.A.
                150 S.E. Second Avenue, Suite 600
                Miami, Florida 33131
                Telephone:   (305) 537-9565
                Facsimile:     (305) 537-9567

                By: */s/ Marissel Descalzo*
                    Marissel Descalzo, Esq.
                    Florida Bar No. 669318
                    mdescalzo@tachebronis.com
                    service@tachebronis.com
                    *Counsel for Claudia Diaz Guille*

                FELDMAN FIRM, PLLC
                150 S.E. Second Avenue, Suite 600
                Miami, Florida 33131
                Telephone:   (305) 714-9474

                By: */s/ Andrew S. Feldman*
                    Andrew S. Feldman, Esq.
                    Florida Bar No. 060325
                    afeldman@feldmanpllc.com
                    *Co-counsel for Claudia Diaz Guillen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to all attorneys who are authorized to receive service.

*/s/ Marissel Descalzo*
Marissel Descalzo, Esq.

10