**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-cr-80160-DIMITROULEAS**

**UNITED STATES OF AMERICA**

**v.**

**CLAUDIA PATRICIA DIAZ GUILLEN,**

> **Defendant.**
> _____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO CLAUDIA DIAZ'S**
**MOTION TO DISMISS COUNT 9 OF THE SUPERSEDING INDICTMENT**
**AS TIME BARRED**

The United States, by and through its undersigned attorneys, hereby responds in opposition to defendant Claudia Patricia Diaz Guillen's Motion to Dismiss Count 9 of the Superseding Indictment as Time Barred.   [DE 168].   Defendant argues, *inter alia*, that Count Nine of the Superseding Indictment [DE 44] returned on December 15, 2020, which alleges a substantive money laundering charge occurring on March 13, 2013, was brought after the five-year statute of limitations and (1) the Superseding Indictment was not filed within any applicable suspension period under 18 U.S.C. § 3292; (2) the filing of the Information on October 30, 2020, without a waiver of indictment, cannot toll the 5-year period established for returning an indictment under 18 U.S.C. § 3282 in violation of the plain language of the suspension limitation of 3 years under 18 U.S.C. § 3292, and; (3) Count Nine in the Superseding Indictment is time-barred by the 5-year Statute of Limitations because the government did not institute a prosecution by filing an information without a waiver of indictment.   As such, Defendant argues that Count 9 is time

1

barred and should be dismissed with prejudice.

Defendant's arguments fail because: (1) Count 9 was properly tolled under 18 U.S.C. § 3292; (2) the filing of the Information before the expiration of the statute of limitations, despite the absence of a waiver of indictment, was sufficient to make Count 9 timely; (3) the Superseding Indictment was timely pursuant to 18 U.S.C. § 3288, and; (4) equitable tolling principles further prevent dismissal. For these and the reasons below, Defendant's motion to dismiss should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background is generally not in dispute. The government and Diaz agree that Count 9's applicable statute of limitations is five years, absent tolling. *See* 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."). The government and Diaz also agree that the statute of limitations as to Count 9 was properly tolled pursuant to 18 U.S.C. § 3292. Diaz calculated the statute of limitations, including applicable tolling under § 3292, as expiring on November 4, 2020. [DE 168 at 2]. The government's calculation differs only slightly—only three days earlier, November 1, 2020. The government finds that the statute of limitations for Count 9 was tolled for 962 days on November 7, 2017, (the date the official request was submitted to Switzerland) pursuant to § 3292 until June 26, 2020 (the date final action was taken by Switzerland) plus the remaining 127 days under § 3282 resulting in an expiration date of November 1, 2020.[1]

---

[1] On November 7, 2017, the government made an official request for assistance of the appropriate authorities in

Regardless of whether the date was November 1, 2020, or November 4, 2020, the parties agree that prior to either of those dates, on October 30, 2020, the government filed an Information charging Diaz and Velasquez each with one count of conspiring to launder money, in violation of 18 U.S.C. § 1956(h), and two substantive counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2. *United States. v. Claudia Diaz Guillen, et al.*, 20-cr-20217-CMA (S.D. Fla. Oct. 30, 2020) (DE 1, Information).  Specifically, for the tolling analysis at issue here, the conduct underlying Count 9 of the Superseding Indictment was charged in Count 2 of the Information.

On or about November 2, 2020, government counsel spoke with Diaz and Velasquez's then defense counsel, and they indicated that Diaz and Velasquez would not file a waiver of indictment.  Government counsel informed them at that time that because they would not enter a waiver, the government would seek to dismiss the Information.

On November 19, 2020, the Government filed to dismiss the Information, with Diaz and Velasquez joining that motion and agreeing to the relief sought.  On that same date, November 19, 2017, the Honorable Cecilia M. Altonaga entered an Order granting leave to dismiss the Information under Rule 48 noting "the suspension of grand juries and the inability of the United States to present criminal matters for indictment until at least November 19, 2020,

---

Switzerland pursuant to the Treaty on Mutual Assistance in Criminal Matters in the criminal investigation and prosecution of co-defendant Raul Antonio Gorrin ("Gorrin"), and others, including Defendant and her co-defendant husband, Adrian Jose Velasquez Figueroa ("Velasquez").  On November 9, 2017, the government filed an *ex parte* application for the suspension of running of statute of limitations pursuant to 18 U.S.C. § 3292 and on November 13, 2017, the court entered an *ex parte* order suspending the statute of limitations for the offenses identified in the government's application for the period authorized pursuant to 18 U.S.C. § 3292(c).  As such, the statute of limitations was tolled on November 7, 2017, with 127 days remaining prior to the expiration of the 5-year limitation in § 3282.  Adding in the 962 days that the statute was tolled pursuant to § 3292 plus the remaining 127 days from June 26, 2020 (date of final action by Switzerland) results in an expiration date of November 1, 2020.

as well as concerns about the running of the statute of limitations on certain substantive counts in this particular case, the government filed the instant information to "institute" it within the meaning of 18 U.S.C. § 3282(a).  *See United States v. Burdix-Dana*, 149 F.3d 741, 743 (7th Cir. 1998)." *United States. v. Claudia Diaz Guillen, et al.*, 20-cr-20217-CMA (S.D. Fla. Nov.17, 2020) (*see* DE 5, Order of Dismissal).

On December 15, 2020, a federal grand jury in the Southern District of Florida returned a Superseding Indictment charging Diaz and her husband, Velasquez, with the same offenses charged in the Information, which were tolled pursuant to 18 U.S.C. § 3822: one count of conspiring to launder money, in violation of 18 U.S.C. § 1956(h), and two substantive counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2. [DE 44.]   Relevant here, Count 9 charged Diaz, Velasquez, and their fugitive co-defendant, Gorrin, with one of the substantive money laundering counts, alleging that on March 15, 2013, that she caused, aided and abetted a wire transfer in the amount of approximately $281,051 from an account in Switzerland to an account located in the Southern District of Florida, in the United States.

## ARGUMENT

I.     **The statute of limitations for Count 9 was properly tolled until November 1, 2020, pursuant to 18 U.S.C. § 3292 (Foreign Evidence Suspension).**

There is no dispute between the parties that the statute of limitations for Count 9 was properly tolled pursuant to § 3292(a).

Section 3292(a)(1) states:

> [u]pon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a

preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country. . . (b) Except as provided in subsection (c) of this section, a period of suspension under this section shall begin on the date on which the official request is made and end on the date on which the foreign court or authority takes final action on the request . . . (c) The total of all periods of suspension under this section with respect to an offense— (1) shall not exceed three years . . .

The tolling begins at the time of the official request and concludes when the foreign government takes "final action" on the request.   *Id*. § 3292(b); *see United States v. Torres*, 318 F.3d 1058 (11th Cir. 2003).

As discussed above, and agreed upon by the parties, the suspension of the statute of limitations for Count 9 began on November 7, 2017, the date of the government's official request to Switzerland and ended on June 26, 2020, the date Switzerland took final action on the government's request.   While the government's calculation as to the date the statute of limitations expired was slightly different than Diaz's, as discussed above (November 1, 2020 versus November 4, 2020, respectively) neither exceeded the three years allowed under "this section" pursuant to the statute.   18 U.S.C. § 3292.   The Defendant seems to suggest that Section 3292 prohibits additional tolling—beyond three years—pursuant to *other* sections of Title 18.   That is not the case.   The plain language of Section 3292 is that "[t]he total of all periods of suspension under *this section*…shall not exceed three years."   *Id*. (emphasis added).   "This section" is Section 3292, and both parties agree that the tolling under Section 3292 was less than three years. Because the Information, filed on October 30, 2022, was filed prior to the expiration of the statute of limitations as properly tolled pursuant to Section 3292, it was timely.   Following the filing of the Information, other statutory tolling provisions applied, as detailed below.

5

II.     **The filing of the Information before the expiration of the statute of limitations, despite the absence of a waiver of indictment, was sufficient to make Count 9 timely.**

As the plain statutory language and majority of the case law make clear, an information is instituted, and thus tolls the statute of limitations contained in 18 U.S.C. § 3282 and permits the invocation of the six-month grace period for reinstituting a prosecution provided in 18 U.S.C. § 3288, when that information is filed with the district court, regardless of when the defendant asserts or waives his right to prosecution by indictment.   That is what happened here.

The relevant statute of limitations in this case is provided by 18 U.S.C. § 3282(a), which states "no person shall be prosecuted . . . unless the indictment is found or *the information is instituted* within five years [] after such offense shall have been committed."   18 U.S.C. § 3282(a) (emphasis added).   Here, the government filed the Information on October 30, 2020, which included what is Count 9 of the later Superseding Indictment, within the limitations period.

The defense contends that the Information was defective because it was not accompanied by a waiver of indictment, and accordingly was not sufficient to begin the prosecution within the limitations period.   That argument ignores the plain language of § 3282, which requires only that the government file the information within five years, not also that the defendant waive indictment by a grand jury within five years.

Specifically, the plain language of § 3282 requires only that the "information" be "instituted"—that is, "inaugurate[d]," "commence[d]," "start[ed]," or "introduce[d]."   Black's Law Dictionary 800 (6th Ed. 1990).   Albeit in a different statutory context, the Supreme Court has construed "instituted" in exactly that fashion.   *See Gollust v. Mendell*, 501 U.S. 115, 124 (1991).   Institution requires only "commencement."   *Id.*   There is no suggestion in § 3282 that

any further requirement be met. Indeed, the object of the word "instituted" is "the information"; thus, what must be commenced or introduced is the information, not the entire criminal prosecution. An information comes into being once it is filed with the district court. Then, separately and in response to that information, the defendant must enter a waiver of prosecution by indictment in compliance with Federal Rule of Criminal Procedure 7(b) before he can be adjudicated on that information.  But such a waiver is not required for the information, and the accompanying criminal case, to come into existence.

This statutory reading is consistent with what the filing of an information achieves. Specifically, the filing of an information provides the district court with subject matter jurisdiction and, under Federal Rule of Criminal Procedure 9, instills the district court with the authority—and a mandate—to issue a warrant or summons for each defendant named in the information if the Government establishes probable cause.  *See* Fed. R. Crim. P. 9(a). While Rule 7(b) requires that a defendant waive prosecution by indictment before his guilt can be adjudicated on charges alleged in an information, there is no reason why an information's effectiveness for that, or any other particular purpose, should control whether it is "instituted" under 18 U.S.C. § 3282.  Each is a separate inquiry controlled by the text and purpose of a different statute or court rule.

This statutory reading is also consistent with courts' interpretations of Rule 7(b).  Rule 7(b) does not "prohibit the *filing* of an information in the absence of a waiver by the defendant. Instead, the rule proscribes *prosecution* without waiver.  Therefore, [an] information [can be] filed within the period of limitations, thus providing a valid basis for prosecution." *United States v. Cooper*, 956 F.2d 960, 962-63 (10th Cir. 1992).  As Wright and Miller have recognized, "[i]t is inconsequential whether the information is filed before or after the defendant has waived

indictment.   The fact that the information was filed first and the waiver was made later does not invalidate the pleading."   § 122 Waiver of Indictment, 1 Fed. Prac. & Proc. Crim. § 122 (4th ed. 2019).

The defendant relies heavily on the legislative history of 18 U.S.C. § 3282.   But because the statute's plain language controls, there is no basis for this Court to go further in its analysis. *See, e.g., Ratzlaf v. United States*, 510 U.S. 135, 147-48 (1994) (holding that courts must not resort to legislative history to cloud the meaning of statutory text that is plain); *Darby v. Cisneros*, 509 U.S. 137, 147 (1993) ("Recourse to the legislative history of [the statute at issue] is unnecessary in light of the plain meaning of the statutory text"); *Ins. Co. v. Ritchie*, 72 U.S. 541, 545 (1867) ("[W]hen terms are unambiguous we may not speculate on probabilities of intention"); *see also Harris v. Garner*, 316 F.3d 970, 976 (11th Cir. 2000) (*en banc*) ("When the import of the words Congress has used is clear . . . we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language.").   Simply put, this Court "will not do to the statutory language what Congress did not do with it, because the role of the judicial branch is to apply statutory language, not rewrite it." *Harris*, 216 F.3d at 976. Accordingly, it would be an error of law for the Court to use its interpretation of the legislative history, as defendant urges, to import a new requirement—a waiver of prosecution by indictment— into a statute whose text plainly contains no such requirement.

In addition, the central policy underlying any statute of limitations—notice to the defendant of the allegations against him—is satisfied by this obvious reading of the statute's plain text. Regardless of whether a defendant has waived prosecution by indictment, a filed information gives the defendant notice of the allegations contained therein.   And indeed, in this case, Diaz's counsel

8

was aware of the Information, which was publicly filed, as well as engaged in substantive discussions with the government related to such (thus alerting counsel to the allegations against her).

While proceeding via indictment may be preferable in many situations, here the Government had no choice but to proceed via information due to the pandemic.   As this Court is aware, in a series of Administrative Orders, the Chief Judge suspended grand juries in the Southern District of Florida for more than seven months.   Accordingly, the Government could not seek an indictment in the Southern District of Florida from March 26, 2020 until November 16, 2020, when grand juries resumed in limited fashion. (*See* Admin. Order-2020-22, and all subsequent orders issued by the Chief Judge regarding the Coronavirus Public Emergency.)   The Court's District-wide order—with which, to be clear, the government concurred due to the public health crisis—made it impossible for the government to seek indictments as it would normally.   This Order had an especially challenging impact on cases approaching the statute of limitations end date where the government had rightfully and in good faith assumed, prior to the pandemic, that it would be able to seek an indictment anytime between March and November 2020.   For cases in which the statute of limitations became an issue, the suspension of the grand jury would have been catastrophic, were it not for the government's ability to "institute" timely charges by way of information, pursuant to § 3282.   That is what occurred here.

The vast majority of courts to address this issue, including multiple district courts considering the timeliness of an information filed in response to COVID-19-related grand jury suspensions, have held that an information is "instituted" under § 3282 even if the defendant does not waive indictment. Most notably, the Seventh Circuit—without contradiction from any other

9

Circuit and with adoption by the Tenth Circuit—concluded that filing a waiverless information "instituted" that information under § 3282(a) and, thus, satisfied the statute of limitations. *United States v. Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998). The court reasoned that, although the "absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or trial," it does not "mak[e] the filing of an information a nullity." *Id.* at 743. Instead, *Burdix-Dana* held that the text of 18 U.S.C. § 3282 is clear that the filing of an information alone is "sufficient to institute it within the meaning of" the statute and toll the limitations period. *Id.*; *see also United States v. Thompson*, 287 F.3d 1244, 1249-50, 1253 n.4 (10th Cir. 2002) (analyzing *Burdix-Dana* at length; adopting its logic with respect to indictments under Federal Rule of Criminal Procedure 6(f)); *Cooper*, 956 F.2d at 962-963 ("Rule 7(b) does not prohibit the filing of an information in the absence of a waiver of indictment…therefore the information could have been filed within the period of limitations, thus providing a valid basis for prosecution.").

Multiple district courts have agreed, holding that an information is "instituted" when it is "filed with the clerk of the court" and does not require the defendant have waived prosecution by indictment. *United States v. Watson*, 941 F. Supp. 601, 603 (N.D. Wa. 1996); *see, e.g., United States v. Marifat*, No. 17-CR-189, 2018 WL 1806690, at *2-*3 (E.D. Cal. Apr. 17, 2018); *United States v. Stewart*, 425 F. Supp. 2d 727, 729 (E.D. Va. 2006); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 28 (D.D.C. 2000); *see also United States v. Pennant*, No. 04-CR-828, 2009 WL 364974, at *3 n.7 (E.D. Pa. Feb. 11, 2009) (information "arguably valid" under *Burdix-Dana* and related cases). Simply put, those courts have all held that the date on which the defendant waives or asserts his right to prosecution by indictment does not impact the running of the statute of limitations on the charges against him.

In addition, six district courts to address the filing of waiverless informations during the COVID-19 pandemic have held that a waiverless information is "instituted," and thus satisfies 18 U.S.C. § 3282, when it is filed.  In this District, Judge Ruiz denied the defendant's motion to dismiss the information with prejudice based on the same arguments that Diaz advances here. *United States v. Rosecan,* No. 20-CR-80052-RUIZ(s) (S.D.F.L. Mar. 17, 2021).  The court followed *Burdix-Dana* and held that the plain language of 18 U.S.C. § 3282 provides that an information is "instituted" for purposes of the statute of limitations when it is "filed with the clerk of the court" and does not require the defendant to have waived prosecution by indictment. *Id.* Likewise, in *United States v. Kruse*, the court held that the filing of a waiverless information instituted the information under 18 U.S.C. § 3282 and, accordingly, tolled the statute of limitations. Case No. 1:20-CR-249-RP (W.D. Tex. Dec. 21, 2020).  In *United States v. Dixon*, a Western District of Virginia court held "a waiver of indictment need not accompany an information for it to be 'instituted' for purposes of § 3282(a)," explaining that there was "no basis in the statutory text of § 3282(a), the applicable Federal Rules of Criminal Procedure, or in the case law addressing this issue" to find to the contrary. Case No. 6:20-cr-00006 (W.D. Va. Oct. 26, 2020).  In *United States v. Holmes,* a Northern District of California court held that "the filing of an information without an accompanying waiver is sufficient to toll the statute of limitations—even though it may not be effective for other purposes" based upon a plain reading of 18 U.S.C. § 3282 as well as that statute's purpose of providing notice to the defendant.  2020 WL 6047232 *8 (N.D. Cal. Oct. 13, 2020).  In *United States v. Briscoe*, a District of Maryland court held that "[a]n information is 'instituted' when it is properly filed, regardless of the Defendant's waiver." 2020 WL 5076053 at *2 (D. Md. Aug. 26, 2020) (also noting "[t]he terms 'prosecuted' and 'instituted' are not

equivalent. An information is 'instituted' when it is properly filed, regardless of the Defendant's waiver.     Further prosecutorial actions—such as a trial or a plea agreement—would require waiver, as Rule 7(b) sets forth"); *see also United States v. Collins*, 3:18-cr-00432-JLS (S.D. Cal. Sept. 22, 2020) (minute order denying defendant's motion to dismiss charges as barred by the statute of limitations).   And in *United States v. Weiss*, an Eastern District of Pennsylvania court followed *Burdix-Dana* in finding the prosecution of that matter was properly instituted with the filing of the information without waiver.   2022 WL 619835 (E.D. Pa. Mar. 2, 2022).

Defendant relies on three district court cases that have departed from *Burdix-Dana* in support of her motion to dismiss Count 9—two of which were pre-pandemic.  *See United States v. B.G.G.,* 20-cr-80063-DMM (S.D. Fla. 2020); *United States v. Machado*, 2005 U.S. Dist. LEXIS 26255, at \*5-\*6 (D. Mass. Nov. 3, 2005); *United States v. Sharma*, 4:14-CR-61, at \*5 (S.D. Tex. May 19, 2016).  One of those district court orders, *United States v. Sharma*, CRIMINAL NO. 4:14-CR-61, 2016 WL 2926365 (S.D. Tex. May 19, 2016), recognized that "exigent circumstances" might alter its analysis and, unlike here, that information was sealed from the defendant, failing to give him notice of the allegations against him.   There are very few circumstances more "exigent" than the global pandemic that shuttered grand juries in the Southern District of Florida for approximately eight months.

The other district court order, entered by the District Court for the District of Massachusetts and on which the defendant heavily relies, *United States v. Machado*, No. CRIM.A.04–10232–RWZ, 2005 WL 2886213 (D. Mass. Nov. 3, 2005), was decided incorrectly.   The *Machado* order began its analysis with Rule 7(b)'s requirement that a defendant may be "prosecuted" for a non-capital felony offense only by indictment, or by information if the defendant waives indictment.

12

*Id.* at *2.  The court then noted that "prosecution" can be defined to include the "institution" of a criminal action, and not just the subsequent proceedings.  *See id.* at *2 (defining "to prosecute" as "to institute and pursue a criminal action").  The court concluded, therefore, that to satisfy § 3282's requirement that an information be "instituted," the information must be accompanied by a waiver of indictment.

That reasoning is unpersuasive for at least three reasons.  First, other courts have properly interpreted Rule 7(b)'s prohibition on "prosecution" in a narrower manner, referring only to actions subsequent to the filing of an information or indictment.  *See, e.g.*, *United States v. Cooper*, 956 F.2d 960, 962-63 (10th Cir. 1992) ("Rule 7(b) does not prohibit the *filing* of an information in the absence of waiver of indictment by the defendant. Instead, the rule proscribes *prosecution* without waiver.").  Second, § 3282 requires the institution of an information, not the institution of a criminal action, to toll the statute of limitations.  Thus, even assuming that the *Machado* court's interpretation of the term "prosecution" is correct, Rule 7(b) would simply require that a waiver of indictment be filed with an information before the *criminal action* could be "instituted."  It would not require a waiver of indictment to be filed in order for the information itself to be "instituted" under § 3282.  Third, even if "instituting" an information and "instituting" a criminal action were synonymous, *Machado*'s analysis would not support the contention that § 3282 includes a waiver requirement.  This supposed waiver requirement would not be part of the definition of "instituted," but rather would come from the text of Rule 7(b)—which permits a defendant to "be prosecuted by information [only] if the defendant . . . waives prosecution by indictment."  Fed. R. Crim. P. 7(b).  The requirements of Rule 7(b) would not change the definition of the term "instituted" itself such that, in addition to being "inaugurate[d],"

"commence[d]," "start[ed]," or "introduce[d]," the thing being instituted need also be accompanied by a waiver of indictment. Thus even under *Machado*'s faulty logic, the filing of a waiverless information would "institute[]" the information, satisfying the statute of limitations.

Finally, this Court, like the court in *Rosecan*, should decline to adopt *B.G.G.*'s analysis of whether filing a waiverless information complies with §§ 3282 and 3288. *See United States v. Rosecan,* No. 20-CR-80052-RUIZ(s) (S.D. Fla. Mar. 17, 2021) (declining to adopt B.G.G.'s analysis because it "depart[s] from a plain reading of section 3282 and instead divines the meaning of the statute through a survey of legislative history."). The government has appealed the *B.G.G.* order, which is currently pending before the Eleventh Circuit, and respectfully believes that *B.G.G.*'s discussion of this issue is incorrect. As discussed earlier, the only Court of Appeals decisions addressing the issue, and virtually all of the district court decisions (pre and especially post-pandemic) have agreed that filing an information, even without a waiver of indictment, institutes the proceeding for purposes of the statute of limitations. These decisions correctly begin and end the analysis with the plain language of § 3282, which makes any attempted inquiry into the legislative history of that provision or § 3288 inappropriate.[2]

In summary, the government indisputably filed its Information against Diaz within the statute of limitations. That filing was sufficient to defeat any statute of limitations argument she advances now.

---

[2] Defendant's reliance on *Jaben v. United States*, 381 U.S. 214 (1965), is similarly misplaced. *Jaben* dealt with the filing of a criminal tax complaint for purposes of extending the statute of limitations under the Internal Revenue Code of 1954, 26 U.S.C. § 6531, not the institution of an information tolling the statute of limitations pursuant to 18 U.S.C § 3282 as is the case here. *Jaben's* analysis regarding an entirely different title (Title 26) than at issue here should not be afforded any weight when, as discussed above, the case law discussed herein clearly supports that an information is instituted under Title 18 when it is filed and does not require the defendant have waived prosecution by indictment. *See Burdix-Dana*, 149 F.3d at 742 n.1 (dismissing *Jaben* as analogous).

### III.     The Superseding Indictment was timely pursuant to 18 U.S.C. § 3288.

Because the filing of the Information tolled the statute of limitations, the Government could seek a timely subsequent indictment against Diaz under 18 U.S.C. § 3288 after she declined to waive prosecution by indictment.   The Defendant's argument that the Information did not charge a felony is inconsistent with the plain language of the statute, and the motion to dismiss should be denied.

Under 18 U.S.C. § 3288, there is a six-month grace period for filing a subsequent charging document "after the . . . statute of limitations has expired." Specifically,

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, . . . or, *if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened,* which new indictment shall not be barred by any statute of limitations.

18 U.S.C. § 3288 (emphasis added).   This provision applies unless "the reason for the dismissal was the failure to file the indictment or information within the period proscribed by the applicable statute of limitations, or some other reason that would bar a new prosecution."  *Id.*

Thus, by its terms, 18 U.S.C. § 3288 applies where an underlying information is dismissed in response to a defendant's assertion of his right to prosecution by indictment, because the statute applies to dismissal "for *any reason* after the period prescribed by the applicable statute of limitations has expired[.]" 18 U.S.C. § 3288 (emphasis added).   Accordingly, 18 U.S.C. § 3288 applies to an "information that was a nullity because only an indictment would suffice[.]" *United*

*States v. Macklin*, 535 F.2d 191, 193 (2d Cir. 1976).   Indeed, in 1964 Congress amended 18 U.S.C. § 3288 to "permit re-prosecution by indictment of a defendant whose conviction had been vacated even when the court had been without jurisdiction to proceed under the original information." *Macklin*, 535 F.2d at 193; *see also United States v. Charnay*, 537 F.2d 341, 355 (9th Cir. 1976) ("[A] second indictment may properly be returned within the prescribed six-months period where the dismissal of the first indictment is due to a legal defect.").   When interpreting a statute, a court must begin with its plain language and assume Congress means what the statute says. *See Richards v. United States*, 369 U.S. 1, 9 (1962) ("[W]e must, of course, start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used.").   And, that capacious language contained in 18 U.S.C. § 3288 certainly encompasses the reason animating the government's dismissal of the Information under Rule 48(a)—its non-compliance with Rule 7(b) because Diaz declined to waive prosecution by indictment.

The only exception in the text of 18 U.S.C. § 3288 is where the original charging document was dismissed for "failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution."   18 U.S.C. § 3288.   As discussed above, the government filed the Information within the statute of limitations period and a dismissal resulting from non-compliance with Rule 7(b) is not a dismissal that would bar a new prosecution.   Indeed, the "very purpose for which § 3288 was enacted" was to allow "a second indictment to remedy legal deficiencies present in the first[.]"   *United States v. Clawson*, 104 F.3d 250, 252 (9th Cir. 1996); *see also United States v. Italiano*, (11th Cir. 1990) ("We agree with other courts of appeals that have addressed the issue that § 3288 is available to correct legal defects as well as grand jury defects or irregularities.").   Moreover, as *Burdix-Dana*

16

recognizes, 18 U.S.C. § 3288 applies even if—as in *Burdix-Dana* and here—the Government moves to dismiss the information for failure to comply with Rule 7(b).   149 F.3d at 743.

In sum, this is a case where the government, faced with an unprecedented scenario resulting from an international public health crisis, complied with the clear requirements of the applicable statute of limitations first by instituting the Information within the statute of limitations period—giving Diaz notice of the allegations against her and the opportunity to waive prosecution by indictment while grand juries were, essentially, indefinitely suspended during a long-lasting global pandemic—and then by seeking to dismiss the Information and indict Diaz within six months of grand juries reconvening after that dismissal.   That is precisely what 18 U.S.C. §§ 3282 and 3288 permit.

### IV.     Equitable tolling principles further prevent dismissal of Count 9.

Although the Court need not reach the question, even if it disagreed with our plain language interpretation of §§ 3282 and 3288, it still could not dismiss Count 9, because equitable tolling principles support extending the statute of limitations up to the date that the Government obtained the Superseding Indictment in this case.   *See, e.g.*, *Kruse* (finding, in addition to the statutory analysis, that equitable tolling principles applied given the court-ordered closure of grand juries during the pandemic).

In general, "equitable tolling" is the doctrine under which a party may bring an action after the statutory limitations period has expired if it was prevented from doing so earlier by inequitable circumstances.   *See Bailey v. Glover*, 88 U.S. (21 Wall.) 342 (1874); *see also Osterneck v. E.T. Barwick Indus.*, 825 F.2d 1521, 1535 (11th Cir. 1987), *aff'd, Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989).   The doctrine of equitable tolling allows a court to toll the statute of limitations

17

until such a time that the court determines would have been fair for the statute of limitations to begin running.  *See, e.g.*, *Justice v. United States*, 6 F.3d 1474, 1475 (11th Cir. 1993) ("The doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust.").

Unless Congress states otherwise, equitable tolling should be read into every federal statute of limitations.  *Holmberg v. Armbrecht*, 327 U.S. 392, 395–96 (1946).  This includes criminal statutes of limitations like 18 U.S.C. § 3282.  "It is hornbook law that limitations periods are customarily subject to equitable tolling[.]"  *Young v. United States*, 535 U.S. 43, 50 (2002); *accord United States v. Locke*, 471 U.S. 84, 94 n.10 (1985) ("Statutory filing deadlines are generally subject to the defense[] of . . . equitable tolling.").  Although equitable-tolling principles are most commonly applied in the civil context, "there is no reason to distinguish between the rights protected by criminal and civil statutes of limitations."  *Powers v. Southland Corp.*, 4 F.3d 223, 233 (3d Cir. 1993).  Equitable tolling commonly is applied to time limits in criminal cases. *See, e.g.*, *Fallen v. United States*, 378 U.S. 139, 144 (1964) (time for filing a notice of appeal); *Grant v. Swarthout*, 862 F.3d 914, 923 (9th Cir. 2017) (AEDPA); *United States v. Terlingo*, 327 F.3d 216, 222 (3d Cir. 2003) (time for government to seek criminal restitution).  The Third Circuit, for example, has repeatedly assumed that equitable tolling could apply to criminal statutes of limitations addressing when the Government can institute a prosecution.  *See, e.g.*, *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).[3]

---

[3] Multiple Courts of Appeals have concluded that other non-statutory "tolling" rules apply to 18 U.S.C. § 3282—for instance, when the government unseals an indictment or seeks a superseding indictment after the statute lapses. *See United States v. Wright*, 343 F.3d 849, 857 (6th Cir. 2003) (filing of an indictment under seal will toll the statute of limitations if the indictment was properly sealed); *United States v. Bracy*, 67 F.3d 1421, 1426 (9th Cir. 1995) (same); *United States v. Sharpe*, 995 F.2d 49, 50 (5th Cir. 1993) (same); *see also United States v. Hickey*, 580 F3d

Moreover, although "criminal limitation statutes are to be liberally interpreted in favor of repose," *Toussie v. United States*, 397 U.S. 112, 115 (1970) (quotation and internal quotation marks omitted), the Supreme Court has also recognized that time limits "sought to be applied to bar rights of the Government[] must receive a strict construction in favor of the Government," *Badaracco v. Commissioner*, 464 U.S. 386, 391 (1984). Thus, the Supreme Court will not,

> in expounding a statute, give to it a construction which would in any degree disarm the government of a power which has been confided to it to be used for the general good—or which would enable individuals to embarrass it, in the discharge of the high duties it owes to the community—unless plain and express words indicated that such was the intention of the Legislature.

*Brown v. Duchesne*, 60 U.S. 183, 195 (1856).

Assuming that equitable tolling can apply to 18 U.S.C. § 3282 and similar limitations statutes, a pandemic requiring suspension of grand juries is a compelling case for such tolling. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Government had no way to foresee that a global pandemic would shut down grand juries in this District and make it impossible to return an indictment during a significant portion of the limitations period. Indeed, just prior to the pandemic forcing the closure of the grand juries, the United States had been planning to indict on April 9, 2020.

Applying equitable tolling here is particularly justified because the government filed a

---

922, 929 (9th Cir. 2009) (superseding indictment). The Supreme Court has found equitable tolling to be available even when statutory tolling provisions are likewise present. *See, e.g.*, *Young*, 535 U.S. at 52; *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 559 (1974).

charging document before the statutory period expired, demonstrating the government's good faith attempt to notify the defendant about the allegations against him and do what it could to initiate this prosecution despite the unavailability of grand juries.   Although "[f]ederal courts have typically extended equitable tolling relief only sparingly," the Supreme Court has "allowed equitable tolling in situations where [a private] claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period[.]"   *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It is hard to imagine a more extraordinary and excusable circumstance than a life-threatening pandemic that, consistent with government-issued stay-at-home orders, required the total suspension of grand juries for public safety.   Here, the government filed an information within the statutory period and therefore both (1) "actively pursued" its remedies, even if the pleading was ultimately "defective," *Irwin*, 498 U.S. at 96, and (2) eliminated prejudice to the defendant by providing notice of the charges within the statutory period.

The government has far more compelling facts here than those the Third Circuit found inadequate in *Midgley*.   There, the Court assumed that equitable tolling could apply to criminal statutes of limitation but found that a defendant's breach of a plea agreement was not an "extraordinary" interference with the government's ability to assert its rights.   *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).   The government may not be "entitled to equitable tolling of the statute of limitations merely because it is without fault."   *Id*.   Here, by contrast, the government has exactly the type of truly extraordinary circumstances that *Midgley* lacked.

For all of these reasons, equitable tolling principles would prohibit dismissing the Count 9 of the Superseding Indictment in this case even if this Court were to disagree with our interpretation of §§ 3282 and 3288.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant's Motion to Dismiss Count 9 of the Superseding Indictment be denied.

Respectfully Submitted,

GLEN S. LEON                             JUAN ANTONIO GONZALEZ
CHIEF, FRAUD SECTION                     UNITED STATES ATTORNEY

By:  */s/ Paul A. Hayden*          By:  */s/ Kurt K. Lunkenheimer*
     PAUL A. HAYDEN                      KURT K. LUNKENHEIMER
     MICHAEL CULHANE HARPER              Assistant United States Attorney
     Trial Attorneys                     Court ID No. A5501535
     Fraud Section, Criminal Division    U.S. Attorney's Office - SDFL
     U.S. Department of Justice          99 N.E. 4th Street, Suite 600
     1400 New York Avenue, N.W.          Miami, FL 33132-2111
     Washington, D.C. 20005              Telephone: (305) 961-9008
     Telephone: 202-353-9370             Email: Kurt.Lunkenheimer@usdoj.gov
     Email: paul.hayden2@usdoj.gov