UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-80160-DIMITROULEAS

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN and
ADRIAN JOSE VELASQUEZ FIGUEROA,

    Defendants.

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS'
JOINT MOTION TO EXCLUDE WITNESS A.A.**

    The United States, by and through its undersigned attorneys, hereby responds in opposition to defendants Claudia Patricia Diaz Guillen's and Adrian Jose Velasquez Figueroa's Joint Motion to Exclude Witness A.A.   [DE 222].   Defendants claim, *inter alia*, that: (1) the Court did not follow the requirements and procedures of the Classified Information Procedures Act ("CIPA"); (2) the information withheld from the defendants was *Brady* and *Giglio*, and; (3) CIPA does not outweigh the constitutional due process demands of *Brady*.   In so claiming, defendants request that Witness A.A. be excluded from testifying.   Alternatively, defendants request that the Court order the government to disclose classified information and permit defendants to question Witness A.A. about classified information on cross-examination.

    The defendants' arguments appear to be an attempt to relitigate claims previously made in the defense's Memorandum in Support of Relief Related to CIPA Litigation [DE 154], which was denied by the Court as moot on October 18, 2022. [DE 211].   "Additional facts and arguments

1

that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002); *see also Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) ("a motion to reconsider should not be used by the parties to set forth new theories of law"). Even if the Court were inclined to consider the merits of the defendants' arguments, they also fail because the government and the Court properly followed the processes afforded under CIPA. The defendants' motion is not supported by the record or the law, and the Court should deny it in its entirety.

## FACTUAL BACKGROUND

On October 13, 2022, the government made a classified filing pursuant to Section 4 of CIPA. [DE 189]. On October 14, 2022, the Court conducted an *ex parte*, *in camera* hearing, after which the government produced unclassified information to counsel for the defendant. [DE 195].

## LEGAL STANDARD

The government incorporates by reference the CIPA background provided in the Government's Response in Opposition to Defendant's Memorandum of Relief Related to CIPA Litigation [DE 164]. In short, CIPA itself does not change the government's discovery obligations, and it does not alter the rules of evidence. Instead, CIPA mandates a number of procedures at the pretrial, trial, and appellate stages of a criminal case to enable courts to protect a defendant's right to due process, including the right to a fair trial, and to protect the government's interest in classified information, sources, and methods. This interest applies, *inter alia*, in both the discovery and trial contexts. *See United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989) ("CIPA was enacted . . . to combat the problem of graymail, a practice whereby a criminal

defendant threatens to reveal classified information during the course of his trial in the hope of forcing the government to drop the criminal charge" and provides "a procedural framework" for rulings before evidence is introduced in open court); *see also United States v. Sterling*, 724 F.3d 482, 515 (4th Cir. 2013) (CIPA "was designed to balance the defendant's interest in a fair trial and the government's interest in protecting national security information"); *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998) (discussing balance between national security and due process rights of the defendant); *see generally United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (CIPA's fundamental purpose is to "protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial" (internal quotation marks and citation omitted)); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988) ("CIPA creates a pre-trial procedure for ruling upon the admissibility of classified information.").

## ARGUMENT

The defendants' request—that Witness A.A. be excluded from testifying—is unsupported by precedent and unwarranted given the facts of the case.

As discussed above, CIPA contains a set of procedures by which federal courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases.   CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest."   *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996).   It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial."   *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006), cert. denied, 549 U.S. 1117 (2007).

Here, the government and the Court followed those procedures, thus striking the appropriate balance the law requires.   Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States.   18 U.S.C. App. III § 4; *see e.g., United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir.), *cert. denied*, 525 U.S. 834 (1998); *United States v. Yunis*, 867 F.2d 617, 619-25 (D.C. Cir. 1989).   Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).   The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security.   *See* S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; *see also United States v. Pringle*, 751 F. 2d 419, 427 (1st Cir. 1985).

Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.   The Court may permit the United States to make a request for such authorization in the form of a written statement **to be inspected by the court alone**.

18 U.S.C. App. III § 4 (emphasis added).   In essence, Section 4 allows the United States to request that the court review classified information *ex parte* and *in camera* to determine whether it is discoverable under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure

through various means if it is discoverable.  *See United States v. Libby*, 429 F. Supp. 2d 18, 22 (D.D.C. Apr. 5, 2006) (amended by *United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006)); *also United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998), *cert. denied sub nom. Payan-Solis v. United States*, 528 U.S. 842 (1999); *Rezaq*, 134 F.3d at 1142; *Yunis*, 867 F.2d at 619-25; *Pringle*, 751 F.2d at 427-28.

Thus, if the district court determines that the classified information is either not "relevant to the determination of the guilt or innocence of the defendant[]," or "helpful to the defense," or "essential to a fair determination of the cause," it is within its authority to withhold disclosure of the information.  *Smith*, 780 F.2d at 1110 (quoting with approval *Pringle*, 751 F.2d at 428, and holding that the defendant's right to discovery must be balanced against public interest in nondisclosure); *see also Yunis*, 867 F.2d at 623 ("[A] defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused.'" (quoting *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)).   For example, the government may request the Court deny discovery of a classified document in its entirety pursuant to Section 4 because it is not discoverable under the relevant legal standard.  *Libby*, 429 F. Supp. at 48.   Alternatively, the government may file a motion under Section 4 to delete specific classified information from a document that either the government or the Court has deemed discoverable, or to substitute an unclassified summary or admission in the place of the document.  *Id*. at 47.   CIPA further directs that if the court determines that the disputed document is not subject to discovery or, if it is, permits deletion or substitution of the classified information, then the entire text of any *ex parte in camera* pleadings shall be sealed and preserved in the court's record to be made available to the appellate court in the event of an appeal.   18 U.S.C. App. III § 4; *see also United States v. Aref*, No. 04-

CR-402, 2006 WL 1877142, at *2 (S.D.N.Y. Jul. 6, 2006).

Here, the government, following the procedures set forth in Section 4, made a classified filing [DE-189] and the Court, acting in accordance with Section 4, conducted an *ex parte*, *in camera* hearing, after which it ordered the government to produce unclassified information to counsel for the defendants.   [DE-195].   The requirements and procedures required by Section 4 were followed to the letter, despite defendants' unsupported assertions to the contrary.

Moreover, none of defendants' proffered reasons for seeking additional information concerning Witness A.A. hold water.



Finally, defendants' argument that the remedy for the Court's failure to follow CIPA procedures—which, again, is not the case here—is the exclusion of the witness is unfounded. Not one of the cases cited by defendants is analogous.   Each deals with a witness's privilege against self-incrimination, not CIPA-related issues as is alleged here.   As such, they should be given no weight.

**<u>CONCLUSION</u>**

The defendants' request, that Witness A.A. be excluded from testifying or that the Court order the government to disclose classified information to the defense and permit defendants to inquire about classified information on cross-examination, should be denied.

Respectfully submitted,

GLEN S. LEON                          JUAN ANTONIO GONZALEZ
CHIEF, FRAUD SECTION                  UNITED STATES ATTORNEY

By:  */s/ Paul A. Hayden*        By:  */s/ Kurt K. Lunkenheimer*
     PAUL A. HAYDEN                    KURT K. LUNKENHEIMER
     MICHAEL CULHANE HARPER            Assistant United States Attorney
     Trial Attorneys                  Court ID No. A5501535
     Fraud Section, Criminal Division U.S. Attorney's Office - SDFL
     U.S. Department of Justice       99 N.E. 4th Street, Suite 600
     1400 New York Avenue, N.W.       Miami, FL 33132-2111
     Washington, D.C. 20005           Telephone: (305) 961-9008
     Telephone: 202-353-9370          Email: Kurt.Lunkenheimer@usdoj.gov
     Email: paul.hayden2@usdoj.gov