## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-cr-80160-DIMITROULEAS

**UNITED STATES OF AMERICA**

**v.**

**CLAUDIA PATRICIA DIAZ GUILLEN and**
**ADRIAN JOSE VELASQUEZ FIGUEROA,**

**Defendants.**

_____ /

### UNITED STATES' MOTION *IN LIMINE* TO ADMIT CO-CONSPIRATOR STATEMENTS AND SUMMARY EXHIBIT AT TRIAL

The United States, by and through the undersigned counsel, hereby moves *in limine* for an order to admit co-conspirator statements and a summary exhibit at the trial of Defendants Claudia Patricia Diaz Guillen ("Defendant Diaz") and Adrian Jose Velasquez Figueroa ("Defendant Velasquez") (collectively Defendant Diaz and Defendant Velasquez are referred to herein as the "Defendants").

### A.    The Instant Offense

The money laundering charges in the Superseding Indictment arose from Defendant Diaz's and Defendant Velasquez's role in a bribery and money laundering scheme, along with others, including co-conspirator and fugitive co-defendant Raul Gorrin Belisario ("Co-Defendant Gorrin").[1] In furtherance of the scheme, the Defendants sought to unlawfully enrich themselves and their co-conspirators by accepting bribe payments, as Defendant Diaz was a Venezuelan government official (National Treasurer), to ensure that co-conspirators were able to obtain

---

[1] Gorrin is a co-defendant and charged in the same Superseding Indictment as Defendant Diaz and Defendant Velasquez. [DE 44].

improper business advantages, including the approval to conduct foreign currency exchanges on behalf of the Venezuelan Treasury.   Co-Defendant Gorrin and his co-conspirators were able to make a substantial profit, and they agreed to pay a portion of that profit as bribe payments to Defendant Diaz through Defendant Velasquez because the foreign currency exchange was based on the fixed currency exchange rate as set by the Venezuelan government.   For example, if the official rate of exchange was six bolivars (the official currency of Venezuela) to one U.S. Dollar and the parallel market was 12 bolivars to one U.S. Dollar this would allow the individual approved to conduct the exchange to double his holdings by buying from the government at six and selling on the parallel market at 12.

The bribes paid to the Defendants were made by Co-Defendant Gorrin by either paying invoices for the Defendants, making payments to individuals or entities at the direction of the Defendants, and by making payments into bank accounts controlled by the Defendants.   These payments were made via cash payments or via wire transfer from one bank account controlled by Co-Defendant Gorrin to an account controlled by the Defendants or to a bank account at the direction of the Defendants.   Some of the wire transfers of the illicit proceeds were transferred to bank accounts in the Southern District of Florida.   The bribe monies paid to the Defendants were the illicit proceeds from violations of the Foreign Corrupt Practices Act of 1977 ("FCPA") under Title 15, United States Code, Sections 78dd-2 and 78dd-3, and an offense against a foreign nation, specifically Venezuela, involving bribery of a public official and the misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official, in violation of Title 18, United States Code, Sections 1956(a)(2)(A).

### B.     Co-Conspirator Statements

#### 1.     Co-Conspirator Evidence to be Introduced at Trial

At trial, the United States intends to call as witnesses two co-conspirators, Witness 1[2] and Witness 2[3][4] who will testify concerning their involvement in the charged money laundering conspiracy and statements made by the Defendant Diaz, Defendant Velasquez, and Co-Defendant Gorrin in furtherance of the conspiracy.   In addition, the United States will introduce email communications amongst the co-conspirators, including Co-Defendant Gorrin, partners and assistants of Co-Defendant Gorrin, and Witness 1 and 2 concerning the bribery and money laundering scheme with Defendant Diaz and Defendant Velasquez.

#### 2.     Legal Standard: The Law Governing the Admissibility of Co-Conspirator Statements

The Federal Rules of Evidence provide that a statement is not hearsay if "the statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."   Fed.R.Evid. 801(d)(2)(E); *see also United States v. Blakey*, 960 F.2d 996, 998 (11th Cir 1992).   For a declaration by one co-conspirator to be admissible against another defendant, the government must establish by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy; and (3) that the statement was made during the course and in furtherance of the conspiracy.   *See* Fed. R. Evid. 801(d)(2)(E); *United States v. Magluta*, 418 F.3d 1166, 1177-78 (11th Cir. 2005).

---

[2] Due to witness security issues, the name of Witness 1 is anonymized here.   However, Witness 1 is the same witness identified in the United States' Notice Of Intent To Introduce Inextricably Intertwined/Rule 404(B) Evidence And Memorandum Of Law In Support Of Its Admission And Motion *In Limine* To Admit Evidence Pursuant To Rule 404(B), Docket Entry 148.

[3] Due to witness security issues, the name of Witness 2 is anonymized here.   The Government will provide the name of Witness 2 to counsel for the defendants and the Court on the date of this filing.

[4] The names of Witness 1 and Witness 2 were included in the Government's proposed witness list produced to counsel for the defendants October 3 and 21, 2022.

### a.      Proving the existence of the conspiracy

The government needs to first prove the existence of the conspiracy.   "In assessing whether the record is sufficient to demonstrate the existence of a single conspiracy, [the court] consider[s] whether a common goal existed, the nature of the underlying scheme, and the overlap of the participants."   *United States v. Reeves,* 742 F.3d 487, 497 (11th Cir. 2011).   "Courts typically define the common goal element as broadly as possible." *United States v. Moore*, 525 F.3d 1033, 1042 (11th Cir. 2008).   As for the "common" nature of the goal, the 11th Circuit has "repeatedly stated, 'common' for the purposes of this test means 'similar' or 'substantially the same' rather than 'shared' or 'coordinate.'" United States v. Calderon, 127 F.3d 1314, 1327 (11th Cir.1997).

### b.      Proving the defendant and declarant were members of the conspiracy

Second, the government needs to prove that the defendant and declarant were members of the conspiracy.   However, in providing the defendant and declarant were members of the conspiracy, that participation in such a conspiracy need not be proved by direct evidence, but rather, "may be inferred from a development and collocation of circumstances."   *Id.* Additionally, a defendant could still be found guilty of her involvement in a conspiracy if the evidence presented at trial shows that she was aware of the conspiracies essential nature, "even if he did not know all its details or played only a minor role in the scheme. *United States v. McNair*, 605 F.3d 1152, 1195–96 (11th Cir.2010) (quoting *United States v. Guerra*, 293 F.3d 1279, 1285 (11th Cir.2002)); *see also Toler*, 144 F.3d at 1428 (noting that, once a drug conspiracy has been shown to exist, "a defendant can be convicted even if his or her participation in the scheme is 'slight' by comparison to the actions of other co-conspirators").

c. **Proving the statement was made during the course and in furtherance of the conspiracy**

Third, the government needs to prove that the offered statement was made during the course of the conspiracy, and in furtherance of the conspiracy.  Even if the statement in furtherance of the conspiracy was made prior to a co-conspirator joining it, that declaration would still be admissible.  *United States v. Tombrello*, 666 F.2d 485, 491 (11th Cir.1982) ("[a] co conspirator's declaration made in the course and in furtherance of a conspiracy is admissible against a coconspirator, even one who may have joined the conspiracy after the statement was made.").  Further, a defendant's presence at the time of the statement need not be proven for the evidence to be admissible.  *Reeves,* 742 F.3 at 503 (the court in *Reeves* added that the presence of the defendant should only affect the weight the jury may afford the evidence, not it's admissibility).  Additionally, the conspiracy that forms the basis for admitting a co-conspirator's out of court statements need not be the same conspiracy for which the defendant is charged. *United States v. Bowe*, 221 F.3d 1183 (11th Cir. 2000); *Magluta*, 418 F.3d at 1179 n .5.

Other types of statements which may be admissible if made by a co-conspirator include where a statement is characterized as "puffing" or "boasting" (*United States v. Santiago*, 837 F.2d 1545 (11th Cir 1988)); a statement that identifies a co-conspirator or the role of that co-conspirator (*United States v. Thompson*, 976 F.2d 666, 670 (11th Cir. 1992)); a statement designed to gain the trust of a co-conspirator or potential co-conspirator, to reassure trustworthiness, or to allay suspicions or fears (*United States v. Posner*, 764 F.2d 1535, 1538) (11th Cir. 1985); or a statement made to a new or prospective member of a conspiracy to explain that conspiracy (*United States v. Monroe*, 866 F.2d 1357, 1363 (11th Cir. 1989); *United States v. Turner*, 871 F.2d 1574, 1581 (11th Cir. 1989).

3.      **Anticipated Testimony**

a.      **Witness 1 and Witness 2**

Witness 1 and Witness 2 will testify about the scheme they entered into with Defendant Diaz and Defendant Velasquez to pay bribes in order for Defendant Diaz to award Venezuelan foreign currency exchange contracts to Witness 1, Witness 2, and their entities.   During their testimony, they will discuss conversations and communications they had with Defendant Diaz, Defendant Velasquez, other co-conspirators, including Co-Defendant Gorrin, and associates and agents of Co-Defendant Gorrin, in furtherance of the schemes.   The government anticipates that Witness 1 and Witness 2 will testify about statements made by the following co-conspirators: Defendant Velasquez's brother and business partner Josmel Velasquez; Defendant Diaz's co-worker at the Venezuela National Treasury Angelica Barrios; Co-Defendant Gorrin, Co-Defendant Gorrin's brother-in-law and business partner Gustavo Perdomo, and Co-Defendant Gorrin's assistant Elizabeth Gouveia; and other unindicted co-conspirators.   These statements will include information about the bribe payments, the ONT contracts that were awarded as a result of the bribe scheme, arrangements for the bribe payments, bank accounts that were used in furtherance of the bribery scheme, companies that were used in furtherance of the bribery scheme, meetings and travel of co-conspirators in furtherance of the bribery scheme, and efforts made by the co-conspirators to conceal the bribery scheme.

b.      **Emails**

In addition, the government intends to admit evidence at trial obtained from e-mail service providers for e-mail accounts that were used by co-conspirators in furtherance of the conspiracy. Specifically, the government intends to admit at trial correspondence which includes include information about the bribe payments, the ONT contracts that were awarded as a result of the bribe

6

scheme, arrangements for the bribe payments, bank accounts that were used in furtherance of the bribery scheme, companies that were used in furtherance of the bribery scheme, meetings and travel of co-conspirators in furtherance of the bribery scheme, and efforts made by the co-conspirators to conceal the bribery scheme.   The co-conspirator statements the government intends to admit at trial will come from the following e-mail accounts:

| Email Account | Description of Email Account User |
|---|---|
| rgorrn@gmail.com | Email account operated by Co-Defendant Gorrin |
| rgorrn@me.com | Email account operated by Co-Defendant Gorrin |
| gouveiaelizabeth@gmail.com | Email account operated by Elizabeth Gouveia, Co-Defendant Gorrin's assistant |
| asesore001@gmail.com | Email account operated by an assistant of CO-Defendant Gorrin |
| asesore002@gmail.com | Email account operated by an assistant of Co-Defendant Gorrin |
| asesores003@gmail.com | Email account operated by an assistant of Co-Defendant Gorrin |
| Gustavoperdomo1@yahoo.com | Email account operated by co-conspirator Gustavo Perdomo |
| anbarrios25@gmail.com | Email account operated by co-conspirator Angelica Barrios |
| aljoa64@hotmail.com | Email account operated by co-conspirator Alejandro Andrade Cedeno |

### 4.     Rule 88.9 Certificate

Pursuant to Local Rule 88.9, the United States conferred with counsel for the defendants who advised that they oppose the *motion in limine* to admit co-conspirator statements.

### C.     The Proposed Summary Exhibit

### 1.     Legal Standard: The Law Governing the Admissibility of Summary Exhibits

Rules of Evidence provide that a party "may use a summary, chart, or calculation to prove

the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006 (2011).   "Summary charts are permitted generally by Federal Rule of Evidence 1006 and the decision whether to use them lies within the district court's discretion." *United States v. Richardson*, 233 F.3d 1285, 1293 (11th Cir. 2000).   Under that rule, "the essential requirement is not that the charts be free from reliance on any assumptions, but rather that these assumptions be supported by evidence in the record." Id. at 1294 (quoting United States v. Diez, 515 F.2d 892, 905 (5th Cir. 1975)).   The 11th Circuit has "affirmed the use of a summary chart where the Government complied with Rule 1006, the defendant had an opportunity to cross-examine the Government's witnesses about the chart, the defendant used the chart during the trial and was not prejudiced, and the district court gave a cautionary instruction to the jury regarding the use of the chart. *United States v. Cray*, 450 Fed.Appx. 923, 937 (11th Cir. 2012); *United States v. Hill*, 643 F.3d 807, 843 (11th Cir. 2011).

### 2.        The Summary Exhibit

The United States also intends to admit a summary exhibit at trial which will represent a fair and accurate summary of selected information from other exhibits the government will admit at trial.   The summary exhibit is marked as Government's Exhibit 1150 and was produced to counsel for the defendants on October 31, 2022.

The proposed summary exhibit will properly reflect the content of voluminous spreadsheets which the United States will admit at trial.   The summary exhibit will be admitted through a witness who will testify to the contents of the summary exhibit and who the attorneys for the defendant will be able to cross-examine.

### 3. Rule 88.9 Certificate

Pursuant to Local Rule 88.9, the United States conferred with counsel for the defendants who advised that they oppose the *motion in limine* to admit this summary exhibit. Additionally, counsel for the defendants stated that it was their position that the summary exhibit was inadmissible pursuant to the Federal Rules of Evidence.

### D. Conclusion

For the foregoing reasons, the United States gives notice of its intent to introduce at trial evidence of co-conspirator statements, statements the United States will introduce through witnesses and e-mails, as well as a summary exhibit, and moves *in limine* for the Court to admit the co-conspirator statements and summary exhibit.

Respectfully submitted,

GLENN S. LEON                              JUAN ANTONIO GONZALEZ
CHIEF, FRAUD SECTION                       UNITED STATES ATTORNEY

By: */s/ Michael Culhane Harper*          By: */s/ Kurt K. Lunkenheimer*
    MICHAEL CULHANE HARPER                KURT K. LUNKENHEIMER
    PAUL A. HAYDEN                        Assistant United States Attorney
    Trial Attorneys                       Court ID No. A5501535
    Fraud Section, Criminal Division      U.S. Attorney's Office - SDFL
    U.S. Department of Justice            99 N.E. 4th Street, Suite 600
    1400 New York Avenue, N.W.            Miami, FL 33132-2111
    Washington, D.C. 20005                Telephone: (305) 961-9008
    Telephone: 202-445-9850               Email: Kurt.Lunkenheimer@usdoj.gov
    Email: Michael.Harper@usdoj.gov
    Email: paul.hayden2@usdoj.gov

9