

**U.S. Department of Justice**
*United States Attorney*
*Southern District of Florida*

*Kurt K. Lunkenheimer*
*99 N.E. 4th Street*
*Miami, Florida 33132*
*(305) 961-9008*

February 22, 2021

Jeffrey Sloman, Esq.
Stumphauzer Foslid Sloman Ross & Kolaya, PLLC
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1600
Miami, FL 33131

Re:   PROFFER OF MAXIMILIAN ANDRÉS CAMINO BERAN

Dear Mr. Sloman:

You have indicated that your client, MAXIMILIAN ANDRÉS CAMINO BERAN, is interested in providing information regarding criminal activity of which he is aware. The Office of the United States Attorney for the Southern District of Florida and the Department of Justice, Criminal Division, Fraud Section (together, "the Offices") are willing to meet with Mr. CAMINO BERAN pursuant to the terms of this letter so that he can make a proffer to be evaluated by the Offices. This letter contains the terms and conditions which shall govern your client's statements to the Offices, and serves to document the ground rules for the debriefing by the Offices of your client. The parties understand and agree to the following:

1.   This is not a cooperation agreement. The Offices is in no way offering to confer a benefit upon Mr. CAMINO BERAN simply because he has agreed to submit to interviews, and to date, no agreement to impart a benefit upon Mr. CAMINO BERAN has been made by the Offices. Your client agrees that any rights that he may have under Federal Rules of Evidence Rule 410 and Federal Rules of Criminal Procedure Rule 11(f) are expressly waived.

2.   Mr. CAMINO BERAN knowingly and voluntarily agrees to answer all questions, and provide all information relating to criminal activity of which he is aware, in a complete, accurate and truthful manner.

3.   The Offices agree that no statements made by Mr. CAMINO BERAN during debriefings conducted pursuant to this agreement will be used directly against him in the Offices' case-in-chief at trial in a criminal prosecution in the Southern District of Florida or before the grand jury, except as set forth in the remainder of this agreement. Nothing in this agreement shall be interpreted to extend this limited grant of direct-use immunity beyond the grand jury, the Offices' case-in-



GOVERNMENT EXHIBIT
Case No.: 18-CR-80160-WPD
46

chief at trial and at sentencing, to the extent set forth in paragraph 7.

4. Statements pertaining in any way to crimes of violence are expressly excluded from the grant of direct-use immunity set forth above, and may be used against Mr. CAMINO BERAN in any proceeding or prosecution without limitation.

5. Should the Offices determine, in their sole and unreviewable discretion, that Mr. CAMINO BERAN has (a) failed to abide by the terms of this agreement, (b) made any statement that is untruthful, inaccurate, misleading or incomplete, (c) deliberately withheld material information, or (d) committed any violation of law after signing this agreement, the Offices shall be entitled to use any statements made by Mr. CAMINO BERAN during these debriefings against him in any prosecution or proceeding, including proceedings before the grand jury, without limitation.

6. The Offices also expressly reserve the right to use Mr. CAMINO BERAN's statements in any cross-examination of him or as impeachment evidence in the event that Mr. CAMINO BERAN testifies at any trial or proceeding.

7. The Offices also expressly reserve the right to use Mr. CAMINO BERAN's statements for any purpose at sentencing, including the calculation of the applicable guideline range, subject to the provisions of this paragraph. Therefore, as long as Mr. CAMINO BERAN (a) complies with the terms of this agreement, (b) does not lie to or mislead the Offices, any law enforcement or investigative agency, or the court in any way, (c) has not committed or been involved in any crime of violence, and (d) does not take a position at sentencing contrary to his statements to the Offices in his debriefing, the Offices, consistent with U.S.S.G. § 1B1.8, agree not to use as direct evidence at sentencing any statements made by Mr. CAMINO BERAN during these debriefings. The Offices expressly reserve the right to use at sentencing any evidence derived from Mr. CAMINO BERAN's statements.

8. Further, the Offices expressly reserve the right to pursue any and all investigative leads derived from Mr. CAMINO BERAN's statements during these debriefings, and to use such derivative evidence in any criminal or civil proceedings against him and/or other individuals. The Offices also expressly reserve the right to charge Mr. CAMINO BERAN with any federal crime committed by him that becomes known to the Office in the course of its investigation. Mr. CAMINO BERAN understands and agrees that this provision eliminates the necessity for a Kastigar hearing at which the Offices would have to prove that the evidence it would introduce at trial or present to the grand jury is not tainted by any statements made by Mr. CAMINO BERAN during these debriefings, and Mr. CAMINO BERAN waives any right to request such a hearing.

9. It is expressly understood and agreed that this letter shall in no way impart "transactional immunity" or "derivative use immunity" to Mr. CAMINO BERAN. It is also understood and agreed that nothing in this letter shall prevent the Offices from bringing charges against Mr. CAMINO BERAN in the future in the event that evidence other than his statements is developed, whether such evidence comes into the Offices' possession before or after meeting with Mr. CAMINO BERAN.

10. Mr. CAMINO BERAN agrees that he will not seek disqualification of any government attorney from any proceeding or prosecution because of that attorney's participation

at any debriefing.

11.  The entire agreement between the Offices and Mr. CAMINO BERAN is set forth in this letter. No additional promises, agreements, or conditions have been entered into and none will be entered into unless reduced to writing and signed by all parties. There are no agreements outside of the terms of this limited use immunity letter.

| DAN KAHN<br>ACTING CHIEF, FRAUD SECTION<br>Criminal Division<br>U.S. Department of Justice<br><br>By: *Paul A. Hayden*<br>        Paul A. Hayden<br>        Trial Attorney | ARIANA FAJARDO ORSHAN<br>UNITED STATES ATTORNEY<br><br><br>By: _____<br>        Kurt K. Lunkenheimer<br>        Assistant U.S. Attorney |
|---|---|

I am an attorney for MAXIMILIAN ANDRÉS CAMINO BERAN. I have explained to him the terms and conditions set forth and am satisfied that he understands and agrees to them.

Date: February 23, 2021

*Jeffrey H. Sloman*
Jeffrey Sloman, Esq.
Attorney for MAXIMILIAN ANDRÉS CAMINO BERAN

I, MAXIMILIAN ANDRÉS CAMINO BERAN, after having read the foregoing, and having it fully explained to me by my attorney, affirm that I understand the foregoing and voluntarily and knowingly agree that I will make a proffer under the terms and conditions set forth above. No other promises or inducements have been made to me other than those contained in this letter. I am satisfied with the representation of my attorney in this matter.

Date: February 23, 2021

MAXIMILIAN ANDRÉS CAMINO BERAN

The understanding set forth in paragraphs one through eleven above extends to the continuation of this proffer on the dates that appear below:

| Dates of continuation | Initials of counsel, client, AUSA, witness |
|---|---|
| 7/13/22 | RLL  *(signatures)* |
| 8/24/22 | RLL  *(signatures)* |
| 10/11/22 | RLL  *(signatures)* |
| 10/27/22 | RLL  *(signatures)* |