UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-80160-WPD

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN, and
ADRIAN JOSE VELASQUEZ FIGUEROA,

Defendants.

**UNITED STATES' MOTION FOR SECOND
PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America, by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Second Preliminary Order of Forfeiture against Defendants Claudia Patricia Diaz Guillen ("Diaz") and Adrian Jose Velasquez Figueroa ("Velasquez") (collectively, the "Defendants") in the above-captioned matter. The United States seeks to forfeit all assets held within a blocked account at JP Morgan Chase Bank. In support of this motion, the United States provides the following factual and legal bases.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

   A.   **Procedural Background**

   1.   On December 15, 2020, a federal grand jury returned a Superseding Indictment charging the Defendants in Count 2 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and in Counts 9-10 with money

laundering in violation of 18 U.S.C. § 1956(a)(2)(A). Superseding Indictment, ECF No. 44.

2. The Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, "the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and/or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1)." *See id.* at 18.

3. On December 13, 2022, after a trial, a jury returned a verdict convicting Diaz on Counts 2 (conspiracy to commit money laundering) and 10 (money laundering), and Velasquez on Counts 2, 9 (money laundering), and 10. *See* Trial Minute Entries, ECF Nos. 275-76, 278-79, 281, 286, 292, 295, 298, 300, 304, 307; Jury Verdict, ECF No. 310.

4. On April 19, 2023, the Court entered a Preliminary Order against the Defendants, imposing a forfeiture money judgment against them in the amount of $136,752,007.46. *See* Preliminary Order of Forfeiture at 10, ECF No. 368.

5. The Court further found that the United States had satisfied the elements of 21 U.S.C. § 853(p) and authorized the United States to forfeit substitute property from the Defendants. *Id.*

6. And the Court retained jurisdiction "to forfeit additional specific property when identified."[1] *Id.* at 11.

---

[1] Notwithstanding Defendants' appeal, this Court retains jurisdiction to enter orders forfeiting substitute assets. *United States v. Hurley*, 63 F.3d 1, 23-24 (1st Cir. 1995)

### B. Property to be Forfeited

7. On or about November 26, 2018, Defendant Velasquez attempted to wire approximately $1,291,902.66 from Reyl & Cie, a bank in Switzerland, to a PNC Bank located in the United States. *See* Ex. A.

8. That transfer, however, was blocked by the intermediary bank, JP Morgan Chase Bank ("JPMC"). *Id.*

9. Subsequently, JPMC moved the blocked funds into "Account No. 000000550352493, held in the name of HOLD – INTERNAL BLK ACC REYL & CIE SA, SWITZERLAND - PI-VENEZUELA." According to JPMC, that account holds only the approximately $1,291,902.66 plus accrued interest (the "Property").

10. The United States now seeks to forfeit all assets on deposit in JPMC's internal blocked account identified in paragraph 9, inclusive of accrued interest.[2]

---

(court retains authority to order forfeiture of substitute assets after appeal is filed); *United States v. Louthian*, 2013 WL 3007174, at *1 (W.D. Va. Apr. 15, 2013) ("Entry of a notice of appeal does not divest a district court of jurisdiction to issue an order forfeiting substitute property."), *aff'd*, 756 F.3d 295 (4th Cir. 2014); *see also United States v. Carpenter*, 941 F.3d 1, 5-6 (1st Cir. 2019) (appeal did not divest district court of jurisdiction to enter forfeiture order). In any event, Defendants did not appeal forfeiture in this case; indeed, on appeal they wrote, "[t]he parties stipulated to a forfeiture amount of $136,752,007." Br. for Ap., *United States v. Diaz*, Case No. 23-11346 (11th Cir. filed Sept. 25, 2024) [Dkt No. 58].

[2] The Office of Foreign Assets Control has issued License No. VENEZUELA-EO13850-2024-1185278-1 to the Government to seize and forfeit the Property.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

The Court already has entered a Preliminary Order of Forfeiture imposing a forfeiture money judgment against the Defendants in the amount of $136,752,007.46 [ECF No. 368]. To date, the Government has not been able to forfeit any property—traceable or otherwise—and that judgment remains fully outstanding.

In addition, the Court already has authorized the United States to forfeit substitute property under 21 U.S.C. § 853(p). *See* Preliminary Order of Forfeiture at 10. Substitute-asset forfeiture now is mandatory; once the § 853(p) factors are satisfied, the Court must order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Duboc*, 694 F.3d 1223, 1226 (11th Cir. 2012) ("Section 853(p) provides that where the government proves that it was entitled to forfeiture, but the specific property is no longer available, the district court shall order the forfeiture of substitute assets."); *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset). "Section 853(p) is not discretionary; rather, the statute mandates forfeiture of substitute assets 'when the tainted property has been placed beyond the reach of a forfeiture.'" *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006).

Any and all of a defendant's property may be forfeited as substitute property. *Fleet*, 498 F.3d at 1229 ("In describing the substitute property that may be forfeited, Congress spoke broadly in commanding that 'the court shall order the forfeiture of

4

any other property of the defendant' 'The word 'shall' does not convey discretion. It is not a leeway word,' but a word of command. The word 'any' is not susceptible to fudging either. As the Supreme Court and this Court have said on numerous occasions, 'any' is a powerful and broad word. It does not mean some or all but a few, but instead means all.") (citations omitted); *see also United States v. Knowles*, 819 F. App'x 781, 783 (11th Cir. 2020) ("Rule 32.2(e) further provides that, if the government shows that the defendant's property is subject to forfeiture as substitute property, the court *must* enter an order forfeiting that property.") (emphasis added). As the Seventh Circuit stated, "the substitute forfeiture provision of 21 U.S.C. § 853 subjects [defendant's] every last penny to forfeiture." *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003); *Knowles*, 819 F. App'x at 783-84 (rejecting argument that substitute forfeiture unavailable because the government did not present evidence that the property was traceable to criminal conduct, because "[b]y definition, substitute property can be 'any' property.").

Here, the forfeiture money judgment remains fully outstanding. The United States now seeks to forfeit the Property as substitute property. Based on the above-cited caselaw, that forfeiture is mandatory.

Accordingly, the Court should issue the attached proposed order, which provides for the forfeiture of all assets on deposit in Account No. 000000550352493, held in the name of HOLD – INTERNAL BLK ACC REYL & CIE SA, SWITZERLAND - PI-VENEZUELA, at JPMorgan Chase Bank, inclusive of interest through and including the date the United States takes custody.

5

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel sought to confer with defense counsel via e-mail regarding the Defendants' position on the relief sought.

On April 21, 2025, undersigned counsel emailed defense counsel with a copy of this motion, requesting Defendants' position. Undersigned counsel followed up regarding the Defendants' position in emails sent on April 24, 30, and May 5, 2025.

In response, in emails sent on April 24 and May 5, 2025, defense counsel indicated that they were waiting to speak to their clients, but had "[n]o" anticipated time when they would speak to them because the defendants are "in prison," legal calls need to be scheduled, and it takes time to get a response. Defense counsel did not provide a date or timeframe when they could provide a position to the motion.

                Respectfully submitted,

                HAYDEN P. O'BYRNE
                UNITED STATES ATTORNEY

By:   *Joshua Paster*
        Joshua Paster
        Court ID No. A5502616
        Assistant United States Attorney
        99 N.E. 4th Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9342
        Facsimile: (305) 536-4089
        joshua.paster@usdoj.gov

        *Counsel for United States of America*