UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-80160-WPD

UNITED STATES OF AMERICA

v.

CLAUDIA PATRICIA DIAZ GUILLEN, and
ADRIAN JOSE VELASQUEZ FIGUEROA,

Defendants.

## SECOND PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Second Preliminary Order of Forfeiture ("Motion") against Defendants Claudia Patricia Diaz Guillen ("Diaz") and Adrian Jose Velazquez Figueroa ("Velazquez") (collectively, the "Defendants"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

1. On December 15, 2020, a federal grand jury returned a Superseding Indictment charging the Defendants in Count 2 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and in Counts 9-10 with money laundering in violation of 18 U.S.C. § 1956(a)(2)(A). Superseding Indictment, ECF No. 44.

2. The Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, "the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and/or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1)." *See id.* at 18.

3. On December 13, 2022, after a trial, a jury returned a verdict convicting Diaz on Counts 2 (conspiracy to commit money laundering) and 10 (money laundering), and Velasquez on

Counts 2, 9 (money laundering), and 10. *See* Trial Minute Entries, ECF Nos. 275-76, 278-79, 281, 286, 292, 295, 298, 300, 304, 307; Jury Verdict, ECF No. 310.

4. On April 19, 2023, the Court entered a Preliminary Order against the Defendants, imposing a forfeiture money judgment against them in the amount of $136,752,007.46. *See* Preliminary Order of Forfeiture at 10, ECF No. 368.

5. The Court further found that the United States had satisfied the elements of 21 U.S.C. § 853(p) and authorized the United States to forfeit substitute property from the Defendants. *Id.*

6. And the Court retained jurisdiction "to forfeit additional specific property when identified." *Id.* at 11.

7. On or about November 26, 2018, Defendant Velasquez attempted to wire approximately $1,291,902.66 from Reyl & Cie, a bank in Switzerland, to a PNC Bank located in the United States. *See* Mot. Ex. A.

8. That transfer, however, was blocked by the intermediary bank, JP Morgan Chase Bank ("JPMC"). *Id.*

9. Subsequently, JPMC moved the blocked funds into "Account No. 000000550352493, held in the name of HOLD – INTERNAL BLK ACC REYL & CIE SA, SWITZERLAND - PI-VENEZUELA." According to JPMC, that account holds only the approximately $1,291,902.66 plus accrued interest (the "Property").

10. The United States now seeks to forfeit all assets on deposit in JPMC's internal blocked account identified in paragraph 9, inclusive of accrued interest.

The Court already has entered a Preliminary Order of Forfeiture imposing a forfeiture money judgment against the Defendants in the amount of $136,752,007.46 [ECF No. 368]. To

date, the Government has not been able to forfeit any property—traceable or otherwise—and that judgment remains fully outstanding.

In addition, the Court already has authorized the United States to forfeit substitute property under 21 U.S.C. § 853(p). *See* Preliminary Order of Forfeiture at 10. Substitute-asset forfeiture now is mandatory; once the § 853(p) factors are satisfied, the Court must order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Duboc*, 694 F.3d 1223, 1226 (11th Cir. 2012) ("Section 853(p) provides that where the government proves that it was entitled to forfeiture, but the specific property is no longer available, the district court shall order the forfeiture of substitute assets."); *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset). "Section 853(p) is not discretionary; rather, the statute mandates forfeiture of substitute assets 'when the tainted property has been placed beyond the reach of a forfeiture.'" *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006).

Any and all of a defendant's property may be forfeited as substitute property. *Fleet*, 498 F.3d at 1229 ("In describing the substitute property that may be forfeited, Congress spoke broadly in commanding that 'the court shall order the forfeiture of any other property of the defendant' 'The word 'shall' does not convey discretion. It is not a leeway word,' but a word of command. The word 'any' is not susceptible to fudging either. As the Supreme Court and this Court have said on numerous occasions, 'any' is a powerful and broad word. It does not mean some or all but a few, but instead means all.") (citations omitted); *see also United States v. Knowles*, 819 F. App'x 781, 783 (11th Cir. 2020) ("Rule 32.2(e) further provides that, if the government shows that the defendant's property is subject to forfeiture as substitute property, the court *must* enter an order forfeiting that property.") (emphasis added). As the Seventh Circuit stated, "the substitute

forfeiture provision of 21 U.S.C. § 853 subjects [defendant's] every last penny to forfeiture." *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003); *Knowles*, 819 F. App'x at 783-84 (rejecting argument that substitute forfeiture unavailable because the government did not present evidence that the property was traceable to criminal conduct, because "[b]y definition, substitute property can be 'any' property.").

Here, the forfeiture money judgment remains fully outstanding. The United States now seeks to forfeit the Property as substitute property. Based on the above-cited caselaw, that forfeiture is mandatory.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America:

    i. all assets on deposit in Account No. 000000550352493, held in the name of HOLD – INTERNAL BLK ACC REYL & CIE SA, SWITZERLAND - PI-VENEZUELA, at JPMorgan Chase Bank, inclusive of interest through and including the date the United States takes custody.

2. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this _____ day of May 2025.

_____
HON. WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE